# EXHIBIT 1

J. DAVID HADDEN (CSB No. 176148)
dhadden@fenwick.com
SAINA S. SHAMILOV (CSB No. 215636)
sshamilov@fenwick.com
TODD R. GREGORIAN (CSB No. 236096)
tgregorian@fenwick.com
PHILLIP J. HAACK (CSB No. 262060)
phaack@fenwick.com
RAVI R. RANGANATH (CSB No. 272981)
rranganath@fenwick.com
SHANNON E. TURNER (CSB No. 310121)
sturner@fenwick.com
CHIEH TUNG (CSB No. 318963)
ctung@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

Counsel for Defendant
TWITCH INTERACTIVE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE PERSONALWEB TECHNOLOGIES, LLC, ET AL., PATENT LITIGATION

Case No. 5:18-md-02834-BLF

PERSONALWEB TECHNOLOGIES, LLC and LEVEL 3 COMMUNICATIONS, LLC,

Plaintiffs,

v.

TWITCH INTERACTIVE, INC.,

Defendant.

Case No. 5:18-cv-05619-BLF

**DEFENDANT TWITCH INTERACTIVE, INC.'S RESPONSES AND OBJECTIONS TO PERSONALWEB TECHNOLOGIES, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION**

PROPOUNDING PARTY: PERSONALWEB TECHNOLOGIES, INC.

RESPONDING PARTY: TWITCH INTERACTIVE, INC.

SET NUMBER: ONE (1-34)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Twitch Interactive, Inc. (hereafter, "Twitch"), by and through their counsel, hereby responds to Plaintiffs, of Personal Web Technologies, LLC ("PersonalWeb"), First Set of Requests for Production (Nos. 1-34) as follows:

**GENERAL OBJECTIONS**

The following general objections are stated with respect to each and every document request whether or not specifically identified in response thereto. To the extent any of these general objections are not raised in any particular response, Twitch does not waive those objections.

1. Twitch objects to each and every definition and request as overly broad, unduly burdensome, and not proportional to the needs of the case because they are not limited to a specific geographic area. Twitch will only provide discovery with respect to the United States.

2. Twitch objects to the definitions of "You," "Your," or "Twitch" because it seeks to broaden the scope of allowable discovery and seeks information that is not within the possession, custody, or control of Twitch, but is in the possession of third-parties and non-parties to this lawsuit. Twitch further objects to the definition of these terms to the extent it includes Twitch's attorneys and patent agents and seeks privileged and attorney-work product information. Twitch will interpret these terms as referring to Twitch Interactive, Inc. only.

3. Twitch objects to the definition of "Fingerprint" as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case, as it does not identify the item or feature with specificity. Twitch will interpret this term as a Ruby on Rails fingerprint or a similar value that is calculated via a hash algorithm and that renders the name of a file dependent on the contents of the file.

5. Twitch objects to the definition of "Meeting" as overly broad and unduly burdensome, vague and ambiguous, not proportional to the needs of this case, and failing to describe the information sought with reasonable particularity.

6. Twitch objects to the definition of "Identify" and "Identity" as overly broad and unduly burdensome, vague and ambiguous, not proportional to the needs of this case, and failing to describe the information sought with reasonable particularity. Twitch will interpret these terms

FENWICK & WEST LLP
ATTORNEYS AT LAW

as "List the person, entity, or document" and "the name, term, or number referring to the person, entity, or document," respectively.

7. Twitch objects to the definition of "Document" as overly broad and unduly burdensome, vague and ambiguous, not proportional to the needs of this case, and failing to describe the information sought with reasonable particularity. Twitch will not search for documents that are not within its possession, custody, or control.

8. Twitch objects to the definition of "Thing" as overly broad and unduly burdensome, vague and ambiguous, not proportional to the needs of this case, and failing to describe the information sought with reasonable particularity.

9. Twitch objects to the definition of "Cache-Busting" as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case as it does not identify the item or feature with specificity, and PersonalWeb does not explain what is meant by "valid" content.

10. Twitch objects to these requests and definitions to the extent that they seek to impose duties beyond those required by the Federal Rules of Civil Procedure and the Local Rules of this district. Twitch's responses shall be made only in accordance with the applicable rule(s).

11. Twitch objects to these requests to the extent that they seek information equally available to PersonalWeb in the public domain or that is already in the possession, custody, or control of PersonalWeb.

12. Twitch objects to these requests to the extent that they seek information that is in the possession, custody, or control of parties over whom Twitch has no control.

13. Twitch objects to each and every instruction, definition, and request to the extent that it seeks the disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, immunity, or protection, as provided by any applicable law. Twitch does not intend to disclose such privileged or protected information. Twitch's inadvertent disclosure of any such information should not be deemed a waiver of any privilege, immunity, or protection, and Twitch expressly reserves the right to object to the introduction at trial or to any other use of such information that may be inadvertently disclosed.

Twitch objects to discovery of attorney-client privileged communications after the filing of this lawsuit and to discovery of work-product materials generated after the filing of this lawsuit.

14. Twitch objects to these requests to the extent they seek information concerning Amazon CloudFront. CloudFront is not accused in PersonalWeb's counterclaim against Amazon.com, Inc. or Amazon Web Services, Inc. (collectively "Amazon") or in any of the complaints against Amazon's customers, including Twitch; it is accordingly outside the scope of discovery in this case. Moreover, PersonalWeb does not have standing to bring claims against CloudFront. (*See* Reply in Support of Motion of Amazon.com, Inc.'s and Amazon Web Services, Inc. for Summary Judgment Claims and Defenses Under the Claim Preclusion and Kessler Doctrine (Dkt. No. 350) ("Reply") at 8-10.) To the extent Twitch provides discovery on CloudFront, it does so explicitly without waiver of this objection.

15. Twitch objects to these requests to the extent they seek information concerning Amazon Simple Storage System (S3). PersonalWeb's infringement claims against Amazon and its customers, including Twitch, are barred by the doctrine of claim preclusion and the Supreme Court's decision in *Kessler v. Eldred*, 206 U.S. 285 (1907). (*See* Order Granting in Part and Denying in Part Amazon's Motion for Summary Judgment dated March 13, 2019 ("Summary Judgment Order").) As such, any discovery concerning S3 is outside the scope of discovery in this case. To the extent Twitch provides discovery on S3, it does so explicitly without waiver of this objection.

16. Twitch objects to these requests to the extent they purport to include email. Email production is not required in patent cases, and any request for email is unduly burdensome and not proportional to the needs of the case. *See, e.g.*, Court's [Model] Stipulation & Order Re: Discovery of Electronically Stored Information for Patent Litigation ("General ESI production requests . . . shall not include email or other forms of electronic correspondence.").

17. The responses given herein shall not be deemed to waive any claim of privilege or immunity Twitch may have as to any response, document, or thing, or any question or right of objection as to authenticity, competency, relevancy, materiality, admissibility, or any other objection Twitch may have as to a demand for further response to these or other requests, or to any

objection to the use of such information, documents, or things in any other proceeding filed after the production of such information or documents.

18. Nothing contained herein may be construed as an admission relative to the existence or non-existence of any document, and no response may be construed as an admission with respect to the relevancy or admissibility in evidence of any statement or characterization contained in these requests or respecting the authenticity, competency, relevancy, materiality, or admissibility of any document or thing referenced by these requests.

19. Discovery in this matter is ongoing and Twitch reserves the right to revise or supplement any response herein.

20. These General Objections are applicable to and are incorporated in each specific response herein without further reference. The inclusion of specific objection(s) in response to any Requests for Production shall not be construed as a waiver of such objection(s), or any of these objections, in any other response.

## RESPONSES AND OBJECTIONS

Subject to the foregoing General Objections, which are incorporated by reference as if set forth fully in each and every response, Twitch also specifically responds and objects to the Document Request as follows:

**REQUEST FOR PRODUCTION NO. 1:**

All documents showing how You used Content-Based ETags during the Relevant Time Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Twitch incorporates by reference its General Objections as if fully set forth herein. To the extent this request seeks information protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection, Twitch objects to it and will not provide any such information in response. If any information responsive to this request is subject to any confidentiality obligations owed by Twitch to any third party, Twitch will provide such information only after it complies with those obligations, and, if necessary, only after it obtains the required

permission to do so from the third party.

