# EXHIBIT 2

1   J. DAVID HADDEN (CSB No. 176148)
    dhadden@fenwick.com
2   SAINA S. SHAMILOV (CSB No. 215636)
    sshamilov@fenwick.com
3   TODD R. GREGORIAN (CSB No. 236096)
    tgregorian@fenwick.com
4   PHILLIP J. HAACK (CSB No. 262060)
    phaack@fenwick.com
5   RAVI R. RANGANATH (CSB No. 272981)
    rranganath@fenwick.com
6   SHANNON E. TURNER (CSB No. 310121)
    sturner@fenwick.com
7   CHIEH TUNG (CSB No. 318963)
    ctung@fenwick.com
8   FENWICK & WEST LLP
    Silicon Valley Center
9   801 California Street
    Mountain View, CA  94041
10  Telephone:     650.988.8500
    Facsimile:      650.938.5200
11
    Counsel for Defendant
12  TWITCH INTERACTIVE, INC.

13               UNITED STATES DISTRICT COURT

14             NORTHERN DISTRICT OF CALIFORNIA

15  IN RE PERSONALWEB TECHNOLOGIES, LLC,        Case No. 5:18-md-02834-BLF
    ET AL., PATENT LITIGATION
16

17  PERSONALWEB TECHNOLOGIES, LLC and           Case No. 5:18-cv-05619-BLF
    LEVEL 3 COMMUNICATIONS, LLC,
18                                              **DEFENDANT TWITCH
                 Plaintiffs,                    INTERACTIVE, INC.'S
19                                              RESPONSES AND OBJECTIONS TO
          v.                                    PERSONALWEB TECHNOLOGIES,
20                                              INC.'S SECOND SET OF REQUESTS
    TWITCH INTERACTIVE, INC.,                   FOR PRODUCTION (NOS. 35–83)**
21
                 Defendant.
22

23  PROPOUNDING PARTY:          PERSONALWEB TECHNOLOGIES, INC.

24  RESPONDING PARTY:           TWITCH INTERACTIVE, INC.

25  SET NUMBER:                 TWO (35–83)

26

27

28

*Left margin:* FENWICK & WEST LLP
ATTORNEYS AT LAW

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Twitch Interactive, Inc. (hereafter, "Twitch"), by and through their counsel, hereby responds to Plaintiffs, of PersonalWeb Technologies, LLC ("PersonalWeb"), Second Set of Requests for Production (Nos. 35-83) as follows:

## GENERAL OBJECTIONS

The following general objections are stated with respect to each and every document request whether or not specifically identified in response thereto.  To the extent any of these general objections are not raised in any particular response, Twitch does not waive those objections.

1. Twitch objects to each and every definition and request as overly broad, unduly burdensome, and not proportional to the needs of the case because they are not limited to a specific geographic area. Twitch will only provide discovery with respect to the United States.

2. Twitch objects to the definitions of "You," "Your," or "Twitch" because it seeks to broaden the scope of allowable discovery and seeks information that is not within the possession, custody, or control of Twitch, but is in the possession of third-parties and non-parties to this lawsuit. Twitch further objects to the definition of these terms to the extent it includes Twitch's attorneys and patent agents and seeks privileged and attorney-work product information. Twitch will interpret these terms as referring to Twitch Interactive, Inc. only.

3. Twitch objects to the definition of "Fingerprint" as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case, as it does not identify the item or feature with specificity. Twitch will interpret this term as a Ruby on Rails fingerprint or a similar value that is calculated via a hash algorithm and that renders the name of a file dependent on the contents of the file.

4. Twitch objects to the definition of "Meeting" as overly broad and unduly burdensome, vague and ambiguous, not proportional to the needs of this case, and failing to describe the information sought with reasonable particularity.

5. Twitch objects to the definition of "Document" as overly broad and unduly burdensome, vague and ambiguous, not proportional to the needs of this case, and failing to describe the information sought with reasonable particularity. Twitch will not search for documents

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    that are not within its possession, custody, or control.

2        6.      Twitch objects to the definition of "Thing" as overly broad and unduly burdensome,

3    vague and ambiguous, not proportional to the needs of this case, and failing to describe the

4    information sought with reasonable particularity.

5        7.      Twitch objects to the definition of "Cache-Busting" as vague, ambiguous, overly

6    broad, unduly burdensome, and not proportional to the needs of the case as it does not identify the

7    item or feature with specificity, and PersonalWeb does not explain what is meant by "valid"

8    content.

9        8.      Twitch objects to these requests and definitions to the extent that they seek to impose

10   duties beyond those required by the Federal Rules of Civil Procedure and the Local Rules of this

11   district. Twitch's responses shall be made only in accordance with the applicable rule(s).

12       9.      Twitch objects to these requests to the extent that they seek information equally

13   available to PersonalWeb in the public domain or that is already in the possession, custody, or

14   control of PersonalWeb.

15       10.     Twitch objects to these requests to the extent that they seek information that is in

16   the possession, custody, or control of parties over whom Twitch has no control.

17       11.     Twitch objects to each and every instruction, definition, and request to the extent

18   that it seeks the disclosure of information protected by the attorney-client privilege, the attorney

19   work-product doctrine, or any other applicable privilege, immunity, or protection, as provided by

20   any applicable law.  Twitch does not intend to disclose such privileged or protected information.

21   Twitch's inadvertent disclosure of any such information should not be deemed a waiver of any

22   privilege, immunity, or protection, and Twitch expressly reserves the right to object to the

23   introduction at trial or to any other use of such information that may be inadvertently disclosed.

24   Twitch objects to discovery of attorney-client privileged communications after the filing of this

25   lawsuit and to discovery of work-product materials generated after the filing of this lawsuit.

26       12.     Twitch objects to these requests to the extent they seek information concerning

27   Amazon CloudFront.  CloudFront is not accused in PersonalWeb's counterclaim against

28   Amazon.com, Inc. or Amazon Web Services, Inc. (collectively "Amazon") or in any of the

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

complaints against Amazon's customers, including Twitch; it is accordingly outside the scope of discovery in this case.  Moreover, PersonalWeb does not have standing to bring claims against CloudFront.  (*See* Case No. 5:18-md-02834, Dkt. 413, 453.)  To the extent Twitch provides discovery on CloudFront, it does so explicitly without waiver of this objection.

13.    Twitch objects to these requests to the extent they seek information concerning Amazon Simple Storage System (S3).   PersonalWeb's infringement claims against Amazon and its customers, including Twitch, are barred by the doctrine of claim preclusion and the Supreme Court's decision in *Kessler v. Eldred*, 206 U.S. 285 (1907).  (*See* Order Granting in Part and Denying in Part Amazon's Motion for Summary Judgment dated March 13, 2019 ("Summary Judgment Order").)  As such, any discovery concerning S3 is outside the scope of discovery in this case.  To the extent Twitch provides discovery on S3, it does so explicitly without waiver of this objection.

14.    Twitch objects to these requests to the extent they purport to include email.  Email production is not required in patent cases, and any request for email is unduly burdensome and not proportional to the needs of the case.  (*See, e.g.*, Court's [Model] Stipulation & Order Re: Discovery of Electronically Stored Information for Patent Litigation ("General ESI production requests . . . shall not include email or other forms of electronic correspondence.").)

15.    The responses given herein shall not be deemed to waive any claim of privilege or immunity Twitch may have as to any response, document, or thing, or any question or right of objection as to authenticity, competency, relevancy, materiality, admissibility, or any other objection Twitch may have as to a demand for further response to these or other requests, or to any objection to the use of such information, documents, or things in any other proceeding filed after the production of such information or documents.

16.    Nothing contained herein may be construed as an admission relative to the existence or non-existence of any document, and no response may be construed as an admission with respect to the relevancy or admissibility in evidence of any statement or characterization contained in these requests or respecting the authenticity, competency, relevancy, materiality, or admissibility of any document or thing referenced by these requests.

1   17.   Discovery in this matter is ongoing and Twitch reserves the right to revise or

2   supplement any response herein.

3   18.   These General Objections are applicable to and are incorporated in each specific

4   response herein without further reference. The inclusion of specific objection(s) in response to any

5   Requests for Production shall not be construed as a waiver of such objection(s), or any of these

6   objections, in any other response.

7   ## RESPONSES AND OBJECTIONS

8   Subject to the foregoing General Objections, which are incorporated by reference as if set

9   forth fully in each and every response, Twitch also specifically responds and objects to the

10   Document Request as follows:

11   **REQUEST FOR PRODUCTION NO. 35:**

12   All documents supporting, refuting, or relating to your contention that You do not infringe

13   any of the patents-in-suit.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

15   Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch

16   objects to this request to the extent it seeks information protected by the attorney-client privilege,

17   attorney work-product doctrine, joint defense privilege, common interest exception, duty of

18   confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects

19   to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

20   or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

21   applicable order of the Court.

22   Twitch objects to this request to the extent it seeks information that is subject to any

23   protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

24   to any third party.  Twitch further objects to this request to the extent that it purports to require

25   Twitch to disclose private or personally-identifiable information of its employees, customers, or

26   users.  Twitch does not intend to provide such information without the consent of the relevant

27   persons or a court order.

28   Twitch objects to the term "You" on the basis identified in the General Objections above

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    and incorporates those bases herein. Twitch will interpret "You" as Twitch Interactive, Inc. only.

2        Twitch objects to this request as overbroad and irrelevant because it is not limited to a

3    particular time period and/or geographic area relevant to the case.

4        Twitch objects to this request to the extent it seeks not facts or contentions in this case, but

5    a legal opinion or legal conclusion.

6        Twitch objects to this request to the extent it is duplicative of other discovery requests,

7    including but not limited to Requests for Production Nos. 1-4.

8        Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome,

9    and unintelligible in that it seeks "all documents."

10        Subject to and without waiving any objections, Twitch responds as follows:

11        Twitch will produce non-privileged, non-protected documents on which it will rely at trial

12    to support its non-infringement defense.  Twitch further responds that it will produce non-

13    privileged, non-protected documents sufficient to show the technical design, operation, and

14    functionality of Twitch's use of content-based ETags to serve assets on Twitch.tv, and how the

15    Twitch.tv website used a Ruby on Rails fingerprint or a similar value that is calculated via a hash

16    algorithm and that renders the name of a file dependent on the contents of the file in HTTP requests

17    during the time period of September 14, 2012 to December 25, 2016 for the United States, to the

18    extent such documents exist in Twitch's possession, custody, or control, can be identified upon a

19    reasonable search, and have not already been produced in response to prior requests.

20        Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

21    amend, or modify its response to this request as additional facts are learned and as otherwise

22    appropriate.

23    **REQUEST FOR PRODUCTION NO. 36:**

24        All documents relating to any comparison between any person's product or service and the

25    claims or subject matter of the patents-in-suit.

26    **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

27        Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch

28    objects to this request to the extent it seeks information protected by the attorney-client privilege,

attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects to this request to the extent it seeks to impose upon Twitch obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any applicable order of the Court.