Twitch objects to this request as vague and ambiguous, not relevant to any claim or defense in this action and not proportional to the needs of the case as it lacks geographic limitations. Twitch will only respond with respect to the United States.

Twitch objects to the term "You" on the basis identified in the General Objections above and incorporates this basis herein. Twitch will interpret this term to refer to Twitch Interactive, Inc. only.

Twitch objects to the undefined term "Content-Based ETags" as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case, as it does not identify the items or features with specificity. Twitch will interpret this term as ETags calculated based on contents of a corresponding file.

Twitch objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in seeking all documents concerning how Twitch used "Content-Based ETags."

Twitch objects to this request to the extent it is duplicative of other discovery requests, including but not limited to Interrogatory No. 1.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch will produce non-privileged, non-protected documents sufficient to how the www.twitch.tv website used ETags calculated based on contents of a corresponding file in HTTP requests during the time period of January 8, 2012 to December 26, 2016 for the United States, to the extent such documents exist in Twitch's possession, custody, or control and can be identified upon a reasonable search.

Investigation and discovery are ongoing, and Twitch reserves the right to supplement, amend, or modify its response to this request as additional facts are learned and as otherwise appropriate.

**<u>REQUEST FOR PRODUCTION NO. 2</u>:**

All documents identifying each major piece of software or hardware You used during the Relevant Time Period to generate, store or serve a Content-Based ETag or to process an HTTP

request that included the Content-Based ETag.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Twitch incorporates by reference its General Objections as if fully set forth herein. To the extent this request seeks information protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection, Twitch objects to it and will not provide any such information in response. If any information responsive to this request is subject to any confidentiality obligations owed by Twitch to any third party, Twitch will provide such information only after it complies with those obligations, and, if necessary, only after it obtains the required permission to do so from the third party.

Twitch objects to this request as vague and ambiguous, not relevant to any claim or defense in this action and not proportional to the needs of the case as it lacks geographic limitations. Twitch will only respond with respect to the United States.

Twitch objects to the term "You" on the basis identified in the General Objections above and incorporates this basis herein. Twitch will interpret this term to refer to Twitch Interactive, Inc. only.

Twitch objects to the undefined term "Content-Based ETags" as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case, as it does not identify the items or features with specificity. Twitch will interpret this phrase as ETags calculated based on contents of a corresponding file. Twitch further objects to the undefined term "major piece of software or hardware" as overly broad, unduly burdensome, vague, and ambiguous, as it does not identify the information sought with sufficient particularity.

Twitch objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in seeking all documents concerning "each major piece of software or hardware" used to generate ETags calculated based on contents of a corresponding file.

Twitch objects to this request to the extent it is duplicative of other discovery requests, including but not limited to Interrogatory No. 1 and Request for Production No. 1.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch will produce non-privileged, non-protected documents sufficient to show the www.twitch.tv website used ETags calculated based on contents of a corresponding file in HTTP requests during the time period of January 8, 2012 to December 26, 2016 for the United States, to the extent such documents exist in Twitch's possession, custody, or control and can be identified upon a reasonable search.

Investigation and discovery are ongoing, and Twitch reserves the right to supplement, amend, or modify its response to this request as additional facts are learned and as otherwise appropriate.

**REQUEST FOR PRODUCTION NO. 3:**

All documents showing how You used a Fingerprint during the Relevant Time Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Twitch incorporates by reference its General Objections as if fully set forth herein. To the extent this request seeks information protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection, Twitch objects to it and will not provide any such information in response. If any information responsive to this request is subject to any confidentiality obligations owed by Twitch to any third party, Twitch will provide such information only after it complies with those obligations, and, if necessary, only after it obtains the required permission to do so from the third party.

Twitch objects to this request as vague and ambiguous, not relevant to any claim or defense in this action and not proportional to the needs of the case as it lacks geographic limitations. Twitch will only respond with respect to the United States.

Twitch objects to the terms "Fingerprint" and "You" on the bases identified in the General Objections above and incorporates those bases herein. Twitch will interpret these terms as a Ruby on Rails fingerprint or a similar value that is calculated via a hash algorithm and that renders the name of a file dependent on the contents of the file and Twitch Interactive, Inc., respectively.

Twitch objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in seeking all documents concerning Twitch's use of Ruby on Rails

fingerprints or similar values.

Twitch objects to this request to the extent it is duplicative of other discovery requests, including but not limited to Interrogatory No. 2.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch will produce non-privileged, non-protected documents sufficient to show the www.twitch.tv website used a Ruby on Rails fingerprint or a similar value that is calculated via a hash algorithm and that renders the name of a file dependent on the contents of the file in HTTP requests during the time period of January 8, 2012 to December 26, 2016 for the United States, to the extent such documents exist in Twitch's possession, custody, or control and can be identified upon a reasonable search.

Investigation and discovery are ongoing, and Twitch reserves the right to supplement, amend, or modify its response to this request as additional facts are learned and as otherwise appropriate.

**REQUEST FOR PRODUCTION NO. 4:**

All documents identifying each major piece of software or hardware used during the Relevant Time Period to generate, store or serve a Fingerprint or to process an HTTP request that included the Fingerprint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Twitch incorporates by reference its General Objections as if fully set forth herein. To the extent this request seeks information protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection, Twitch objects to it and will not provide any such information in response. If any information responsive to this request is subject to any confidentiality obligations owed by Twitch to any third party, Twitch will provide such information only after it complies with those obligations, and, if necessary, only after it obtains the required permission to do so from the third party.

Twitch objects to this request as vague and ambiguous, not relevant to any claim or defense in this action and not proportional to the needs of the case as it lacks geographic limitations. Twitch

FENWICK & WEST LLP
ATTORNEYS AT LAW

TWITCH'S RESPONSES AND OBJECTIONS TO
FIRST SET OF REQUESTS FOR PRODUCTION

8

CASE NO. 5:18-md-02834-BLF
CASE NO. 5:18-cv-05619-BLF

will only respond with respect to the United States.

Twitch objects to the term "Fingerprint" on the basis identified in the General Objections above and incorporates this basis herein. Twitch will interpret this term as a Ruby on Rails fingerprint or a similar value that is calculated via a hash algorithm and that renders the name of a file dependent on the contents of the file.

Twitch further objects to the undefined term "major piece of software or hardware" as overly broad, unduly burdensome, vague, and ambiguous, as it does not identify the information sought with sufficient particularity.

Twitch objects to this request to the extent it is duplicative of other requests, including but not limited to Interrogatory No. 3.

Twitch objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in seeking all documents concerning "each major piece of software or hardware" used in connection with Ruby on Rails fingerprints or similar values and processing HTTP requests including such fingerprints.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch will produce non-privileged, non-protected documents sufficient to show the www.twitch.tv website used a Ruby on Rails fingerprint or a similar value that is calculated via a hash algorithm and that renders the name of a file dependent on the contents of the file in HTTP requests during the time period of January 8, 2012 to December 26, 2016 for the United States, to the extent such documents exist in Twitch's possession, custody, or control and can be identified upon a reasonable search.

Investigation and discovery are ongoing, and Twitch reserves the right to supplement, amend, or modify its response to this request as additional facts are learned and as otherwise appropriate.

**REQUEST FOR PRODUCTION NO. 5:**

All documents discussing why You used a Content-Based ETag during the Relevant Time Period including but not limited to any reason or advantage factored into Your decision to use a Content-Based ETag.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Twitch incorporates by reference its General Objections as if fully set forth herein. To the extent this request seeks information protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection, Twitch objects to it and will not provide any such information in response. If any information responsive to this request is subject to any confidentiality obligations owed by Twitch to any third party, Twitch will provide such information only after it complies with those obligations, and, if necessary, only after it obtains the required permission to do so from the third party.

Twitch objects to this request as vague and ambiguous, not relevant to any claim or defense in this action and not proportional to the needs of the case as it lacks geographic limitations. Twitch will only respond with respect to the United States.

Twitch objects to the terms "You" and "Your" on the basis identified in the General Objections above and incorporates those bases herein. Twitch will interpret these term as Twitch Interactive, Inc.