Twitch objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party.  Twitch further objects to this request to the extent that it purports to require Twitch to disclose private or personally-identifiable information of its employees, customers, or users.  Twitch does not intend to provide such information without the consent of the relevant persons or a court order.

Twitch objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor proportional to the needs of the case.

Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome, and unintelligible with respect to the phrase "any comparison between any person's product or service and the claims or subject matter of the patents-in-suit."

Twitch objects to this request as seeking Twitch's legal contentions.  Twitch further objects to this request as prematurely seeking expert testimony before the time called for the Local Rules and the Court's case schedule.

In connection with its Patent L.R. 3-3 invalidity contentions, Twitch has already provided its invalidity contentions comparing prior art to the asserted claims.  Twitch will produce any other documents relating to its invalidity case at the time required under the Court's Local Rules and the case schedule.

Investigation and discovery are ongoing, and Twitch reserves the right to supplement, amend, or modify its response to this request as additional facts are learned and as otherwise appropriate.

**REQUEST FOR PRODUCTION NO. 37:**

All documents constituting or relating to any communication between Twitch and any

1   person concerning the scope or construction of the patents-in-suit.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

3   Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch

4   objects to this request to the extent it seeks information protected by the attorney-client privilege,

5   attorney work-product doctrine, joint defense privilege, common interest exception, duty of

6   confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects

7   to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

8   or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

9   applicable order of the Court.

10  Twitch objects to this request to the extent it seeks information that is subject to any

11  protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

12  to any third party.  Twitch further objects to this request to the extent that it purports to require

13  Twitch to disclose private or personally-identifiable information of its employees, customers, or

14  users.  Twitch does not intend to provide such information without the consent of the relevant

15  persons or a court order.

16  Twitch objects to the term "You" on the basis identified in the General Objections above

17  and incorporates those bases herein. Twitch will interpret "You" as Twitch Interactive, Inc. only.

18  Twitch objects to this interrogatory to the extent it seeks information that is neither relevant

19  to any claim or defense in this action nor proportional to the needs of the case.

20  Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome,

21  and unintelligible in that it seeks "all documents."

22  Twitch objects to the request for "[a]ny communication" related to the subject matter of the

23  request to the extent it purports to include email.  Email production is not required in this case

24  absent specific request.  (*See, e.g.*, Court's [Model] Stipulation & Order Re: Discovery of

25  Electronically Stored Information for Patent Litigation ("General ESI production requests . . . shall

26  not include email or other forms of electronic correspondence.").)

27  Twitch objects to this request as seeking Twitch's legal contentions and conclusions.

28  Twitch objects to this request as seeking protected joint defense communications; Twitch

FENWICK & WEST LLP
ATTORNEYS AT LAW

1 | will not produce privileged or protected material.

2 |       Subject to and without waiving any objections, Twitch responds as follows:

3 |       Twitch will produce non-privileged, non-protected documents relating to the scope or

4 | construction of the patents-in-suit, to the extent such documents exist in its possession, custody or

5 | control and can be identified upon a reasonable search.

6 |       Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

7 | amend, or modify its response to this request as additional facts are learned and as otherwise

8 | appropriate.

9 | **REQUEST FOR PRODUCTION NO. 38:**

10 |       All documents referring to the above-captioned litigation.

11 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

12 |       Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch

13 | objects to this request to the extent it seeks information protected by the attorney-client privilege,

14 | attorney work-product doctrine, joint defense privilege, common interest exception, duty of

15 | confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects

16 | to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

17 | or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

18 | applicable order of the Court.

19 |       Twitch objects to this request to the extent it seeks information that is subject to any

20 | protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

21 | to any third party.  Twitch further objects to this request to the extent that it purports to require

22 | Twitch to disclose private or personally-identifiable information of its employees, customers, or

23 | users.  Twitch does not intend to provide such information without the consent of the relevant

24 | persons or a court order.

25 |       Twitch objects to this request to the extent it seeks information equally available to

26 | PersonalWeb in the public domain.

27 |       Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome,

28 | and unintelligible in that it seeks "all documents."

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    Subject to and without waiving any objections, Twitch responds as follows:

2    Twitch will produce non-privileged, non-protected documents related to this litigation, to

3    the extent such documents exist in its possession, custody or control, have not already been

4    produced, and can be located upon a reasonable search.

5    Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

6    amend, or modify its response to this request as additional facts are learned and as otherwise

7    appropriate.

8    **REQUEST FOR PRODUCTION NO. 39:**

9    All documents relating to PersonalWeb.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

11   Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch

12   objects to this request to the extent it seeks information protected by the attorney-client privilege,

13   attorney work-product doctrine, joint defense privilege, common interest exception, duty of

14   confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects

15   to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

16   or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

17   applicable order of the Court.

18   Twitch objects to this request to the extent it seeks information that is subject to any

19   protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

20   to any third party.  Twitch further objects to this request to the extent that it purports to require

21   Twitch to disclose private or personally-identifiable information of its employees, customers, or

22   users.  Twitch does not intend to provide such information without the consent of the relevant

23   persons or a court order.

24   Twitch objects to this request to the extent it seeks information equally available to

25   PersonalWeb in the public domain.

26   Twitch objects to this request to the extent it seeks information not in Twitch's possession,

27   custody or control.

28   Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome,

FENWICK & WEST LLP
ATTORNEYS AT LAW

Fenwick & West LLP
Attorneys at Law

1   and unintelligible in that it seeks "all documents."

2         Subject to and without waiving any objections, Twitch responds as follows:

3         Twitch will produce non-privileged, non-protected documents in its possession relating to

4   PersonalWeb, to the extent such documents exist in Twitch's possession, custody, or control, were

5   not already produced in this case by either PersonalWeb or Twitch, and can be identified upon a

6   reasonable search.

7         Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

8   amend, or modify its response to this request as additional facts are learned and as otherwise

9   appropriate.

10   **REQUEST FOR PRODUCTION NO. 40:**

11         All documents created by PersonalWeb in your possession, custody, or control.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

13         Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch

14   objects to this request to the extent it seeks information protected by the attorney-client privilege,

15   attorney work-product doctrine, joint defense privilege, common interest exception, duty of

16   confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects

17   to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

18   or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

19   applicable order of the Court.

20         Twitch objects to this request to the extent it seeks information that is subject to any

21   protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

22   to any third party.  Twitch further objects to this request to the extent that it purports to require

23   Twitch to disclose private or personally-identifiable information of its employees, customers, or

24   users.  Twitch does not intend to provide such information without the consent of the relevant

25   persons or a court order.

26         Twitch objects to this request to the extent it seeks information equally available to

27   PersonalWeb in the public domain.

28         Twitch objects to this request to the extent it seeks information not in Twitch's possession,

1   custody or control.

2      Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome,

3   and unintelligible in that it seeks "all documents."

4      Subject to and without waiving any objections, Twitch responds as follows:

5      Twitch will produce non-privileged, non-protected documents in its possession relating to

6   PersonalWeb, to the extent such documents exist in Twitch's possession, custody, or control, were

7   not already produced in this case by either PersonalWeb or Twitch and can be identified upon a

8   reasonable search.

9      Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

10  amend, or modify its response to this request as additional facts are learned and as otherwise

11  appropriate.

12  **REQUEST FOR PRODUCTION NO. 41:**

13     All documents relating to your relationship with Amazon Web Services, Inc.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

15     Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch

16  objects to this request to the extent it seeks information protected by the attorney-client privilege,

17  attorney work-product doctrine, joint defense privilege, common interest exception, duty of

18  confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects

19  to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

20  or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

21  applicable order of the Court.

22     Twitch objects to this request to the extent it seeks information that is subject to any

23  protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

24  to any third party.  Twitch further objects to this request to the extent that it purports to require

25  Twitch to disclose private or personally-identifiable information of its employees, customers, or

26  users.  Twitch does not intend to provide such information without the consent of the relevant

27  persons or a court order.

28     Twitch objects to this request to the extent it seeks information equally available to

FENWICK & WEST LLP
ATTORNEYS AT LAW

PersonalWeb in the public domain.

Twitch objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor proportional to the needs of the case.

Twitch objects to this request as overbroad and irrelevant because it is not limited to a particular time period and/or geographic area relevant to the case.

Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome, and unintelligible in that it seeks "all documents."

Twitch objects to this request as it seeks information that is neither relevant to any claim or defense in this action nor proportional to the needs of the case. Twitch's relationship with Amazon Web Services, Inc., a separate company with its own separate accused products and services, is not relevant to any issue in the case against Twitch.

**REQUEST FOR PRODUCTION NO. 42:**

All documents relating to your relationship with Amazon.com, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch objects to this request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects to this request to the extent it seeks to impose upon Twitch obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any applicable order of the Court.

Twitch objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party. Twitch further objects to this request to the extent that it purports to require Twitch to disclose private or personally-identifiable information of its employees, customers, or users. Twitch does not intend to provide such information without the consent of the relevant persons or a court order.

Twitch objects to this request to the extent it seeks information equally available to

FENWICK & WEST LLP
ATTORNEYS AT LAW

1   PersonalWeb in the public domain.

2       Twitch objects to this request to the extent it seeks information that is neither relevant to

3   any claim or defense in this action nor proportional to the needs of the case.

4       Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome,

5   and unintelligible in that it seeks "all documents." Twitch further objects to the undefined term

6   "Amazon.com, Inc." Twitch will interpret this term as Amazon.com, Inc. only.

7       Twitch objects to this request as overbroad and irrelevant because it is not limited to a

8   particular time period and/or geographic area relevant to the case.

9       Twitch objects to this request as it seeks information that is neither relevant to any claim or

10  defense in this action nor proportional to the needs of the case.  Twitch's relationship with

11  Amazon.com, Inc., a separate company with its own separate accused products and services, is not

12  relevant to any issue in the case against Twitch.

13  **REQUEST FOR PRODUCTION NO. 43:**

14      All documents relating to the research, development, testing, financing, and/or marketing

15  of your accused instrumentality or any products and/or service you provide that includes a cache

16  control or cache busting function, including without limitation marketing requirements documents,

17  budgets, business plans, marketing plans, forecasts, financial reports and management reports.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

19      Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch

20  objects to this request to the extent it seeks information protected by the attorney-client privilege,

21  attorney work-product doctrine, joint defense privilege, common interest exception, duty of

22  confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects

23  to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

24  or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

25  applicable order of the Court.

26      Twitch objects to this request to the extent it seeks information that is subject to any

27  protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

28  to any third party.  Twitch further objects to this request to the extent that it purports to require

FENWICK & WEST LLP
ATTORNEYS AT LAW

Twitch to disclose private or personally-identifiable information of its employees, customers, or users.  Twitch does not intend to provide such information without the consent of the relevant persons or a court order.