Twitch objects to the term "Content-Based Etags" as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case, as it does not identify the items or features with specificity. Twitch will interpret this term as ETags calculated based on contents of a corresponding file. Twitch further objects to the term "advantage" as overly broad, unduly burdensome, vague, and ambiguous.

Twitch objects to this request to the extent it is duplicative of other requests, including but not limited to Interrogatory No. 3 and Request For Production Nos. 1-2.

Twitch objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in seeking all documents relating to why Twitch used ETags calculated based on contents of a corresponding file.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch will produce non-privileged, non-protected documents sufficient to show any benefits of using ETags calculated based on contents of a corresponding file on the www.twitch.tv

website during the time period of January 8, 2012 to December 26, 2016 for the United States, to the extent such documents exist in Twitch's possession, custody, or control and can be identified upon a reasonable search.

Investigation and discovery are ongoing, and Twitch reserves the right to supplement, amend, or modify its response to this request as additional facts are learned and as otherwise appropriate.

**REQUEST FOR PRODUCTION NO. 6:**

All documents discussing why You used a Fingerprint during the Relevant Time Period including but not limited to any reason or advantage factored into Your decision to use a Fingerprint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Twitch incorporates by reference its General Objections as if fully set forth herein. To the extent this request seeks information protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection, Twitch objects to it and will not provide any such information in response. If any information responsive to this request is subject to any confidentiality obligations owed by Twitch to any third party, Twitch will provide such information only after it complies with those obligations, and, if necessary, only after it obtains the required permission to do so from the third party.

Twitch objects to this request as vague and ambiguous, not relevant to any claim or defense in this action and not proportional to the needs of the case as it lacks geographic limitations. Twitch will only respond with respect to the United States.

Twitch objects to the terms "You," "Your," and "Fingerprint" on the bases identified in the General Objections above and incorporates those bases herein. Twitch will interpret the first two terms as Twitch Interactive, Inc. and the third as a Ruby on Rails fingerprint or a similar value that is calculated via a hash algorithm and that renders the name of a file dependent on the contents of the file. Twitch objects to the term "advantage" as overly broad, unduly burdensome, vague, and ambiguous.

Twitch objects to this request to the extent it is duplicative of other requests, including but not limited to Interrogatory No. 3, and Request For Production Nos. 3-4.

Twitch objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in seeking all documents relating to why Twitch used Ruby on Rails fingerprint or a similar value.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch will produce non-privileged, non-protected documents sufficient to show any benefits of using Fingerprints calculated based on contents of a corresponding file on the www.twitch.tv website during the time period of January 8, 2012 to December 26, 2016 for the United States, to the extent such documents exist in Twitch's possession, custody, or control and can be identified upon a reasonable search.

Investigation and discovery are ongoing, and Twitch reserves the right to supplement, amend, or modify its response to this request as additional facts are learned and as otherwise appropriate.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents including, but not limited to, deposition testimony summarizing your net income, gross revenue, costs of goods sold, and/or operating expenses during the Relevant Time Period, broken out monthly or by the lowest level of temporal aggregation maintained in the ordinary course of business, for each distinct source of revenue that you track in the ordinary course of business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Twitch incorporates by reference its General Objections as if fully set forth herein. To the extent this request seeks information protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection, Twitch objects to it and will not provide any such information in response. If any information responsive to this request is subject to any confidentiality obligations owed by Twitch to any third party, Twitch will provide such information only after it complies with those obligations, and, if necessary, only after it obtains the required

permission to do so from the third party.

Twitch objects to this request as vague and ambiguous, not relevant to any claim or defense in this action and not proportional to the needs of the case as it lacks geographic limitations. Twitch will only respond with respect to the United States.

Twitch objects to the term "you" on the basis identified in the General Objections above and incorporates this basis herein. Twitch will interpret this term as Twitch Interactive, Inc.

Twitch objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in seeking all documents relating to Twitch's income, revenue, costs of goods sold, and operating expenses.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch will produce non-privileged, non-protected documents sufficient to show revenue and cost information from the www.twitch.tv website during the time period of January 8, 2012 to December 26, 2016 for the United States, to the extent such documents exist in Twitch's possession, custody, or control and can be identified upon a reasonable search.

Investigation and discovery are ongoing, and Twitch reserves the right to supplement, amend, or modify its response to this request as additional facts are learned and as otherwise appropriate.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents including, but not limited to, deposition testimony summarizing Your volume of website data traffic in terms of the number of HTTP messages, number of bytes, or both, sent with Content-Based ETags and/or Fingerprints during the Relevant Time Period, broken out monthly or by the lowest level of temporal aggregation maintained in the ordinary course of business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Twitch incorporates by reference its General Objections as if fully set forth herein. To the extent this request seeks information protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection, Twitch objects to it and will not provide any such

information in response. If any information responsive to this request is subject to any confidentiality obligations owed by Twitch to any third party, Twitch will provide such information only after it complies with those obligations, and, if necessary, only after it obtains the required permission to do so from the third party.

Twitch objects to this request as vague and ambiguous, not relevant to any claim or defense in this action and not proportional to the needs of the case as it lacks geographic limitations. Twitch will only respond with respect to the United States.

Twitch objects to the terms "Your" and "Fingerprints" on the bases identified in the General Objections above and incorporates those bases herein. Twitch will interpret these terms as Twitch Interactive, Inc. and a Ruby on Rails fingerprint or a similar value that is calculated via a hash algorithm and that renders the name of a file dependent on the contents of the file," respectively.

Twitch objects to the undefined term "Content-Based Etags" as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case, as it does not identify the items or features with specificity. Twitch will interpret this term as ETag calculated based on contents of a corresponding file.

Twitch objects to this request to the extent it is duplicative of other requests, including but not limited to Interrogatory No. 6 and Request For Production Nos. 1 and 3.

Twitch objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in seeking all documents relating to website data sent with Ruby on Rails fingerprints or a similar value, and ETags calculated based on contents of a corresponding file.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch does not have information in its possession, custody, or control reflecting the number of requests or responses with ETags in HTTP 200 message headers or HTTP 304 messages from January 8, 2012 through December 26, 2016.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents including, but not limited to, deposition testimony reflecting any study regarding cache busting from any standpoint including but not limited to any impact, benefit, advantage or effect of using cache busting in relation to user experience, competitiveness, revenue

generation, cost savings, cost savings, or any financial or technical advantage.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Twitch incorporates by reference its General Objections as if fully set forth herein. To the extent this request seeks information protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection, Twitch objects to it and will not provide any such information in response. If any information responsive to this request is subject to any confidentiality obligations owed by Twitch to any third party, Twitch will provide such information only after it complies with those obligations, and, if necessary, only after it obtains the required permission to do so from the third party.

Twitch objects to this request as vague and ambiguous, not relevant to any claim or defense in this action and not proportional to the needs of the case as it lacks temporal and geographic limitations. Twitch will only respond with respect to the time period from January 8, 2012 until December 26, 2016 and the United States.

Twitch objects to the undefined terms "study" and "standpoint" as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case, as they do not identify the items or features with specificity. Twitch will interpret these phrases as a detailed investigation and analysis and an attitude or outlook on issues, respectively

Twitch further objects to the phrase "regarding cache busting" as vague, ambiguous, and not proportional to the needs of the case, as it does not identify the information sought with particularity.

Twitch objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in seeking all documents relating to any analysis of verifying cache versions in a browser.

Twitch objects to this request to the extent it is duplicative of other requests, including but not limited to Interrogatory Nos. 7 and 8.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch will produce non-privileged, non-protected documents sufficient to show any comparison of using a Ruby on Rails fingerprint or a similar value that is calculated via a hash algorithm and that renders the name of a file dependent on the contents of the file or ETags calculated based on contents of a corresponding file to alternative technology on the www.twitch.tv website during the time period of January 8, 2012 to December 26, 2016 for the United States, to the extent such documents exist in Twitch's possession, custody, or control and can be identified upon a reasonable search.