Twitch objects to this request as vague, ambiguous, and exceeding the boundaries of discoverable information.  For example, this request seeks documents "relating to the research, development, testing, financing, and/or marketing of your accused instrumentality or any products and/or service."  But it is unclear what "products and/or service" this request is referring to.  Twitch objects to the extent this seeks discovery on anything not specifically charted in PersonalWeb's Infringement Contentions.  Twitch will only respond to requests concerning those accused instrumentalities specifically charted in PersonalWeb's Infringement Contentions.

Twitch objects to the term "your" and "you" on the basis identified in the General Objections above and incorporates those bases herein. Twitch will interpret "you" as Twitch Interactive, Inc. only.

Twitch further objects to the phrase "includes a cache control or cache busting function" as vague, ambiguous and not proportional to the needs of the case, as it does not identify the information sought with particularity.

Twitch objects to this request because projected revenues related to the accused instrumentality are not relevant to any issue in the case as the asserted patents have expired.

Twitch objects to this request as overbroad and irrelevant because it is not limited to a particular time period and/or geographic area relevant to the case.

Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome, and unintelligible in that it seeks "all documents."

Twitch objects to this request to the extent it is duplicative of other discovery requests, including but not limited to Requests for Production Nos. 9, 14, 17-18.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch will produce non-privileged, non-protected documents sufficient to show the costs and benefits of using a Ruby on Rails fingerprint or a similar value that is calculated via a hash algorithm and that renders the name of a file dependent on the contents of the file or ETags

FENWICK & WEST LLP
ATTORNEYS AT LAW

calculated based on contents of a corresponding file during the time period of September 14, 2012 to December 25, 2016 for the United States, to the extent such documents exist in Twitch's possession, custody, or control and can be identified upon a reasonable search, and have not already been produced in response to prior requests.

Investigation and discovery are ongoing, and Twitch reserves the right to supplement, amend, or modify its response to this request as additional facts are learned and as otherwise appropriate.

**REQUEST FOR PRODUCTION NO. 44:**

Any source code created, designed, or written for use with or in your accused instrumentality or any product or service you provide that includes a cache control or cache busting function.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch objects to this request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects to this request to the extent it seeks to impose upon Twitch obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any applicable order of the Court.

Twitch objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party.  Twitch further objects to this request to the extent that it purports to require Twitch to disclose private or personally-identifiable information of its employees, customers, or users.  Twitch does not intend to provide such information without the consent of the relevant persons or a court order.

Twitch objects to this request as vague, ambiguous, and exceeding the boundaries of discoverable information because it is unclear what "service" this request is referring to.  Twitch objects to the extent this seeks discovery on anything not specifically charted in PersonalWeb's

FENWICK & WEST LLP
ATTORNEYS AT LAW

Infringement Contentions.   Twitch will only respond to requests concerning those accused instrumentalities specifically charted in PersonalWeb's Infringement Contentions.

Twitch objects to the term "your" and "you" on the basis identified in the General Objections above and incorporates those bases herein. Twitch will interpret "you" as Twitch Interactive, Inc. only.

Twitch further objects to the phrase "includes a cache control or cache busting function" as vague, ambiguous and not proportional to the needs of the case, as it does not identify the information sought with particularity.

Twitch objects to this request as overbroad and irrelevant because it is not limited to a particular time period and/or geographic area relevant to the case.

Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome, and unintelligible in that it seeks "any source code."

Subject to and without waiving any objections, Twitch responds as follows:

Twitch has already made available for inspection, pursuant to the terms of the protective order, source code reflecting the operation of the accused Twitch.tv website in the United States, including the revisions to that code that existed between September 14, 2012 through December 25, 2016.

Investigation and discovery are ongoing, and Twitch reserves the right to supplement, amend, or modify its response to this request as additional facts are learned and as otherwise appropriate.

**REQUEST FOR PRODUCTION NO. 45:**

All documents related to the value of your accused instrumentality, including documents regarding the value of any cache control or cache busting feature provided thereby.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch objects to this request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects

FENWICK & WEST LLP
ATTORNEYS AT LAW

TWITCH'S RESPONSES AND OBJECTIONS TO
SECOND SET OF REQUESTS FOR PRODUCTION

16

CASE NO. 5:18-md-02834-BLF
CASE NO. 5:18-cv-05619-BLF

1   to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

2   or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

3   applicable order of the Court.

4   Twitch objects to this request to the extent it seeks information that is subject to any

5   protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

6   to any third party.  Twitch further objects to this request to the extent that it purports to require

7   Twitch to disclose private or personally-identifiable information of its employees, customers, or

8   users.  Twitch does not intend to provide such information without the consent of the relevant

9   persons or a court order.

10   Twitch further objects to the phrase "cache control or cache busting function feature

11   provided thereby" as vague, ambiguous and not proportional to the needs of the case, as it does not

12   identify the information sought with particularity.

13   Twitch objects to this request as overbroad and irrelevant because it is not limited to a

14   particular time period and/or geographic area relevant to the case.

15   Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome,

16   and unintelligible in that it seeks "all documents."

17   Twitch objects to this request to the extent it is duplicative of other discovery requests,

18   including but not limited to Requests for Production Nos. 9, 14, 17-18.

19   Subject to and without waiving any objections, Twitch responds as follows:

20   Twitch will produce non-privileged, non-protected documents sufficient to show the costs

21   and benefits of using a Ruby on Rails fingerprint or a similar value that is calculated via a hash

22   algorithm and that renders the name of a file dependent on the contents of the file or ETags

23   calculated based on contents of a corresponding file during the time period of September 14, 2012

24   to December 25, 2016 for the United States, to the extent such documents exist in Twitch's

25   possession, custody, or control and can be identified upon a reasonable search, and have not already

26   been produced in response to prior requests.

27   Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

28   amend, or modify its response to this request as additional facts are learned and as otherwise

FENWICK & WEST LLP
ATTORNEYS AT LAW

1  appropriate.

2  **REQUEST FOR PRODUCTION NO. 46:**

3    All documents relating to any non-infringing alternatives or acceptable substitutes for your

4  accused instrumentality in light of the patents-in-suit.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

6    Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch

7  objects to this request to the extent it seeks information protected by the attorney-client privilege,

8  attorney work-product doctrine, joint defense privilege, common interest exception, duty of

9  confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects

10  to this request to the extent it seeks to impose upon Twitch obligations broader than, different

11  from, or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law,

12  or any applicable order of the Court.

13    Twitch objects to this request to the extent it seeks information that is subject to any

14  protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

15  to any third party.  Twitch further objects to this request to the extent that it purports to require

16  Twitch to disclose private or personally-identifiable information of its employees, customers, or

17  users.  Twitch does not intend to provide such information without the consent of the relevant

18  persons or a court order.

19    Twitch objects to this request to the extent it seeks not facts or contentions in this case, but

20  a legal opinion or legal conclusion.  Twitch further objects to this request to the extent it suggests

21  that any Twitch technology infringes the patents-in-suit; Twitch does not infringe any valid claim

22  of any claim PersonalWeb asserts in this case.  The Twitch accused technology itself is a non-

23  infringing alternative to the claimed inventions in the patent, as is any invalidating prior art

24  asserted by Twitch.

25    Twitch objects to this request as prematurely seeking expert testimony in advance of the

26  deadlines set by the Court's Local Rules and the case schedule.

27    Twitch objects to this request as overbroad and irrelevant because it is not limited to a

28  particular time period and/or geographic area relevant to the case.

FENWICK & WEST LLP
ATTORNEYS AT LAW

Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome, and unintelligible in that it seeks "all documents."

Subject to and without waiving any objections, Twitch responds as follows:

Twitch will produce non-privileged, non-protected documents relating to any non-infringing alternatives to the asserted claims of the patents-in-suit at the date provided in the Court's Local Rules and the case schedule.

Investigation and discovery are ongoing, and Twitch reserves the right to supplement, amend, or modify its response to this request as additional facts are learned and as otherwise appropriate.

**REQUEST FOR PRODUCTION NO. 47:**

All documents supporting, refuting, or relating to your contention that you are entitled to attorneys' fees under 35 U.S.C. § 285.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch objects to this request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects to this request to the extent it seeks to impose upon Twitch obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any applicable order of the Court.

Twitch objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party.  Twitch further objects to this request to the extent that it purports to require Twitch to disclose private or personally-identifiable information of its employees, customers, or users.  Twitch does not intend to provide such information without the consent of the relevant persons or a court order.

Twitch objects to this request to the extent it seeks not facts or contentions in this case, but a legal opinion or legal conclusion.

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome,

2    and unintelligible in that it seeks "all documents."

3    Twitch objects to this request as premature.

4    Subject to and without waiving any objections, Twitch responds as follows:

5    Twitch will produce any non-privileged, non-protected documents supporting its claim for

6    attorneys' fees at the time contemplated by the Court's Local Rules and case schedule, and no later

7    than in connection with its motion for attorneys' fees under § 285.

8    Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

9    amend, or modify its response to this request as additional facts are learned and as otherwise

10   appropriate.

11   **REQUEST FOR PRODUCTION NO. 48:**

12   All documents that relate to the level of skill in the art relevant to the patents-in-suit.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

14   Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch

15   objects to this request to the extent it seeks information protected by the attorney-client privilege,

16   attorney work-product doctrine, joint defense privilege, common interest exception, duty of

17   confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects

18   to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

19   or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

20   applicable order of the Court.

21   Twitch objects to this request to the extent it seeks information that is subject to any

22   protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

23   to any third party.  Twitch further objects to this request to the extent that it purports to require

24   Twitch to disclose private or personally-identifiable information of its employees, customers, or

25   users.  Twitch does not intend to provide such information without the consent of the relevant

26   persons or a court order.

27   Twitch objects to this request as overbroad and irrelevant because it is not limited to a

28   particular time period and/or geographic area relevant to the case.

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome,

2   and unintelligible in that it seeks "all documents."

3    Twitch objects to this request as seeking a legal conclusion.

4    Twitch objects to this request as prematurely seeking expert testimony before the time con-

5   templated by the Court's Local Rules and case schedule.

6    Subject to and without waiving any objections, Twitch responds as follows:

7    Twitch will provide its expert testimony regarding the appropriate level of skill in the art

8   relevant to the asserted claims of the patents-in-suit at the time, and any documents on which its

9   expert relies for purposes of that testimony, at the time contemplated by the Court's Local Rules

10   and case schedule.

11    Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

12   amend, or modify its response to this request as additional facts are learned and as otherwise

13   appropriate.

14   **REQUEST FOR PRODUCTION NO. 49:**

15    Documents sufficient to show the past and present policy or policies of Twitch, if any,

16   concerning retention, preservation, or destruction of documents.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

18    Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch

19   objects to this request to the extent it seeks information protected by the attorney-client privilege,

20   attorney work-product doctrine, joint defense privilege, common interest exception, duty of

21   confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects

22   to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

23   or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

24   applicable order of the Court.