Investigation and discovery are ongoing, and Twitch reserves the right to supplement, amend, or modify its response to this request as additional facts are learned and as otherwise appropriate.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents including, but not limited to, deposition testimony that states the pricing of Your products and services from 2011 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Twitch incorporates by reference its General Objections as if fully set forth herein. To the extent this request seeks information protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection, Twitch objects to it and will not provide any such information in response. If any information responsive to this request is subject to any confidentiality obligations owed by Twitch to any third party, Twitch will provide such information only after it complies with those obligations, and, if necessary, only after it obtains the required permission to do so from the third party.

Twitch objects to this request as vague and ambiguous, not relevant to any claim or defense in this action and not proportional to the needs of the case as it lacks appropriate temporal and geographic limitations. Twitch will only respond with respect to the time period from January 8, 2012 until December 26, 2016 and the United States.

Twitch objects to the term "Your" on the basis identified in the General Objections above and incorporates this basis herein. Twitch will interpret this term as Twitch Interactive, Inc.

Twitch objects to this request as unduly burdensome to the extent it seeks information that is publicly available. Twitch objects to this request as overly broad, unduly burdensome, seeking information not relevant to a claim or defense in this action, and not proportional to the needs of the case in seeking all documents relating to the pricing of all products and services from 2011 to present, rather than pricing and revenue information relating to the accused twitch.tv domain.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch will produce non-privileged, non-protected documents sufficient to show pricing to view content on the www.twitch.tv website during the time period of January 8, 2012 to December 26, 2016 for the United States, to the extent such documents exist in Twitch's possession, custody, or control and can be identified upon a reasonable search.

Investigation and discovery are ongoing, and Twitch reserves the right to supplement, amend, or modify its response to this request as additional facts are learned and as otherwise appropriate.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents including, but not limited to, deposition testimony that states the marketing of Your products and services from 2011 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Twitch incorporates by reference its General Objections as if fully set forth herein. To the extent this request seeks information protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection, Twitch objects to it and will not provide any such information in response. If any information responsive to this request is subject to any confidentiality obligations owed by Twitch to any third party, Twitch will provide such information only after it complies with those obligations, and, if necessary, only after it obtains the required permission to do so from the third party.

Twitch objects to this request as vague and ambiguous, not relevant to any claim or defense in this action and not proportional to the needs of the case as it lacks appropriate temporal and geographic limitations. Twitch will only respond with respect to the time period from January 8,

2012 until December 26, 2016 and the United States.

Twitch objects to the term "Your" on the basis identified in the General Objections above and incorporates this basis herein. Twitch will interpret this term as Twitch Interactive, Inc.

Twitch objects to this request as unduly burdensome to the extent it seeks information that is publicly available. Twitch objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in seeking all documents relating to the marketing of all products and services since 2011.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch will produce non-privileged, non-protected documents sufficient to show any marketing plan concerning the www.twitch.tv website during the time period of January 8, 2012 to December 26, 2016 for the United States, to the extent such documents exist in Twitch's possession, custody, or control and can be identified upon a reasonable search.

Investigation and discovery are ongoing, and Twitch reserves the right to supplement, amend, or modify its response to this request as additional facts are learned and as otherwise appropriate.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents including, but not limited to, deposition testimony that states any analysis of the technical factors that impact Your profitability or competitiveness, including but not limited to the required bandwidth or time needed to load Your webpages.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Twitch incorporates by reference its General Objections as if fully set forth herein. To the extent this request seeks information protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection, Twitch objects to it and will not provide any such information in response. If any information responsive to this request is subject to any confidentiality obligations owed by Twitch to any third party, Twitch will provide such information only after it complies with those obligations, and, if necessary, only after it obtains the required permission to do so from the third party.

Twitch objects to this request as vague and ambiguous, not relevant to any claim or defense in this action and not proportional to the needs of the case as it lacks temporal and geographic limitations. Twitch will only respond with respect to the time period from January 8, 2012 until December 26, 2016 and the United States.

Twitch objects to the term "Your" on the basis identified in the General Objections above and incorporates this basis herein. Twitch will interpret this term as Twitch Interactive, Inc.

Twitch further objects to the undefined phrase "technical factors" as overly broad, unduly burdensome, vague, and ambiguous, as it does not identify the items or features with specificity.

Twitch objects to this request as unduly burdensome to the extent it seeks information that is publicly available. Twitch objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in seeking all documents analyzing the "technical factors" that impact Twitch's "profitability or competitiveness."

Subject to and without waiving any objections, Twitch responds as follows:

Twitch will produce non-privileged, non-protected documents sufficient to show what if any technical features impacted the market position of the www.twitch.tv website during the time period of January 8, 2012 to December 26, 2016 for the United States, to the extent such documents exist in Twitch's possession, custody, or control and can be identified upon a reasonable search.

Investigation and discovery are ongoing, and Twitch reserves the right to supplement, amend, or modify its response to this request as additional facts are learned and as otherwise appropriate.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents including, but not limited to, deposition testimony that states any analysis of the technical factors that impact the user experience or customer satisfaction of the customers or users of Your products or services, including but not limited to the required bandwidth or time needed to load Your webpages.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Twitch incorporates by reference its General Objections as if fully set forth herein. To the extent this request seeks information protected by the attorney-client privilege, attorney work

product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection, Twitch objects to it and will not provide any such information in response. If any information responsive to this request is subject to any confidentiality obligations owed by Twitch to any third party, Twitch will provide such information only after it complies with those obligations, and, if necessary, only after it obtains the required permission to do so from the third party.

Twitch objects to this request as vague and ambiguous, not relevant to any claim or defense in this action and not proportional to the needs of the case as it lacks temporal and geographic limitations. Twitch will only respond with respect to the time period from January 8, 2012 until December 26, 2016 and the United States.

Twitch objects to the term "Your" on the basis identified in the General Objections above and incorporates this basis herein. Twitch will interpret this term as Twitch Interactive, Inc.

Twitch further objects to the undefined term "technical factors" as overly broad, unduly burdensome, vague, and ambiguous, as it does not identify the items or features with specificity.

Twitch objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in seeking all documents relating to customers' experience of all of Twitch's products and services.

Twitch objects to this request to the extent it is duplicative of other requests, including but not limited to Request For Production No. 12.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch will produce non-privileged, non-protected documents sufficient to show what if any technical features impacted the customer preference for the www.twitch.tv website during the time period of January 8, 2012 to December 26, 2016 for the United States, to the extent such documents exist in Twitch's possession, custody, or control and can be identified upon a reasonable search.

Investigation and discovery are ongoing, and Twitch reserves the right to supplement, amend, or modify its response to this request as additional facts are learned and as otherwise appropriate.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents including, but not limited to, deposition testimony about any analysis of cache busting, including but not limited to its impact on cost, bandwidth needed to load webpages, speed of loading webpages, user experience, competitiveness or profitability.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Twitch incorporates by reference its General Objections as if fully set forth herein. To the extent this request seeks information protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection, Twitch objects to it and will not provide any such information in response. If any information responsive to this request is subject to any confidentiality obligations owed by Twitch to any third party, Twitch will provide such information only after it complies with those obligations, and, if necessary, only after it obtains the required permission to do so from the third party.

Twitch objects to this request as vague and ambiguous, not relevant to any claim or defense in this action and not proportional to the needs of the case as it lacks temporal and geographic limitations. Twitch will only respond with respect to the time period from January 8, 2012 until December 26, 2016 and the United States.

Twitch objects to the term "Your" on the basis identified in the General Objections above and incorporates this basis herein. Twitch will interpret this term as Twitch Interactive, Inc.

Twitch further objects to the phrase "cache busting" as vague, ambiguous, and not proportional to the needs of the case, as it does not identify the information sought with particularity.

Twitch objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in seeking all documents relating to cache busting on Twitch's webpages.

Twitch objects to this request to the extent it is duplicative of other requests, including but not limited to Request For Production Nos. 12-13.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch will produce non-privileged, non-protected documents sufficient to show the costs and benefits of using a Ruby on Rails fingerprint or a similar value that is calculated via a hash

algorithm and that renders the name of a file dependent on the contents of the file or ETags calculated based on contents of a corresponding file during the time period of January 8, 2012 to December 26, 2016 for the United States, to the extent such documents exist in Twitch's possession, custody, or control and can be identified upon a reasonable search.