25    Twitch objects to this request to the extent it seeks information that is subject to any

26   protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

27   to any third party.  Twitch further objects to this request to the extent that it purports to require

28   Twitch to disclose private or personally-identifiable information of its employees, customers, or

users.  Twitch does not intend to provide such information without the consent of the relevant persons or a court order.

Twitch objects to the terms "policy" and "policies" as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case, as they do not identify the items or features with specificity.

Twitch objects to this request as overbroad and irrelevant because it is not limited to a particular time period and/or geographic area relevant to the case.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch will produce non-privileged, non-protected documents sufficient to show its document retention, preservation, and destruction policies during September 14, 2012 through December 25, 2016, to the extent such documents exist in its possession, custody, or control and can be located upon a reasonable search.

Investigation and discovery are ongoing, and Twitch reserves the right to supplement, amend, or modify its response to this request as additional facts are learned and as otherwise appropriate.

**REQUEST FOR PRODUCTION NO. 50:**

All documents provided to or by any person who will be called to give testimony in this under Rule 701 of the Federal Rules of Evidence.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch objects to this request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects to this request to the extent it seeks to impose upon Twitch obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any applicable order of the Court.

Twitch objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

to any third party.  Twitch further objects to this request to the extent that it purports to require Twitch to disclose private or personally-identifiable information of its employees, customers, or users.  Twitch does not intend to provide such information without the consent of the relevant persons or a court order.

Twitch objects to this request as prematurely seeking Twitch's expert disclosures.

Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome, and unintelligible in that it seeks "all documents."

Subject to and without waiving any objections, Twitch responds as follows: Twitch will produce non-privileged, non-protected documents on which its experts will rely at the time contemplated by the Court's Local Rules and the case schedule.

Investigation and discovery are ongoing, and Twitch reserves the right to supplement, amend, or modify its response to this request as additional facts are learned and as otherwise appropriate.

**REQUEST FOR PRODUCTION NO. 51:**

All documents identified in your Rule 26(a)(1) initial disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch objects to this request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects to this request to the extent it seeks to impose upon Twitch obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any applicable order of the Court.

Twitch objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party.  Twitch further objects to this request to the extent that it purports to require Twitch to disclose private or personally-identifiable information of its employees, customers, or users.  Twitch does not intend to provide such information without the consent of the relevant

1  persons or a court order.

2       Subject to and without waiving any objections, Twitch responds as follows:

3       Twitch will produce all non-privileged and non-protected documents on which it intends to

4  rely on at trial, including those identified in its initial disclosures, and will identify those documents

5  at the time contemplated by the Court's Local Rules and case schedule.

6       Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

7  amend, or modify its response to this request as additional facts are learned and as otherwise

8  appropriate.

9  **REQUEST FOR PRODUCTION NO. 52:**

10      All documents identified in your responses, or relied upon in responding, to any of

11  PersonalWeb's interrogatories.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

13      Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch

14  objects to this request to the extent it seeks information protected by the attorney-client privilege,

15  attorney work-product doctrine, joint defense privilege, common interest exception, duty of

16  confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects

17  to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

18  or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

19  applicable order of the Court.

20      Twitch objects to this request to the extent it seeks information that is subject to any

21  protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

22  to any third party.  Twitch further objects to this request to the extent that it purports to require

23  Twitch to disclose private or personally-identifiable information of its employees, customers, or

24  users.  Twitch does not intend to provide such information without the consent of the relevant

25  persons or a court order.

26      Subject to and without waiving any objections, Twitch responds as follows:

27      Twitch will produce non-privileged, non-protected documents upon which it relies in

28  responding to PersonalWeb's interrogatories, to the extent such documents exist in Twitch's

FENWICK & WEST LLP
ATTORNEYS AT LAW

1  possession, custody, or control and can be identified upon a reasonable search.  Indeed, Twitch has

2  already produced such documents for any interrogatory responses it has served to date.

3       Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

4  amend, or modify its response to this request as additional facts are learned and as otherwise

5  appropriate.

6  **REQUEST FOR PRODUCTION NO. 53:**

7       All documents identified or relied upon or referred to in preparing your responses to any

8  discovery served upon you by PersonalWeb in this litigation.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

10      Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch

11  objects to this request to the extent it seeks information protected by the attorney-client privilege,

12  attorney work-product doctrine, joint defense privilege, common interest exception, duty of

13  confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects

14  to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

15  or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

16  applicable order of the Court.

17      Twitch objects to this request to the extent it seeks information that is subject to any

18  protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

19  to any third party.  Twitch further objects to this request to the extent that it purports to require

20  Twitch to disclose private or personally-identifiable information of its employees, customers, or

21  users.  Twitch does not intend to provide such information without the consent of the relevant

22  persons or a court order.

23      Subject to and without waiving any objections, Twitch responds as follows:

24      Twitch will produce non-privileged, non-protected documents upon which it relies in re-

25  sponding to PersonalWeb's discovery requests, to the extent such documents exist in Twitch's

26  possession, custody, or control and can be identified upon a reasonable search.

27      Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

28  amend, or modify its response to this request as additional facts are learned and as otherwise

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    appropriate.

2    **REQUEST FOR PRODUCTION NO. 54:**

3          All documents identified, relied upon, or referred to in preparing subpoenas, interrogatories,

4    requests for production, or requests for admission in this litigation.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

6          Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch

7    objects to this request to the extent it seeks information protected by the attorney-client privilege,

8    attorney work-product doctrine, joint defense privilege, common interest exception, duty of

9    confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects

10   to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

11   or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

12   applicable order of the Court.

13         Twitch objects to this request to the extent it seeks information that is subject to any

14   protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

15   to any third party.  Twitch further objects to this request to the extent that it purports to require

16   Twitch to disclose private or personally-identifiable information of its employees, customers, or

17   users.  Twitch does not intend to provide such information without the consent of the relevant

18   persons or a court order.

19         Twitch objects to this request because on its face it seeks privileged and/or work product

20   material relating to its preparation of discovery.

21         Subject to and without waiving any objections, Twitch responds as follows:

22         Twitch will produce all non-privileged, non-protected documents referred to in any

23   subpoenas, interrogatories, requests for production, or requests for admission it serves in this

24   litigation, or documents that Amazon relied upon in preparing such discovery, to the extent such

25   documents exist in its possession, custody, or control.  However, Twitch will not produce privileged

26   and/or work product documents.

27         Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

28   amend, or modify its response to this request as additional facts are learned and as otherwise

FENWICK & WEST LLP
ATTORNEYS AT LAW

1  appropriate.

2  **REQUEST FOR PRODUCTION NO. 55:**

3       All documents and communications prepared for any meeting between Twitch or its

4  attorneys and investors of Twitch, including Amazon Web Services, Inc., related to any litigation

5  involving the patents-in-suit.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

7       Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch

8  objects to this request to the extent it seeks information protected by the attorney-client privilege,

9  attorney work-product doctrine, joint defense privilege, common interest exception, duty of

10  confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects

11  to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

12  or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

13  applicable order of the Court.

14       Twitch objects to this request to the extent it seeks information that is subject to any

15  protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

16  to any third party.  Twitch further objects to this request to the extent that it purports to require

17  Twitch to disclose private or personally-identifiable information of its employees, customers, or

18  users.  Twitch does not intend to provide such information without the consent of the relevant

19  persons or a court order.

20       Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome,

21  and unintelligible in that it seeks "all documents."

22       Twitch objects to the request for "communications" related to the subject matter of the re-

23  quest to the extent it purports to include email.  Email production is not required in this case absent

24  specific request.  (*See, e.g.*, Court's [Model] Stipulation & Order Re: Discovery of Electronically

25  Stored Information for Patent Litigation ("General ESI production requests . . . shall not include

26  email or other forms of electronic correspondence.").)

27       Twitch objects to this request as irrelevant and improper.  On its face, the request seeks

28  information subject to the attorney-client privilege, common interest, and/or joint defense privilege.

1  Twitch will not produce such privileged and protected information.

2  **REQUEST FOR PRODUCTION NO. 56:**

3      Documents sufficient to show the past and present policy or policies of Twitch, if any,

4  related to avoiding the intellectual property rights of third parties, including third party patent rights.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

6      Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch

7  objects to this request to the extent it seeks information protected by the attorney-client privilege,

8  attorney work-product doctrine, joint defense privilege, common interest exception, duty of

9  confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects

10 to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

11 or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

12 applicable order of the Court.

13      Twitch objects to this request to the extent it seeks information that is subject to any

14 protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

15 to any third party.  Twitch further objects to this request to the extent that it purports to require

16 Twitch to disclose private or personally-identifiable information of its employees, customers, or

17 users.  Twitch does not intend to provide such information without the consent of the relevant

18 persons or a court order.

19      Twitch objects to this request as vague and ambiguous with respect to the phrase "policies

20 . . . for avoiding the intellectual property rights of third parties."

21      Twitch objects to this request as overbroad and irrelevant because it is not limited to a

22 particular time period and/or geographic area relevant to the case.

23      Subject to and without waiving any objections, Twitch responds as follows:

24      Twitch will produce non-privileged, non-protected documents sufficient to show its policies

25 regarding licensing of intellectual property from third parties, to the extent such documents exist in

26 Twitch's possession, custody, or control and can be identified upon a reasonable search.

27      Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

28 amend, or modify its response to this request as additional facts are learned and as otherwise

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    appropriate.

2    **REQUEST FOR PRODUCTION NO. 57:**

3        All documents on which you intend to rely to prove any claim or affirmative defense

4    asserted by you in the above-captioned litigation.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

6        Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch

7    objects to this request to the extent it seeks information protected by the attorney-client privilege,

8    attorney work-product doctrine, joint defense privilege, common interest exception, duty of

9    confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects

10   to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

11   or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

12   applicable order of the Court.

13       Twitch objects to this request to the extent it seeks information that is subject to any

14   protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

15   to any third party.  Twitch further objects to this request to the extent that it purports to require

16   Twitch to disclose private or personally-identifiable information of its employees, customers, or

17   users.  Twitch does not intend to provide such information without the consent of the relevant

18   persons or a court order.

19       Twitch objects to this request to the extent it seeks not facts or contentions in this case, but

20   a legal opinion or legal conclusion.

21       Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome,

22   and unintelligible in that it seeks "all documents."

23       Subject to and without waiving any objections, Twitch responds as follows:

24       Twitch will produce non-privileged, non-protected documents upon which it will rely at

25   trial in this case, to the extent such documents exist in Twitch's possession, custody, or control and

26   can be identified upon a reasonable search, at the appropriate time pursuant to the case schedule.

27       Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

28   amend, or modify its response to this request as additional facts are learned and as otherwise

FENWICK & WEST LLP
ATTORNEYS AT LAW

1  appropriate.