Investigation and discovery are ongoing, and Twitch reserves the right to supplement, amend, or modify its response to this request as additional facts are learned and as otherwise appropriate.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents including, but not limited to, deposition testimony that states the pricing or the reasons underlying the pricing of YOUR products and services from 2011 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Twitch incorporates by reference its General Objections as if fully set forth herein. To the extent this request seeks information protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection, Twitch objects to it and will not provide any such information in response. If any information responsive to this request is subject to any confidentiality obligations owed by Twitch to any third party, Twitch will provide such information only after it complies with those obligations, and, if necessary, only after it obtains the required permission to do so from the third party.

Twitch objects to this request as vague and ambiguous, not relevant to any claim or defense in this action and not proportional to the needs of the case as it lacks temporal and geographic limitations. Twitch will only respond with respect to the time period from January 8, 2012 until December 26, 2016 and the United States.

Twitch objects to the term "Your" on the basis identified in the General Objections above and incorporates this basis herein. Twitch will interpret this term as Twitch Interactive, Inc.

Twitch objects to this request as unduly burdensome to the extent it seeks information that is publicly available. Twitch objects to this request as overly broad, unduly burdensome, not relevant to the claims and defenses in this action, and not proportional to the needs of the case in

seeking all documents relating to the pricing of all products and services from 2011 to present, rather than pricing and revenue information relating to the accused twitch.tv domain.

Twitch objects to this request to the extent it is duplicative of other requests, including but not limited to Request For Production No. 10.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch will produce non-privileged, non-protected documents sufficient to show pricing to view content on the www.twitch.tv website during the time period of January 8, 2012 to December 26, 2016 for the United States, to the extent such documents exist in Twitch's possession, custody, or control and can be identified upon a reasonable search.

Investigation and discovery are ongoing, and Twitch reserves the right to supplement, amend, or modify its response to this request as additional facts are learned and as otherwise appropriate.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents including, but not limited to, deposition testimony that states the U.S. sales units or revenues YOU realized from providing products and services during the Relevant Time Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Twitch incorporates by reference its General Objections as if fully set forth herein. To the extent this request seeks information protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection, Twitch objects to it and will not provide any such information in response. If any information responsive to this request is subject to any confidentiality obligations owed by Twitch to any third party, Twitch will provide such information only after it complies with those obligations, and, if necessary, only after it obtains the required permission to do so from the third party.

Twitch objects to this request as vague and ambiguous, not relevant to any claim or defense in this action and not proportional to the needs of the case as it lacks temporal and geographic limitations. Twitch will only respond with respect to the time period from January 8, 2012 until

December 26, 2016 and the United States.

Twitch objects to the term "You" on the basis identified in the General Objections above and incorporates this basis herein. Twitch will interpret this term as Twitch Interactive, Inc.

Twitch objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in seeking all documents relating to U.S. sales of Twitch's products and services, rather than revenue information relating to the accused twitch.tv domain.

Twitch objects to this request to the extent it is duplicative of other requests, including but not limited to Request For Production No. 7.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch will produce non-privileged, non-protected documents sufficient to show revenue information for the www.twitch.tv website during the time period of January 8, 2012 to December 26, 2016 for the United States, to the extent such documents exist in Twitch's possession, custody, or control and can be identified upon a reasonable search.

Investigation and discovery are ongoing, and Twitch reserves the right to supplement, amend, or modify its response to this request as additional facts are learned and as otherwise appropriate.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents including, but not limited to, deposition testimony stating any studies of the use of cache busting from any standpoint, including but not limited to from the standpoint of its impact on user experience, competitiveness, revenue generation, cost saving, bandwidth needed to load webpages, speed of loading webpages, or any other financial or technical advantage.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Twitch incorporates by reference its General Objections as if fully set forth herein. To the extent this request seeks information protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection, Twitch objects to it and will not provide any such information in response. If any information responsive to this request is subject to any confidentiality obligations owed by Twitch to any third party, Twitch will provide such information

only after it complies with those obligations, and, if necessary, only after it obtains the required permission to do so from the third party.

Twitch objects to this request as vague and ambiguous, not relevant to any claim or defense in this action and not proportional to the needs of the case as it lacks temporal and geographic limitations. Twitch will only respond with respect to the time period from January 8, 2012 until December 26, 2016 and the United States.

Twitch objects to the undefined terms "studies" and "standpoint" as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case, as they do not identify the items or features with specificity. Twitch will interpret these phrases as detailed investigations and analyses and an attitude or outlook on issues, respectively.

Twitch further objects to the phrase "cache busting" as vague, ambiguous, and not proportional to the needs of the case, as it does not identify the information sought with particularity.

Twitch objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in seeking all documents relating to cache busting on Twitch's webpages.

Twitch objects to this request to the extent it is duplicative of other requests, including but not limited to Request For Production No. 14.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch will produce non-privileged, non-protected documents sufficient to show the costs and benefits of using a Ruby on Rails fingerprint or a similar value that is calculated via a hash algorithm and that renders the name of a file dependent on the contents of the file or ETags calculated based on contents of a corresponding file on the www.twitch.tv website during the time period of January 8, 2012 to December 26, 2016 for the United States, to the extent such documents exist in Twitch's possession, custody, or control and can be identified upon a reasonable search.

Investigation and discovery are ongoing, and Twitch reserves the right to supplement, amend, or modify its response to this request as additional facts are learned and as otherwise appropriate.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents including, but not limited to, deposition testimony stating all facts about any

studies of various available methods to implement cache busting or the advantages or disadvantages of any such methods.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 18</u>:**

Twitch incorporates by reference its General Objections as if fully set forth herein. To the extent this request seeks information protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection, Twitch objects to it and will not provide any such information in response. If any information responsive to this request is subject to any confidentiality obligations owed by Twitch to any third party, Twitch will provide such information only after it complies with those obligations, and, if necessary, only after it obtains the required permission to do so from the third party.

Twitch objects to this request as vague and ambiguous, not relevant to any claim or defense in this action and not proportional to the needs of the case as it lacks temporal and geographic limitations. Twitch will only respond with respect to the time period from January 8, 2012 until December 26, 2016 and the United States.

Twitch objects to the undefined term "studies" as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case, as it does not identify the items or features with specificity. Twitch will interpret this phrase as detailed investigations and analyses.

Twitch further objects to the phrase "regarding cache busting" as vague, ambiguous, and not proportional to the needs of the case, as it does not identify the information sought with particularity.

Twitch objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in seeking all documents relating to cache busting on Twitch's webpages.

Twitch objects to this request to the extent it is duplicative of other requests, including but not limited to Request For Production Nos. 14 and 17.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch will produce non-privileged, non-protected documents sufficient to show the costs and benefits of using a Ruby on Rails fingerprint or a similar value that is calculated via a hash

algorithm and that renders the name of a file dependent on the contents of the file or ETags calculated based on contents of a corresponding file on the www.twitch.tv website during the time period of January 8, 2012 to December 26, 2016 for the United States, to the extent such documents exist in Twitch's possession, custody, or control and can be identified upon a reasonable search.

Investigation and discovery are ongoing, and Twitch reserves the right to supplement, amend, or modify its response to this request as additional facts are learned and as otherwise appropriate.

**REQUEST FOR PRODUCTION NO. 19:**

Any industry analysis, marketing reports, or other competitive intelligence reports for the market, including but not limited to any such analyses or reports that state all facts about the markets that You operate in.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Twitch incorporates by reference its General Objections as if fully set forth herein. To the extent this request seeks information protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection, Twitch objects to it and will not provide any such information in response. If any information responsive to this request is subject to any confidentiality obligations owed by Twitch to any third party, Twitch will provide such information only after it complies with those obligations, and, if necessary, only after it obtains the required permission to do so from the third party.

Twitch objects to this request as vague and ambiguous, not relevant to any claim or defense in this action and not proportional to the needs of the case as it lacks temporal and geographic limitations. Twitch will only respond with respect to the time period from January 8, 2012 until December 26, 2016 and the United States.