2  **REQUEST FOR PRODUCTION NO. 58:**

3      All documents regarding Twitch's investigation into the patents-in-suit and whether

4  Twitch's accused instrumentality infringes the patents-in-suit, including any studies or analyses,

5  and any opinions of counsel on which Twitch intends to rely.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

7      Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch

8  objects to this request to the extent it seeks information protected by the attorney-client privilege,

9  attorney work-product doctrine, joint defense privilege, common interest exception, duty of

10 confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects

11 to this request to the extent it seeks to impose upon Twitch obligations broader than, different

12 from, or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law,

13 or any applicable order of the Court.

14      Twitch objects to this request to the extent it seeks information that is subject to any

15 protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

16 to any third party.  Twitch further objects to this request to the extent that it purports to require

17 Twitch to disclose private or personally-identifiable information of its employees, customers, or

18 users.  Twitch does not intend to provide such information without the consent of the relevant

19 persons or a court order.

20      Twitch objects to this request to the extent it seeks not facts or contentions in this case, but

21 a legal opinion or legal conclusion.

22      Twitch objects to the term "Twitch" on the basis identified in the General Objections

23 above and incorporates those bases herein. Twitch will interpret "You" as Twitch Interactive, Inc.

24 only.

25      Subject to and without waiving any objections, Twitch responds as follows:

26      Twitch will produce non-privileged, non-protected documents it intends to rely on to prove

27 its claims and defenses, including any opinion of counsel on which it may rely, at the appropriate

28 time pursuant to the case schedule.

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

2    amend, or modify its response to this request as additional facts are learned and as otherwise

3    appropriate.

4    **REQUEST FOR PRODUCTION NO. 59:**

5    All versions of the Terms of Service or any End User License Agreement which Twitch has

6    used or posted in connection with providing its services.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

8    Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch

9    objects to this request to the extent it seeks information protected by the attorney-client privilege,

10   attorney work-product doctrine, joint defense privilege, common interest exception, duty of

11   confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects

12   to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

13   or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

14   applicable order of the Court.

15   Twitch objects to this request to the extent it seeks information that is subject to any

16   protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

17   to any third party.  Twitch further objects to this request to the extent that it purports to require

18   Twitch to disclose private or personally-identifiable information of its employees, customers, or

19   users.  Twitch does not intend to provide such information without the consent of the relevant

20   persons or a court order.

21   Twitch objects to this request to the extent it seeks information equally available to

22   PersonalWeb in the public domain.

23   Twitch objects to this request as vague, ambiguous, and exceeding the boundaries of

24   discoverable information because it is unclear what "services" this request is referring to.  Twitch

25   objects to the extent this seeks discovery on anything not specifically charted in PersonalWeb's

26   Infringement Contentions.   Twitch will only respond to requests concerning those accused

27   instrumentalities specifically charted in PersonalWeb's Infringement Contentions.

28   Twitch objects to this request to the extent it seeks information that is neither relevant to

FENWICK & WEST LLP
ATTORNEYS AT LAW

TWITCH'S RESPONSES AND OBJECTIONS TO
SECOND SET OF REQUESTS FOR PRODUCTION                31                CASE NO. 5:18-md-02834-BLF
CASE NO. 5:18-cv-05619-BLF

1   any claim or defense in this action nor proportional to the needs of the case.

2       Twitch objects to this request as overbroad and irrelevant because it is not limited to a

3   particular time period and/or geographic area relevant to the case.

4       Subject to and without waiving any objections, Twitch responds as follows:

5       Twitch will produce non-privileged, non-protected documents sufficient to show Twitch's

6   terms of service and end-user license agreements during the time period of September 14, 2012 to

7   December 25, 2016 for the United States, to the extent such documents exist in Twitch's possession,

8   custody, or control and can be identified upon a reasonable search.

9       Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

10  amend, or modify its response to this request as additional facts are learned and as otherwise

11  appropriate.

12  **REQUEST FOR PRODUCTION NO. 60:**

13      All manuals showing the operation of the software of the accused instrumentality.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

15      Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch

16  objects to this request to the extent it seeks information protected by the attorney-client privilege,

17  attorney work-product doctrine, joint defense privilege, common interest exception, duty of

18  confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects

19  to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

20  or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

21  applicable order of the Court.

22      Twitch objects to this request to the extent it seeks information that is subject to any

23  protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

24  to any third party.  Twitch further objects to this request to the extent that it purports to require

25  Twitch to disclose private or personally-identifiable information of its employees, customers, or

26  users.  Twitch does not intend to provide such information without the consent of the relevant

27  persons or a court order.

28      Twitch objects to this request to the extent it seeks information equally available to

FENWICK & WEST LLP
ATTORNEYS AT LAW

1  PersonalWeb in the public domain.

2  Twitch objects to this request as overbroad and irrelevant because it is not limited to a

3  particular time period and/or geographic area relevant to the case.

4  Subject to and without waiving any objections, Twitch responds as follows:

5  Twitch will produce non-privileged, non-protected technical manuals and documentation

6  (to the extent Twitch understands this term) relating to the accused features of Twitch.tv, during

7  the time period of September 14, 2012 to December 25, 2016 for the United States, to the extent

8  such documents existed in Twitch's possession, custody, or control and can be identified upon a

9  reasonable search.

10  Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

11  amend, or modify its response to this request as additional facts are learned and as otherwise

12  appropriate.

13  **REQUEST FOR PRODUCTION NO. 61:**

14  All software specifications regarding the operation of the software of the accused

15  instrumentality.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

17  Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch

18  objects to this request to the extent it seeks information protected by the attorney-client privilege,

19  attorney work-product doctrine, joint defense privilege, common interest exception, duty of

20  confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects

21  to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

22  or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

23  applicable order of the Court.

24  Twitch objects to this request to the extent it seeks information that is subject to any

25  protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

26  to any third party.  Twitch further objects to this request to the extent that it purports to require

27  Twitch to disclose private or personally-identifiable information of its employees, customers, or

28  users.  Twitch does not intend to provide such information without the consent of the relevant

FENWICK & WEST LLP
ATTORNEYS AT LAW

persons or a court order.

Twitch objects to this request as overbroad and irrelevant because it is not limited to a particular time period and/or geographic area relevant to the case.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch will produce non-privileged, non-protected software specification and technical documents relating to the accused features of Twitch.tv, during the time period of September 14, 2012 to December 25, 2016 for the United States, to the extent such documents existed in Twitch's possession, custody, or control and can be identified upon a reasonable search.

Investigation and discovery are ongoing, and Twitch reserves the right to supplement, amend, or modify its response to this request as additional facts are learned and as otherwise appropriate.

**REQUEST FOR PRODUCTION NO. 62:**

All documents exchanged between Twitch, its employees, contractor and representatives or exchanged with third parties regarding the development of the software or hardware of Twitch's accused instrumentality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch objects to this request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects to this request to the extent it seeks to impose upon Twitch obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any applicable order of the Court.

Twitch objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party.  Twitch further objects to this request to the extent that it purports to require Twitch to disclose private or personally-identifiable information of its employees, customers, or users.  Twitch does not intend to provide such information without the consent of the relevant

FENWICK & WEST LLP
ATTORNEYS AT LAW

1  persons or a court order.

2       Twitch objects to this request to the extent it seeks information that is neither relevant to

3  any claim or defense in this action nor proportional to the needs of the case.

4       Twitch objects to the term "Twitch" on the basis identified in the General Objections above

5  and incorporates those bases herein. Twitch will interpret "Twitch" as Twitch Interactive, Inc. only.

6       Twitch objects to this request as overbroad and irrelevant because it is not limited to a

7  particular time period and/or geographic area relevant to the case.

8       Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome,

9  and unintelligible in that it seeks "all documents."

10      Subject to and without waiving any objections, Twitch responds as follows:

11      Twitch will produce non-privileged, non-protected documents sufficient to show the

12  technical design, operation, and functionality of the accused features of Twitch.tv during the time

13  period of September 14, 2012 to December 25, 2016 for the United States, to the extent such

14  documents existed in Twitch's possession, custody, or control and can be identified upon a

15  reasonable search.

16      Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

17  amend, or modify its response to this request as additional facts are learned and as otherwise

18  appropriate.

19  **REQUEST FOR PRODUCTION NO. 63:**

20      All documents regarding the compliance of Twitch's customers or end users with any Terms

21  of Service or End User License Agreement that Twitch has used or posted in connection with

22  providing its services.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

24      Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch

25  objects to this request to the extent it seeks information protected by the attorney-client privilege,

26  attorney work-product doctrine, joint defense privilege, common interest exception, duty of

27  confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects

28  to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

FENWICK & WEST LLP
ATTORNEYS AT LAW

or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any applicable order of the Court.

Twitch objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party. Twitch further objects to this request to the extent that it purports to require Twitch to disclose private or personally-identifiable information of its employees, customers, or users. Twitch does not intend to provide such information without the consent of the relevant persons or a court order.

Twitch objects to the term "Twitch" on the basis identified in the General Objections above and incorporates those bases herein. Twitch will interpret "Twitch" as Twitch Interactive, Inc. only.

Twitch objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor proportional to the needs of the case.

Twitch objects to this request as vague, ambiguous, and exceeding the boundaries of discoverable information because it is unclear what "services" this request is referring to. Twitch objects to the extent this seeks discovery on anything not specifically charted in PersonalWeb's Infringement Contentions. Twitch will only respond to requests concerning those accused instrumentalities specifically charted in PersonalWeb's Infringement Contentions.

Twitch objects to this request to the extent it seeks information regarding its customers actions and decisions; such information is either outside of Twitch's possession, custody, or control or comprises customer information subject to Twitch's privacy obligations.

Twitch objects to this request as overbroad and irrelevant because it is not limited to a particular time period and/or geographic area relevant to the case.

Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome, and unintelligible in that it seeks "all documents."

Subject to and without waiving any objections, Twitch responds as follows:

Twitch will produce non-privileged, non-protected documents sufficient to show Twitch's terms of service and end-user license agreements for Twitch.tv during September 14, 2012 to December 25, 2016 for the United States, and documents relating to its customers' compliance with

FENWICK & WEST LLP
ATTORNEYS AT LAW

those terms, to the extent such documents exist in Twitch's possession, custody, or control and can be identified upon a reasonable search.

Investigation and discovery are ongoing, and Twitch reserves the right to supplement, amend, or modify its response to this request as additional facts are learned and as otherwise appropriate.

**REQUEST FOR PRODUCTION NO. 64:**

All documents regarding the benefits of Twitch's customers or end users complying with the Terms of Service or End User License agreements that Twitch has used or posted in connection with providing its services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch objects to this request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects to this request to the extent it seeks to impose upon Twitch obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any applicable order of the Court.

Twitch objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party. Twitch further objects to this request to the extent that it purports to require Twitch to disclose private or personally-identifiable information of its employees, customers, or users. Twitch does not intend to provide such information without the consent of the relevant persons or a court order.

Twitch objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor proportional to the needs of the case.

Twitch objects to the term "Twitch" on the basis identified in the General Objections above and incorporates those bases herein. Twitch will interpret "Twitch" as Twitch Interactive, Inc. only.