Twitch objects to the term "You" on the basis identified in the General Objections above and incorporates this basis herein. Twitch will interpret this term as Twitch Interactive, Inc.

Twitch objects to the undefined term "the market" as vague and ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case, as it does not describe the information sought with particularity.

Twitch objects to this request as unduly burdensome to the extent it seeks information that is publicly available. Twitch objects to this request to the extent it seeks information that is not relevant to any issue in this case or is not proportional to the needs of the case.

Twitch objects to this request to the extent it is duplicative of other requests, including but not limited to Request For Production No. 18.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch is willing to meet and confer with PersonalWeb to understand what, if any, non-privileged, relevant, and proportional to the needs of the case discovery it seeks.

**REQUEST FOR PRODUCTION NO. 20:**

Any industry analysis, marketing reports, or other competitive intelligence reports for the market, including but not limited to any such analyses or reports that state all facts about the competitors and competitive dynamics in the markets that You operate in.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Twitch incorporates by reference its General Objections as if fully set forth herein. To the extent this request seeks information protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection, Twitch objects to it and will not provide any such information in response. If any information responsive to this request is subject to any confidentiality obligations owed by Twitch to any third party, Twitch will provide such information only after it complies with those obligations, and, if necessary, only after it obtains the required permission to do so from the third party.

Twitch objects to this request as vague and ambiguous, not relevant to any claim or defense in this action and not proportional to the needs of the case as it lacks temporal and geographic limitations. Twitch will only respond with respect to the time period from January 8, 2012 until December 26, 2016 and the United States.

Twitch objects to the undefined term "the market" as vague and ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case, as it does not describe the information sought with particularity.

Twitch objects to the term "You" on the basis identified in the General Objections above and incorporates this basis herein.  Twitch will interpret this term as Twitch Interactive, Inc.

Twitch objects to this request as unduly burdensome to the extent it seeks information that is publicly available.  Twitch objects to this request to the extent it seeks information that is not relevant to any issue in this case or is not proportional to the needs of the case.

Twitch objects to this request to the extent it is duplicative of other requests, including but not limited to Request For Production Nos. 18-19.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch is willing to meet and confer with PersonalWeb to understand what, if any, non-privileged, relevant, and proportional to the needs of the case discovery it seeks.

**REQUEST FOR PRODUCTION NO. 21:**

Any industry analysis, marketing reports, or other competitive intelligence reports for the market, including but not limited to any such analyses or reports that state all facts about Your share of the markets that You operate in.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Twitch incorporates by reference its General Objections as if fully set forth herein.  To the extent this request seeks information protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection, Twitch objects to it and will not provide any such information in response. If any information responsive to this request is subject to any confidentiality obligations owed by Twitch to any third party, Twitch will provide such information only after it complies with those obligations, and, if necessary, only after it obtains the required permission to do so from the third party.

Twitch objects to this request as vague and ambiguous, not relevant to any claim or defense in this action and not proportional to the needs of the case as it lacks temporal and geographic

FENWICK & WEST LLP
ATTORNEYS AT LAW

limitations. Twitch will only respond with respect to the time period from January 8, 2012 until December 26, 2016 and the United States.

Twitch objects to the terms "You" and "Your" on the basis identified in the General Objections above and incorporates this basis herein. Twitch will interpret these terms as Twitch Interactive, Inc.

Twitch objects to the undefined term "the market" as vague and ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case, as it does not describe the information sought with particularity.

Twitch objects to this request as unduly burdensome to the extent it seeks information that is publicly available. Twitch objects to this request to the extent it seeks information that is not relevant to any issue in this case or is not proportional to the needs of the case.

Twitch objects to this request to the extent it is duplicative of other requests, including but not limited to Request For Production Nos. 18-20.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch is willing to meet and confer with PersonalWeb to understand what, if any, non-privileged, relevant, and proportional to the needs of the case discovery it seeks.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents including, but not limited to, deposition testimony that states all facts about any analysis of expected revenues including but not limited to budgets, *pro formas* and projections.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Twitch incorporates by reference its General Objections as if fully set forth herein. To the extent this request seeks information protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection, Twitch objects to it and will not provide any such information in response. If any information responsive to this request is subject to any confidentiality obligations owed by Twitch to any third party, Twitch will provide such information only after it complies with those obligations, and, if necessary, only after it obtains the required permission to do so from the third party.

Twitch objects to this request as vague and ambiguous, overly broad, not relevant to any claim or defense in this action and not proportional to the needs of the case as it lacks temporal and geographic limitations and purports to seek expected revenues. Twitch will only respond with respect to the time period from January 8, 2012 until December 26, 2016 and the United States.

Twitch objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in seeking all documents relating to Twitch's expected revenue.

Twitch objects to this request to the extent it is duplicative of other requests, including but not limited to Request For Production No. 7.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch will produce non-privileged, non-protected documents sufficient to show revenue information from the www.twitch.tv website during the time period of January 8, 2012 to December 26, 2016 for the United States, to the extent such documents exist in Twitch's possession, custody, or control and can be identified upon a reasonable search.

Investigation and discovery are ongoing, and Twitch reserves the right to supplement, amend, or modify its response to this request as additional facts are learned and as otherwise appropriate.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents including, but not limited to, deposition testimony that states all facts about any business valuations or appraisals including but not limited to business valuations or appraisals in connection with Your sale to Amazon.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Twitch incorporates by reference its General Objections as if fully set forth herein. To the extent this request seeks information protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection, Twitch objects to it and will not provide any such information in response. If any information responsive to this request is subject to any confidentiality obligations owed by Twitch to any third party, Twitch will provide such information only after it complies with those obligations, and, if necessary, only after it obtains the required

permission to do so from the third party.

Twitch objects to this request as vague and ambiguous, not relevant to any claim or defense in this action and not proportional to the needs of the case as it lacks temporal and geographic limitations. Twitch will only respond with respect to the time period from January 8, 2012 until December 26, 2016 and the United States.

Twitch objects to the term "Your" on the basis identified in the General Objections above and incorporates this basis herein. Twitch will interpret this term as Twitch Interactive, Inc.

Twitch objects to the undefined term "Amazon" as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case. Twitch will interpret this term as Amazon.com, Inc. only.

Twitch objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in seeking all documents relating to Twitch's valuations. Twitch objects to this request to the extent it seeks information that is not relevant to any issue in this case or is not proportional to the needs of the case.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch is willing to meet and confer with PersonalWeb to understand what, if any, non-privileged, relevant, and proportional to the needs of the case discovery it seeks.

**REQUEST FOR PRODUCTION NO. 24:**

Any business valuations or appraisals of You including but not limited to business valuations or appraisals made in connection with Your sale to Amazon.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Twitch incorporates by reference its General Objections as if fully set forth herein. To the extent this request seeks information protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection, Twitch objects to it and will not provide any such information in response. If any information responsive to this request is subject to any confidentiality obligations owed by Twitch to any third party, Twitch will provide such information only after it complies with those obligations, and, if necessary, only after it obtains the required

permission to do so from the third party.

Twitch objects to this request as vague and ambiguous, not relevant to any claim or defense in this action and not proportional to the needs of the case as it lacks temporal and geographic limitations. Twitch will only respond with respect to the time period from January 8, 2012 until December 26, 2016 and the United States.

Twitch objects to the terms "You" and "Your" on the basis identified in the General Objections above and incorporates this basis herein. Twitch will interpret these terms as Twitch Interactive, Inc.

Twitch objects to the undefined term "Amazon" as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case. Twitch will interpret this term as Amazon.com, Inc. only.

Twitch objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in seeking all documents relating to Twitch's valuations. Twitch objects to this request to the extent it seeks information that is not relevant to any issue in this case or is not proportional to the needs of the case.

Twitch objects to this request to the extent it is duplicative of other requests, including but not limited to Request For Production No. 23.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch is willing to meet and confer with PersonalWeb to understand what, if any, non-privileged, relevant, and proportional to the needs of the case discovery it seeks.