Twitch objects to this request as overbroad and irrelevant because it is not limited to a

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    particular time period and/or geographic area relevant to the case.

2          Twitch objects to this request as unreasonably duplicative and/or redundant of Request Nos.

3    59 and 63.

4          Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome,

5    and unintelligible in that it seeks "all documents."

6          Twitch will produce non-privileged, non-protected documents regarding the purported ben-

7    efits to Twitch of its customers complying with its terms of use and end-user licenses for Twitch.tv

8    during September 14, 2012 to December 25, 2016 in the United States, to the extent such documents

9    exist in its possession, custody or control and can be located upon a reasonable search.

10         Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

11   amend, or modify its response to this request as additional facts are learned and as otherwise

12   appropriate.

13   **REQUEST FOR PRODUCTION NO. 65:**

14         All documents regarding the manner in which the accused instrumentality interfaces with

15   Amazon's S3 System.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

17         Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch

18   objects to this request to the extent it seeks information protected by the attorney-client privilege,

19   attorney work-product doctrine, joint defense privilege, common interest exception, duty of

20   confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects

21   to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

22   or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

23   applicable order of the Court.

24         Twitch objects to this request to the extent it seeks information that is subject to any

25   protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

26   to any third party.  Twitch further objects to this request to the extent that it purports to require

27   Twitch to disclose private or personally-identifiable information of its employees, customers, or

28   users.  Twitch does not intend to provide such information without the consent of the relevant

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    persons or a court order.

2        Twitch objects to this request to the extent it seeks discovery on Amazon S3.  PersonalWeb

3    is barred from asserting any claim of infringement in any case based on the use or operation of

4    Amazon S3.  (*See* 5:18-md-02834 Dkt. 381.)  To the extent Twitch provides discovery on S3, it

5    does so explicitly without waiver of this objection.

6        Twitch objects to the term "interfaces" as vague and ambiguous, overly broad, unduly

7    burdensome, and not proportional to the needs of the case, as they do not identify the items or

8    features with specificity.

9        Twitch objects to this request as overbroad and irrelevant because it is not limited to a

10   particular time period and/or geographic area relevant to the case.

11       Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome,

12   and unintelligible in that it seeks "all documents."

13       Subject to and without waiving any objections, Twitch responds as follows:

14       Twitch will produce non-privileged, non-protected documents sufficient to show the

15   technical design, operation, and functionality of the accused features of Twitch.tv during the time

16   period of September 14, 2012 to December 25, 2016 for the United States, to the extent such

17   documents existed in Twitch's possession, custody, or control and can be identified upon a

18   reasonable search.

19       Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

20   amend, or modify its response to this request as additional facts are learned and as otherwise

21   appropriate.

22   **REQUEST FOR PRODUCTION NO. 66:**

23       All documents regarding the manner in which the accused instrumentality interfaces with

24   the CloudFront System.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

26       Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch

27   objects to this request to the extent it seeks information protected by the attorney-client privilege,

28   attorney work-product doctrine, joint defense privilege, common interest exception, duty of

FENWICK & WEST LLP
ATTORNEYS AT LAW

confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects to this request to the extent it seeks to impose upon Twitch obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any applicable order of the Court.

Twitch objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party.  Twitch further objects to this request to the extent that it purports to require Twitch to disclose private or personally-identifiable information of its employees, customers, or users.  Twitch does not intend to provide such information without the consent of the relevant persons or a court order.

Twitch objects to the term "interfaces" as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case, as they do not identify the items or features with specificity.

Twitch objects to this request as overbroad and irrelevant because it is not limited to a particular time period and/or geographic area relevant to the case.

Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome, and unintelligible in that it seeks "all documents."

Amazon Web Services, Inc. is a separate company with a separate set of accused technologies.  Any requests for information relating to CloudFront should be made to Amazon Web Services, Inc. itself.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch did not use CloudFront during the relevant time period of September 14, 2012 to December 25, 2016.  Accordingly, Twitch will not search for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 67:**

All versions of source code reflecting the design and development of the source code used for the accused instrumentality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch

FENWICK & WEST LLP
ATTORNEYS AT LAW

objects to this request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects to this request to the extent it seeks to impose upon Twitch obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any applicable order of the Court.

Twitch objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party.  Twitch further objects to this request to the extent that it purports to require Twitch to disclose private or personally-identifiable information of its employees, customers, or users.  Twitch does not intend to provide such information without the consent of the relevant persons or a court order.

Twitch objects to this request as overbroad and irrelevant because it is not limited to a particular time period and/or geographic area relevant to the case.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch has already made available for inspection, pursuant to the terms of the protective order, source code reflecting the operation of the accused Twitch.tv website available in the United States, including the revisions to that code that existed between September 14, 2012 through December 25, 2016.

Investigation and discovery are ongoing, and Twitch reserves the right to supplement, amend, or modify its response to this request as additional facts are learned and as otherwise appropriate.

**REQUEST FOR PRODUCTION NO. 68:**

All versions of source code reflecting the source code used by Twitch to provide the accused instrumentality to its customers or end users.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch objects to this request to the extent it seeks information protected by the attorney-client privilege,

attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects to this request to the extent it seeks to impose upon Twitch obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any applicable order of the Court.

Twitch objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party.  Twitch further objects to this request to the extent that it purports to require Twitch to disclose private or personally-identifiable information of its employees, customers, or users.  Twitch does not intend to provide such information without the consent of the relevant persons or a court order.

Twitch objects to the term "Twitch" on the basis identified in the General Objections above and incorporates those bases herein. Twitch will interpret "Twitch" as Twitch Interactive, Inc. only.

Twitch objects to this request as overbroad and irrelevant because it is not limited to a particular time period and/or geographic area relevant to the case.

Twitch objects to this request to the extent it is duplicative of other discovery requests, including but not limited to Requests for Production No. 67.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch has already made available for inspection, pursuant to the terms of the protective order, source code reflecting the operation of the accused Twitch.tv website available in the United States, including the revisions to that code that existed between September 14, 2012 through December 25, 2016.

Investigation and discovery are ongoing, and Twitch reserves the right to supplement, amend, or modify its response to this request as additional facts are learned and as otherwise appropriate.

## REQUEST FOR PRODUCTION NO. 69:

All documents regarding the locations of any content delivery servers used by Twitch or Amazon in connection with Twitch providing the accused instrumentality to its customers or end

FENWICK & WEST LLP
ATTORNEYS AT LAW

1  users.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

3      Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch

4  objects to this request to the extent it seeks information protected by the attorney-client privilege,

5  attorney work-product doctrine, joint defense privilege, common interest exception, duty of

6  confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects

7  to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

8  or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

9  applicable order of the Court.

10      Twitch objects to this request to the extent it seeks information that is subject to any

11  protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

12  to any third party.  Twitch further objects to this request to the extent that it purports to require

13  Twitch to disclose private or personally-identifiable information of its employees, customers, or

14  users.  Twitch does not intend to provide such information without the consent of the relevant

15  persons or a court order.

16      Twitch objects to this request to the extent it seeks information that is neither relevant to

17  any claim or defense in this action nor proportional to the needs of the case.

18      Twitch objects to the term "Twitch" on the basis identified in the General Objections above

19  and incorporates those bases herein. Twitch will interpret "Twitch" as Twitch Interactive, Inc. only.

20      Twitch objects to the term "Amazon" as vague and ambiguous, overly broad, unduly

21  burdensome, and not proportional to the needs of the case, as they do not identify the items or

22  features with specificity.  Twitch will interpret this term to mean Amazon.com, Inc. and Amazon

23  Web Services, Inc.

24      Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome,

25  and unintelligible in that it seeks "all documents."

26      Twitch objects to this request because it is grossly overbroad and is not relevant to any issue

27  in this case.  For example, the request on its face seeks information relating to the location of any

28  servers that Twitch relies on in connection with content delivery network services, even if those

FENWICK & WEST LLP
ATTORNEYS AT LAW

1   servers are not directly related to provision of the specific Twitch.tv services and features accused

2   in this litigation. Twitch's use of content delivery networks, without specific limitations to

3   Twitch.tv, is not relevant to this case.

4   **REQUEST FOR PRODUCTION NO. 70:**

5       All documents regarding any change in the functionality of the accused instrumentality and

6   the manner in which it operates.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

8       Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch

9   objects to this request to the extent it seeks information protected by the attorney-client privilege,

10  attorney work-product doctrine, joint defense privilege, common interest exception, duty of

11  confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects

12  to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

13  or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

14  applicable order of the Court.

15      Twitch objects to this request to the extent it seeks information that is subject to any

16  protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

17  to any third party.  Twitch further objects to this request to the extent that it purports to require

18  Twitch to disclose private or personally-identifiable information of its employees, customers, or

19  users.  Twitch does not intend to provide such information without the consent of the relevant

20  persons or a court order.

21      Twitch objects to this request as overbroad and irrelevant because it is not limited to a

22  particular time period and/or geographic area relevant to the case.

23      Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome,

24  and unintelligible in that it seeks "all documents."

25      Subject to and without waiving any objections, Twitch responds as follows:

26      Twitch has already made available for inspection, pursuant to the terms of the protective

27  order, source code reflecting the operation of the accused Twitch.tv website in the United States,

28  including the revisions to that code that existed between September 14, 2012 through December

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    25, 2016.

2        Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

3    amend, or modify its response to this request as additional facts are learned and as otherwise

4    appropriate.

5    **REQUEST FOR PRODUCTION NO. 71:**

6        All documents regarding Twitch's acquisition by Amazon Web Services, Inc.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

8        Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch

9    objects to this request to the extent it seeks information protected by the attorney-client privilege,

10   attorney work-product doctrine, joint defense privilege, common interest exception, duty of

11   confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects

12   to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

13   or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

14   applicable order of the Court.

15       Twitch objects to this request to the extent it seeks information that is subject to any

16   protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

17   to any third party.  Twitch further objects to this request to the extent that it purports to require

18   Twitch to disclose private or personally-identifiable information of its employees, customers, or

19   users.  Twitch does not intend to provide such information without the consent of the relevant

20   persons or a court order.

21       Twitch objects to this request to the extent it seeks information equally available to

22   PersonalWeb in the public domain.

23       Twitch objects to this request as it seeks information that is neither relevant to any claim or

24   defense in this action nor proportional to the needs of the case.  Twitch's acquisition by Amazon

25   Web Services, Inc., a separate company, is not relevant to any issue in the case against Twitch. Any

26   documents showing the revenue generated by Amazon cannot be used as a basis for any damages

27   calculations for claims against Twitch.

28       Twitch further objects to this request as seeking information that is neither relevant to any

FENWICK & WEST LLP
ATTORNEYS AT LAW

1   claim or defense because it is not limited to any accused technology in this case.

2          Twitch objects to the term "Twitch" on the basis identified in the General Objections above

3   and incorporates those bases herein. Twitch will interpret "Twitch" as Twitch Interactive, Inc. only.