**REQUEST FOR PRODUCTION NO. 25:**

All financial presentations made in connection with Your negotiations with Amazon for their purchase of You.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Twitch incorporates by reference its General Objections as if fully set forth herein. To the extent this request seeks information protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection, Twitch objects to it and will not provide any such

information in response.  If any information responsive to this request is subject to any confidentiality obligations owed by Twitch to any third party, Twitch will provide such information only after it complies with those obligations, and, if necessary, only after it obtains the required permission to do so from the third party.

Twitch objects to this request as vague and ambiguous, not relevant to any claim or defense in this action and not proportional to the needs of the case as it lacks temporal and geographic limitations.  Twitch will only respond with respect to the time period from January 8, 2012 until December 26, 2016 and the United States.

Twitch objects to the term "You" and "Your" on the basis identified in the General Objections above and incorporates this basis herein.  Twitch will interpret these terms as Twitch Interactive, Inc.

Twitch objects to the undefined term "Amazon" as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case.  Twitch will interpret this term as Amazon.com, Inc. only.  Twitch further objects to the undefined term "financial presentation" as overly broad, unduly burdensome, vague, and ambiguous, as it does not identify the item or feature with specificity.

Twitch objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in seeking all documents relating to Twitch's valuations.  Twitch objects to this request to the extent it seeks information that is not relevant to any issue in this case or is not proportional to the needs of the case.

Twitch objects to this request to the extent it is duplicative of other requests, including but not limited to Request For Production Nos. 23-24.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch is willing to meet and confer with PersonalWeb to understand what, if any, non-privileged, relevant, and proportional to the needs of the case discovery it seeks.

**REQUEST FOR PRODUCTION NO. 26:**

All Your annual financial statements and financial statement audit reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Twitch incorporates by reference its General Objections as if fully set forth herein. To the extent this request seeks information protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection, Twitch objects to it and will not provide any such information in response. If any information responsive to this request is subject to any confidentiality obligations owed by Twitch to any third party, Twitch will provide such information only after it complies with those obligations, and, if necessary, only after it obtains the required permission to do so from the third party.

Twitch objects to this request as vague and ambiguous, not relevant to any claim or defense in this action and not proportional to the needs of the case as it lacks temporal and geographic limitations. Twitch will only respond with respect to the time period from January 8, 2012 until December 26, 2016 and the United States.

Twitch objects to the term "Your" on the basis identified in the General Objections above and incorporates this basis herein. Twitch will interpret this term as Twitch Interactive, Inc.

Twitch objects to this request as overly broad, unduly burdensome, not relevant to the claims and defenses in this action, and not proportional to the needs of the case in seeking all documents relating to Twitch's financial statements.

Twitch objects to this request to the extent it is duplicative of other requests, including but not limited to Request For Production No. 7.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch will produce non-privileged, non-protected documents sufficient to show revenue and cost information for the www.twitch.tv website during the time period of January 8, 2012 to December 26, 2016 for the United States, to the extent such documents exist in Twitch's possession, custody, or control and can be identified upon a reasonable search.

Investigation and discovery are ongoing, and Twitch reserves the right to supplement, amend, or modify its response to this request as additional facts are learned and as otherwise appropriate.

**REQUEST FOR PRODUCTION NO. 27:**

All Your organizational charts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Twitch incorporates by reference its General Objections as if fully set forth herein. To the extent this request seeks information protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection, Twitch objects to it and will not provide any such information in response. If any information responsive to this request is subject to any confidentiality obligations owed by Twitch to any third party, Twitch will provide such information only after it complies with those obligations, and, if necessary, only after it obtains the required permission to do so from the third party.

Twitch objects to this request as vague and ambiguous, not relevant to any claim or defense in this action and not proportional to the needs of the case as it lacks temporal and geographic limitations. Twitch will only respond with respect to the time period from January 8, 2012 until December 26, 2016 and the United States.

Twitch objects to the term "Your" on the basis identified in the General Objections above and incorporates this basis herein. Twitch will interpret this term as Twitch Interactive, Inc.

Twitch objects to this request as unduly burdensome to the extent it seeks information that is publicly available. Twitch objects to this request as it seeks information that is not relevant to any issue in this case or is not proportional to the needs of the case.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch is willing to meet and confer with PersonalWeb to understand what, if any, non-privileged, relevant, and proportional to the needs of the case discovery it seeks.

**REQUEST FOR PRODUCTION NO. 28:**

Any documents about any analysis of Your spending on technology including but not limited to Your research and development costs or Your costs to acquire technology.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Twitch incorporates by reference its General Objections as if fully set forth herein. To the

extent this request seeks information protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection, Twitch objects to it and will not provide any such information in response. If any information responsive to this request is subject to any confidentiality obligations owed by Twitch to any third party, Twitch will provide such information only after it complies with those obligations, and, if necessary, only after it obtains the required permission to do so from the third party.

Twitch objects to this request as vague and ambiguous, not relevant to any claim or defense in this action and not proportional to the needs of the case as it lacks temporal and geographic limitations. Twitch will only respond with respect to the time period from January 8, 2012 until December 26, 2016 and the United States.

Twitch objects to the term "Your" on the basis identified in the General Objections above and incorporates this basis herein. Twitch will interpret this term as Twitch Interactive, Inc.

Twitch objects to the undefined term "technology" as overly broad, unduly burdensome, vague and ambiguous, and not proportional to the needs of the case.

Twitch objects to this request to the extent it seeks information that is not relevant to any issue in this case or is not proportional to the needs of the case.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch is willing to meet and confer with PersonalWeb to understand what, if any, non-privileged, relevant, and proportional to the needs of the case discovery it seeks.

**REQUEST FOR PRODUCTION NO. 29:**

All agreements YOU have entered into that include receiving or giving a right to use patented technology.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Twitch incorporates by reference its General Objections as if fully set forth herein. To the extent this request seeks information protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection, Twitch objects to it and will not provide any such

FENWICK & WEST LLP
ATTORNEYS AT LAW

information in response. If any information responsive to this request is subject to any confidentiality obligations owed by Twitch to any third party, Twitch will provide such information only after it complies with those obligations, and, if necessary, only after it obtains the required permission to do so from the third party.

Twitch objects to this request as vague and ambiguous, not relevant to any claim or defense in this action and not proportional to the needs of the case as it lacks temporal and geographic limitations. Twitch will only respond with respect to the time period from January 8, 2012 until December 26, 2016 and the United States.

Twitch objects to the term "You" on the basis identified in the General Objections above and incorporates this basis herein. Twitch will interpret this term as Twitch Interactive, Inc.

Twitch objects to this request to the extent it seeks information that is not relevant and/or not proportional to the needs of the case because it seeks information about patents not at issue in the case.

Twitch objects to this request to the extent it is duplicative of other requests, including but not limited to Request For Production No. 28.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch will produce non-privileged, non-protected documents sufficient to show agreements related to Twitch's licensing of patented technology related to the www.twitch.tv website during the time period of January 8, 2012 to December 26, 2016 for the United States, to the extent such documents exist in Twitch's possession, custody, or control and can be identified upon a reasonable search.

Investigation and discovery are ongoing, and Twitch reserves the right to supplement, amend, or modify its response to this request as additional facts are learned and as otherwise appropriate.

**REQUEST FOR PRODUCTION NO. 30:**

Documents about YOUR patent licensing guidelines, policies, and usual practices.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Twitch incorporates by reference its General Objections as if fully set forth herein. To the

extent this request seeks information protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection, Twitch objects to it and will not provide any such information in response. If any information responsive to this request is subject to any confidentiality obligations owed by Twitch to any third party, Twitch will provide such information only after it complies with those obligations, and, if necessary, only after it obtains the required permission to do so from the third party.

Twitch objects to this request as vague and ambiguous, not relevant to any claim or defense in this action and not proportional to the needs of the case as it lacks geographic limitations. Twitch will only respond with respect to the United States.

Twitch objects to the term "Your" on the basis identified in the General Objections above and incorporates this basis herein. Twitch will interpret this term as Twitch Interactive, Inc.

Twitch objects to this request to the extent it is duplicative of other requests, including but not limited to Request For Production Nos. 28-29.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch will produce non-privileged, non-protected documents sufficient to show Twitch's patent licensing policies during the time period of January 8, 2012 to December 26, 2016 for the United States, to the extent such documents exist in Twitch's possession, custody, or control and can be identified upon a reasonable search.