4          Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome,

5   and unintelligible in that it seeks "all documents."   For example, on its face this request seeks every

6   single document relating in any way to Amazon Web Services, Inc.'s acquisition of Twitch.  Such

7   documents have no connection to the value of the accused technology in this case or to the

8   hypothetical negotiation between Twitch and PersonalWeb; they are irrelevant and not proportional

9   to the needs of the case.

10  **REQUEST FOR PRODUCTION NO. 72:**

11         All documents regarding the investments and improvements in the accused instrumentality,

12  including investments and improvements made to the infrastructure, software or hardware of

13  Twitch's accused instrumentality.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

15         Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch

16  objects to this request to the extent it seeks information protected by the attorney-client privilege,

17  attorney work-product doctrine, joint defense privilege, common interest exception, duty of

18  confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects

19  to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

20  or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

21  applicable order of the Court.

22         Twitch objects to this request to the extent it seeks information that is subject to any

23  protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

24  to any third party.  Twitch further objects to this request to the extent that it purports to require

25  Twitch to disclose private or personally-identifiable information of its employees, customers, or

26  users.  Twitch does not intend to provide such information without the consent of the relevant

27  persons or a court order.

28         Twitch objects to the term "Twitch" on the basis identified in the General Objections above

FENWICK & WEST LLP
ATTORNEYS AT LAW

and incorporates those bases herein. Twitch will interpret "Twitch" as Twitch Interactive, Inc. only.

Twitch objects to the terms "investments" and "improvements" as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case, as they do not identify the items or features with specificity.

Twitch further objects to this request as vague and ambiguous, overly broad, and not proportional to the needs of the case because not every change to Twitch.tv is relevant to the issues in the litigation.

Twitch objects to this request as overbroad and irrelevant because it is not limited to a particular time period and/or geographic area relevant to the case.

Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome, and unintelligible in that it seeks "all documents."

Subject to and without waiving any objections, Twitch responds as follows:

Twitch has already made available for inspection, pursuant to the terms of the protective order, source code reflecting the operation of the accused Twitch.tv website in the United States, including the revisions to that code that existed between September 14, 2012 through December 25, 2016, to the extent such documents exist in Twitch's possession, custody, or control and can be identified upon a reasonable search.

Investigation and discovery are ongoing, and Twitch reserves the right to supplement, amend, or modify its response to this request as additional facts are learned and as otherwise appropriate.

**REQUEST FOR PRODUCTION NO. 73:**

All documents regarding Twitch's forecasts and plans regarding the sales and commercial success of Twitch, including the investments and improvements Twitch plans to perform to the infrastructure, software or hardware of the accused instrumentality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch objects to this request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of

FENWICK & WEST LLP
ATTORNEYS AT LAW

1  confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects

2  to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

3  or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

4  applicable order of the Court.

5      Twitch objects to this request to the extent it seeks information that is subject to any

6  protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

7  to any third party.  Twitch further objects to this request to the extent that it purports to require

8  Twitch to disclose private or personally-identifiable information of its employees, customers, or

9  users.  Twitch does not intend to provide such information without the consent of the relevant

10  persons or a court order.

11      Twitch objects to the term "Twitch" on the basis identified in the General Objections above

12  and incorporates those bases herein. Twitch will interpret "Twitch" as Twitch Interactive, Inc. only.

13      Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome,

14  and unintelligible.  For example, Twitch objects to the undefined phrases "Twitch's forecasts and

15  plans regarding the sales and commercial success of Twitch," and "investments and improvements

16  Twitch plans to perform to the infrastructure, software or hardware" as vague and ambiguous,

17  overly broad, unduly burdensome, and not proportional to the needs of the case, as they do not

18  identify the items or features with specificity.

19      Twitch further objects to this request because projected sales related to the accused

20  instrumentality are not relevant to any issue in the case as the asserted patents have expired.

21      Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome,

22  and unintelligible in that it seeks "all documents."

23      Subject to and without waiving any objections, Twitch responds as follows:

24      Twitch has already produced non-privileged, non-protected documents sufficient to show

25  revenue information from the www.twitch.tv website during the time period of September 14, 2012

26  to December 25, 2016 for the United States, to the extent such documents exist in Twitch's

27  possession, custody, or control and can be identified upon a reasonable search.

28      Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    amend, or modify its response to this request as additional facts are learned and as otherwise

2    appropriate.

3    **REQUEST FOR PRODUCTION NO. 74:**

4         All documents regarding the timeframe for when Twitch plans to be profitable, including

5    estimated forecasts or plans for profitability.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

7         Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch

8    objects to this request to the extent it seeks information protected by the attorney-client privilege,

9    attorney work-product doctrine, joint defense privilege, common interest exception, duty of

10   confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects

11   to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

12   or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

13   applicable order of the Court.

14        Twitch objects to this request to the extent it seeks information that is subject to any

15   protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

16   to any third party.  Twitch further objects to this request to the extent that it purports to require

17   Twitch to disclose private or personally-identifiable information of its employees, customers, or

18   users.  Twitch does not intend to provide such information without the consent of the relevant

19   persons or a court order.

20        Twitch objects to the term "Twitch" on the basis identified in the General Objections above

21   and incorporates those bases herein. Twitch will interpret "Twitch" as Twitch Interactive, Inc. only.

22        Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome,

23   and unintelligible.  For example, Twitch objects to the undefined phrases "timeframe for when

24   Twitch plans to be profitable" and "estimated forecasts or plans for profitability" as vague and

25   ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case, as they

26   do not identify the items or features with specificity.

27        Twitch further objects to this request because projected revenues related to the accused

28   instrumentality are not relevant to any issue in the case as the asserted patents have expired.

FENWICK & WEST LLP
ATTORNEYS AT LAW

1   Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome,

2   and unintelligible in that it seeks "all documents."

3   **REQUEST FOR PRODUCTION NO. 75:**

4   All documents regarding any freedom to operate analysis or competitive analysis for the

5   accused instrumentality.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

7   Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch

8   objects to this request to the extent it seeks information protected by the attorney-client privilege,

9   attorney work-product doctrine, joint defense privilege, common interest exception, duty of

10  confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects

11  to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

12  or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

13  applicable order of the Court.

14  Twitch objects to this request to the extent it seeks information that is subject to any

15  protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

16  to any third party.  Twitch further objects to this request to the extent that it purports to require

17  Twitch to disclose private or personally-identifiable information of its employees, customers, or

18  users.  Twitch does not intend to provide such information without the consent of the relevant

19  persons or a court order.

20  Twitch objects to this request to the extent it seeks information that is neither relevant to

21  any claim or defense in this action nor proportional to the needs of the case.

22  Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome,

23  and unintelligible in that it seeks "all documents."

24  Subject to and without waiving any objections, Twitch responds as follows:

25  Twitch has already produced non-privileged, non-protected documents sufficient to show

26  what if any technical features impacted the market position of the Twitch.tv website in the United

27  States during the time period of September 14, 2012 to December 25, 2016.

28  Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

FENWICK & WEST LLP
ATTORNEYS AT LAW

amend, or modify its response to this request as additional facts are learned and as otherwise appropriate.

**REQUEST FOR PRODUCTION NO. 76:**

All documents regarding the accuracy of the content provided by the accused instrumentality in response to customer or end user requests for content.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch objects to this request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects to this request to the extent it seeks to impose upon Twitch obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any applicable order of the Court.

Twitch objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party.  Twitch further objects to this request to the extent that it purports to require Twitch to disclose private or personally-identifiable information of its employees, customers, or users.  Twitch does not intend to provide such information without the consent of the relevant persons or a court order.

Twitch objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor proportional to the needs of the case.

Twitch objects to the undefined term "accuracy of the content" as vague and ambiguous, not relevant to any claim or defense, overly broad, unduly burdensome, and not proportional to the needs of the case, as it does not identify the item with specificity.

Twitch objects to this request as overbroad and irrelevant because it is not limited to a particular time period and/or geographic area relevant to the case.

Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome, and unintelligible in that it seeks "all documents."

FENWICK & WEST LLP
ATTORNEYS AT LAW

**REQUEST FOR PRODUCTION NO. 77:**

All documents regarding the latency of the content provided by the accused instrumentality in response to customer or end user requests for content.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch objects to this request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects to this request to the extent it seeks to impose upon Twitch obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any applicable order of the Court.

Twitch objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party.  Twitch further objects to this request to the extent that it purports to require Twitch to disclose private or personally-identifiable information of its employees, customers, or users.  Twitch does not intend to provide such information without the consent of the relevant persons or a court order.

Twitch objects to the undefined term "latency of the content" as vague and ambiguous, not relevant to any claim or defense, overly broad, unduly burdensome, and not proportional to the needs of the case, as it does not identify the item with specificity.

Twitch objects to this request to the extent it seeks information that is neither relevant to any claim or defense in this action nor proportional to the needs of the case.

Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome, and unintelligible in that it seeks "all documents."

Twitch objects to this request to the extent it is duplicative of other discovery requests, including but not limited to Requests for Production Nos. 12-14 and 17.

Twitch objects to this request as overbroad and irrelevant because it is not limited to a particular time period and/or geographic area relevant to the case.

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    Subject to and without waiving any objections, Twitch responds as follows:

2    Twitch is not aware of any further responsive, non-privileged and non-protected documents

3    that are not redundant of Request Nos. 12-14 and 17.

4    Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

5    amend, or modify its response to this request as additional facts are learned and as otherwise

6    appropriate.

7    **REQUEST FOR PRODUCTION NO. 78:**

8    All documents regarding any cache busting or cache control feature provided by the accused

9    instrumentality.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

11   Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch

12   objects to this request to the extent it seeks information protected by the attorney-client privilege,

13   attorney work-product doctrine, joint defense privilege, common interest exception, duty of

14   confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects

15   to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

16   or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

17   applicable order of the Court.

18   Twitch objects to this request to the extent it seeks information that is subject to any

19   protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

20   to any third party.  Twitch further objects to this request to the extent that it purports to require

21   Twitch to disclose private or personally-identifiable information of its employees, customers, or

22   users.  Twitch does not intend to provide such information without the consent of the relevant

23   persons or a court order.

24   Twitch objects to the undefined terms "cache busting" and "cache control" as vague and

25   ambiguous, not relevant to any claim or defense, overly broad, unduly burdensome, and not

26   proportional to the needs of the case, as it does not identify the item with specificity.

27   Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome,

28   and unintelligible in that it seeks "all documents."

Fenwick & West LLP
Attorneys at Law

Twitch's Responses and Objections to
Second Set of Requests for Production                53                CASE NO. 5:18-md-02834-BLF
CASE NO. 5:18-cv-05619-BLF

1   Twitch objects to this request to the extent it is duplicative of other discovery requests,

2   including but not limited to Requests for Production Nos. 9, 14, 17-18.

3   Twitch objects to this request as overbroad and irrelevant because it is not limited to a

4   particular time period and/or geographic area relevant to the case.