Investigation and discovery are ongoing, and Twitch reserves the right to supplement, amend, or modify its response to this request as additional facts are learned and as otherwise appropriate.

**REQUEST FOR PRODUCTION NO. 31:**

Documents about Your market value, profitability or financial condition at or around the time the first quarter of 2012.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Twitch incorporates by reference its General Objections as if fully set forth herein. To the extent this request seeks information protected by the attorney-client privilege, attorney work

product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection, Twitch objects to it and will not provide any such information in response. If any information responsive to this request is subject to any confidentiality obligations owed by Twitch to any third party, Twitch will provide such information only after it complies with those obligations, and, if necessary, only after it obtains the required permission to do so from the third party.

Twitch objects to this request as vague and ambiguous, not relevant to any claim or defense in this action and not proportional to the needs of the case as it lacks temporal and geographic limitations. Twitch will only respond with respect to the time period from January 8, 2012 until December 26, 2016 and the United States.

Twitch objects to the term "Your" on the basis identified in the General Objections above and incorporates this basis herein. Twitch will interpret this term as Twitch Interactive, Inc.

Twitch objects to this request to the extent it seeks information that is not relevant to any issue in this case or is not proportional to the needs of the case.

Twitch objects to this request to the extent it is duplicative of other requests, including but not limited to Request For Production Nos. 28-29.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch is willing to meet and confer with PersonalWeb to understand what, if any, non-privileged, relevant, and proportional to the needs of the case discovery it seeks.

**REQUEST FOR PRODUCTION NO. 32:**

Documents about any analysis of your business model or profitability or how either were expected to change.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Twitch incorporates by reference its General Objections as if fully set forth herein. To the extent this request seeks information protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection, Twitch objects to it and will not provide any such information in response. If any information responsive to this request is subject to any

confidentiality obligations owed by Twitch to any third party, Twitch will provide such information only after it complies with those obligations, and, if necessary, only after it obtains the required permission to do so from the third party.

Twitch objects to this request as vague and ambiguous, not relevant to any claim or defense in this action and not proportional to the needs of the case as it lacks temporal and geographic limitations. Twitch will only respond with respect to the time period from January 8, 2012 until December 26, 2016 and the United States.

Twitch objects to the term "your" on the basis identified in the General Objections above and incorporates this basis herein. Twitch will interpret this term as Twitch Interactive, Inc.

Twitch objects to this request as it seeks information that is not relevant to any issue in this case or is not proportional to the needs of the case.

Twitch objects to this request to the extent it is duplicative of other requests, including but not limited to Request For Production Nos. 12 and 14.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch is willing to meet and confer with PersonalWeb to understand what, if any, non-privileged, relevant, and proportional to the needs of the case discovery it seeks.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents including, but not limited to, deposition testimony analyzing costs of hosting and serving Your website content including but not limited to the cost of internet bandwidth, host servers, power or any other necessary infrastructure.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Twitch incorporates by reference its General Objections as if fully set forth herein. To the extent this request seeks information protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection, Twitch objects to it and will not provide any such information in response. If any information responsive to this request is subject to any confidentiality obligations owed by Twitch to any third party, Twitch will provide such information only after it complies with those obligations, and, if necessary, only after it obtains the required

permission to do so from the third party.

Twitch objects to this request as vague and ambiguous, not relevant to any claim or defense in this action and not proportional to the needs of the case as it lacks temporal and geographic limitations. Twitch will only respond with respect to the time period from January 8, 2012 until December 26, 2016 and the United States.

Twitch objects to the term "Your" on the basis identified in the General Objections above and incorporates this basis herein. Twitch will interpret this term as Twitch Interactive, Inc.

Twitch objects to the undefined terms "infrastructure" and "website content" as overly broad, unduly burdensome, vague, and ambiguous as they do not specify the items or features with specificity. Twitch will interpret these terms as servers and content on www.twitch.tv, respectively.

Twitch objects to this request as overly broad, unduly burdensome, not relevant to the claims and defenses, and not proportional to the needs of the case in seeking all documents relating to the costs of hosting and serving Twitch's website content. Twitch objects to this request as it seeks information that is not relevant to any issue in this case or is not proportional to the needs of the case.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch is willing to meet and confer with PersonalWeb to understand what, if any, non-privileged, relevant, and proportional to the needs of the case discovery it seeks.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents including, but not limited to, deposition testimony analyzing how to reduce the costs of hosting and serving Your website content including but not limited to the cost of internet bandwidth, host servers, power or any other necessary infrastructure.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Twitch incorporates by reference its General Objections as if fully set forth herein. To the extent this request seeks information protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, or any other applicable privilege, immunity, doctrine or protection, Twitch objects to it and will not provide any such information in response. If any information responsive to this request is subject to any

confidentiality obligations owed by Twitch to any third party, Twitch will provide such information only after it complies with those obligations, and, if necessary, only after it obtains the required permission to do so from the third party.

Twitch objects to this request as vague and ambiguous, not relevant to any claim or defense in this action and not proportional to the needs of the case as it lacks temporal and geographic limitations. Twitch will only respond with respect to the time period from January 8, 2012 until December 26, 2016 and the United States.

Twitch objects to the term "Your" on the basis identified in the General Objections above and incorporates this basis herein. Twitch will interpret this term as Twitch Interactive, Inc.

Twitch objects to the undefined terms "infrastructure" and "website content" as overly broad, unduly burdensome, vague, and ambiguous as they do not specify the items or features with specificity. Twitch will interpret these terms as servers and content on www.twitch.tv, respectively.

Twitch objects to this request as overly broad, unduly burdensome, not relevant to the claims and defenses, and not proportional to the needs of the case in seeking all documents relating to the costs of hosting and serving Twitch's website content. Twitch objects to this request as it seeks information that is not relevant to any issue in this case or is not proportional to the needs of the case.

Twitch objects to this request to the extent it is duplicative of other requests, including but not limited to Request For Production No. 33.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch is willing to meet and confer with PersonalWeb to understand what, if any, non-privileged, relevant, and proportional to the needs of the case discovery it seeks.

Dated: March 18, 2019

Respectfully submitted,

FENWICK & WEST LLP

By: _/s/ Saina S. Shamilov_
Saina S. Shamilov

Counsel for
TWITCH INTERACTIVE, INC.

FENWICK & WEST LLP
ATTORNEYS AT LAW

TWITCH'S RESPONSES AND OBJECTIONS TO FIRST SET OF REQUESTS FOR PRODUCTION

44

CASE NO. 5:18-md-02834-BLF
CASE NO. 5:18-cv-05619-BLF

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of March, 2019, a true and correct copy of the foregoing document was served on each party through their counsel of record via email and U.S. mail.

Michael A. Sherman
masherman@stubbsalderton.com
Jeffrey F. Gersh
jgersh@stubbsalderton.com
Sandeep Seth
sseth@stubbsalderton.com
Wesley W. Monroe
wmonroe@stubbsalderton.com
Stanley H. Thompson
sthompson@stubbsalderton.com
Viviana Boero Hedrick
vedrick@stubbsalderton.com
STUBBS ALDERTON & MARKILES, LLP
15620 Ventura Blvd., 20th Floor
Sherman Oaks, CA 91403

*Counsel for PersonalWeb Technologies, LLC*

Theodore S. Maceiko
ted@maceikoip.com
MACEIKO IP
420 2nd Street
Manhattan Beach, CA 90266

*Counsel for PersonalWeb Technologies, LLC*

Jose Luis Patino
jpatino@foley.com
Christopher Carl Bolten
cbolten@foley.com
FOLEY & LARDNER LLP
3579 Valley Centre Drive, Suite 300
P.O. BOX 80278
San Diego, CA 92138

*Counsel for Level 3 Communications, LLC*

*/s/ Shannon E. Turner*
Shannon E. Turner

FENWICK & WEST LLP
ATTORNEYS AT LAW

TWITCH'S RESPONSES AND OBJECTIONS TO FIRST SET OF REQUESTS FOR PRODUCTION

45

CASE NO. 5:18-md-02834-BLF
CASE NO. 5:18-cv-05619-BLF