5   Subject to and without waiving any objections, Twitch responds as follows:

6   Twitch will produce algorithm and that renders the name of a file dependent on the contents

7   of the file or ETags calculated based on contents of a corresponding file for Twitch.tv during the

8   time period of September 14, 2012 to December 25, 2016 for the United States, to the extent such

9   documents exist in Twitch's possession, custody, or control and can be identified upon a reasonable

10  search, and has not already been produced in response to prior requests.

11  Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

12  amend, or modify its response to this request as additional facts are learned and as otherwise

13  appropriate.

14  **REQUEST FOR PRODUCTION NO. 79:**

15  All documents regarding whether the use of ETags assisted with customer or end user

16  compliance with any Terms of Service or End User License Agreement used or posted by Twitch.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

18  Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch

19  objects to this request to the extent it seeks information protected by the attorney-client privilege,

20  attorney work-product doctrine, joint defense privilege, common interest exception, duty of

21  confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects

22  to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

23  or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

24  applicable order of the Court.

25  Twitch objects to this request to the extent it seeks information that is subject to any

26  protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

27  to any third party.  Twitch further objects to this request to the extent that it purports to require

28  Twitch to disclose private or personally-identifiable information of its employees, customers, or

FENWICK & WEST LLP
ATTORNEYS AT LAW

1   users.  Twitch does not intend to provide such information without the consent of the relevant
2   persons or a court order.

3       Twitch objects to the undefined terms "ETags"" as vague and ambiguous, not relevant to
4   any claim or defense, overly broad, unduly burdensome, and not proportional to the needs of the
5   case, as it does not identify the item with specificity.  Twitch will interpret this term as ETags
6   calculated based on contents of a corresponding file.

7       Twitch objects to this request as overbroad and irrelevant because it is not limited to a
8   particular time period and/or geographic area relevant to the case.

9        Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome,
10  and unintelligible in that it seeks "all documents."

11      Subject to and without waiving any objections, Twitch responds as follows:

12      Twitch will produce non-privileged and non-protected documents sufficient to show
13  whether the use of ETags has any impact on compliance with Twitch's terms of service or end-user
14  license agreements for Twitch.tv in the United States between during September 14, 2012 through
15  December 25, 2016, to the extent such documents exist in its possession, custody, or control.

16      Investigation and discovery are ongoing, and Twitch reserves the right to supplement,
17  amend, or modify its response to this request as additional facts are learned and as otherwise
18  appropriate.

19  **REQUEST FOR PRODUCTION NO. 80:**

20      All documents regarding whether the use of fingerprints assisted with customer or end user
21  compliance with any Terms of Service or End User License Agreement used or posted by Twitch.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

23      Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch
24  objects to this request to the extent it seeks information protected by the attorney-client privilege,
25  attorney work-product doctrine, joint defense privilege, common interest exception, duty of
26  confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects
27  to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,
28  or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

FENWICK & WEST LLP
ATTORNEYS AT LAW

1  applicable order of the Court.

2       Twitch objects to this request to the extent it seeks information that is subject to any

3  protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

4  to any third party.  Twitch further objects to this request to the extent that it purports to require

5  Twitch to disclose private or personally-identifiable information of its employees, customers, or

6  users.  Twitch does not intend to provide such information without the consent of the relevant

7  persons or a court order.

8       Twitch objects to the term "Twitch" on the basis identified in the General Objections above

9  and incorporates those bases herein. Twitch will interpret "Twitch" as Twitch Interactive, Inc. only.

10      Twitch objects to the undefined terms "fingerprints"" as vague and ambiguous, not relevant

11 to any claim or defense, overly broad, unduly burdensome, and not proportional to the needs of the

12 case, as it does not identify the item with specificity.  Twitch will interpret this term as a Ruby on

13 Rails fingerprint or a similar value that is calculated via a hash algorithm and that renders the name

14 of a file dependent on the contents of the file.

15      Twitch objects to this request as overbroad and irrelevant because it is not limited to a

16 particular time period and/or geographic area relevant to the case.

17      Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome,

18 and unintelligible in that it seeks "all documents."

19      Subject to and without waiving any objections, Twitch responds as follows:

20      Twitch will produce non-privileged, non-protected documents sufficient to show the impact

21 of using a Ruby on Rails fingerprint or a similar value that is calculated via a hash algorithm and

22 that renders the name of a file dependent on the contents of the file or ETags calculated based on

23 contents of a corresponding file on end users' compliance with Twitch's terms of service on

24 Twitch.tv, in the United States during September 14, 2012 through December 25, 2016, to the

25 extent such documents exist in its possession, custody or control.

26      Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

27 amend, or modify its response to this request as additional facts are learned and as otherwise

28 appropriate.

FENWICK & WEST LLP
ATTORNEYS AT LAW

1 **REQUEST FOR PRODUCTION NO. 81:**

2    All documents you intend to introduce at trial in the above-captioned litigation or in any

3 related proceeding.

4 **RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

5    Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch

6 objects to this request to the extent it seeks information protected by the attorney-client privilege,

7 attorney work-product doctrine, joint defense privilege, common interest exception, duty of

8 confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects

9 to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

10 or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

11 applicable order of the Court.

12    Twitch objects to this request to the extent it seeks information that is subject to any

13 protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

14 to any third party.  Twitch further objects to this request to the extent that it purports to require

15 Twitch to disclose private or personally-identifiable information of its employees, customers, or

16 users.  Twitch does not intend to provide such information without the consent of the relevant

17 persons or a court order.

18    Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome,

19 and unintelligible in that it seeks "all documents."

20    Subject to and without waiving any objections, Twitch responds as follows:

21    Twitch will produce non-privileged, non-protected documents responsive to this request, to

22 the extent such documents exist in Twitch's possession, custody, or control and can be identified

23 upon a reasonable search, at the appropriate time pursuant to the case schedule.

24    Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

25 amend, or modify its response to this request as additional facts are learned and as otherwise

26 appropriate.

27 **REQUEST FOR PRODUCTION NO. 82:**

28    Documents sufficient to identify the name, title, and relationship of current officers,

1  directors, and management at Twitch.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

3  Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch

4  objects to this request to the extent it seeks information protected by the attorney-client privilege,

5  attorney work-product doctrine, joint defense privilege, common interest exception, duty of

6  confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects

7  to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

8  or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

9  applicable order of the Court.

10  Twitch objects to this request to the extent it seeks information that is subject to any

11  protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

12  to any third party.  Twitch further objects to this request to the extent that it purports to require

13  Twitch to disclose private or personally-identifiable information of its employees, customers, or

14  users.  Twitch does not intend to provide such information without the consent of the relevant

15  persons or a court order.

16  Twitch objects to the term "Twitch" on the basis identified in the General Objections above

17  and incorporates those bases herein. Twitch will interpret "Twitch" as Twitch Interactive, Inc. only.

18  Twitch objects to this request as overbroad and irrelevant because it is not limited to a

19  particular time period and/or geographic area relevant to the case.

20  Twitch objects to this request because it seeks information that is neither relevant to any

21  claim or defense in this action nor proportional to the needs of the case.  Indeed, Twitch has

22  identified in its initial disclosures and any amendments thereto the witnesses on whom it will rely

23  at trial and those people in possession of information relevant to the claims and defenses in this

24  case.  No other information called for by this request is relevant to the issues in this case or

25  proportional to the needs of the case.

26  **REQUEST FOR PRODUCTION NO. 83:**

27  To the extent not produced in response to the foregoing requests for production, all

28  documents and things that demonstrate, evidence, establish, or refute the allegations in Twitch's

FENWICK & WEST LLP
ATTORNEYS AT LAW

1  answer and counterclaims in this action.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

3      Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch

4  objects to this request to the extent it seeks information protected by the attorney-client privilege,

5  attorney work-product doctrine, joint defense privilege, common interest exception, duty of

6  confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects

7  to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

8  or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

9  applicable order of the Court.

10      Twitch objects to this request to the extent it seeks information that is subject to any

11  protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

12  to any third party.  Twitch further objects to this request to the extent that it purports to require

13  Twitch to disclose private or personally-identifiable information of its employees, customers, or

14  users.  Twitch does not intend to provide such information without the consent of the relevant

15  persons or a court order.

16      Twitch objects to this request to the extent it seeks not facts or contentions in this case, but

17  a legal opinion or legal conclusion.

18      Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome,

19  and unintelligible in that it seeks "all documents."

20      Subject to and without waiving any objections, Twitch responds as follows:

21      Twitch will produce non-privileged, non-protected documents which it will rely at trial to

22  support its non-infringement claims and defenses.  Twitch further responds that it will produced

23  non-privileged, non-protected documents sufficient to show the technical design, operation, and

24  functionality of the accused features of Twitch's use of content-based ETags to serve assets on

25  Twitch.tv, and how the Twitch.tv website used a Ruby on Rails fingerprint or a similar value that

26  is calculated via a hash algorithm and that renders the name of a file dependent on the contents of

27  the file in HTTP requests during the time period of September 14, 2012 to December 25, 2016 for

28  the United States, to the extent such documents existed in Twitch possession, custody, or control

FENWICK & WEST LLP
ATTORNEYS AT LAW

1   and can be identified upon a reasonable search, and have not already been produced in response to

2   prior requests.

3           Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

4   amend, or modify its response to this request as additional facts are learned and as otherwise

5   appropriate.

6

7                                          Respectfully submitted,

8   Dated:   July 15, 2019                 FENWICK & WEST LLP

9

10                                          By: */s/ Todd R. Gregorian*
                                               Todd R. Gregorian

11                                             Counsel for
12                                             TWITCH INTERACTIVE, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

1

## CERTIFICATE OF SERVICE

2

3
     I hereby certify that on this 15th day of July, a true and correct copy of the foregoing document was served on each party through their counsel of record via email.

4
Michael A. Sherman
masherman@stubbsalderton.com

Jose Luis Patino
jpatino@foley.com

5
Jeffrey F. Gersh
jgersh@stubbsalderton.com

Christopher Carl Bolten
cbolten@foley.com

6
Sandeep Seth
sseth@stubbsalderton.com

FOLEY & LARDNER LLP
3579 Valley Centre Drive, Suite 300

7
Wesley W. Monroe
wmonroe@stubbsalderton.com

P.O. BOX 80278
San Diego, CA 92138

8

9
Stanley H. Thompson
sthompson@stubbsalderton.com

*Counsel for Level 3 Communications, LLC*

10
Viviana Boero Hedrick
vhedrick@stubbsalderton.com

11
STUBBS ALDERTON & MARKILES, LLP
15620 Ventura Blvd., 20th Floor

12
Sherman Oaks, CA 91403

13
Theodore S. Maceiko
ted@maceikoip.com

14
MACEIKO IP
420 2nd Street

15
Manhattan Beach, CA 90266

16
*Counsel for PersonalWeb Technologies, LLC*

17

18

19
*/s/ Chieh Tung*
Chieh Tung

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW