# EXHIBIT 3

1  J. DAVID HADDEN (CSB No. 176148)
   dhadden@fenwick.com
2  SAINA S. SHAMILOV (CSB No. 215636)
   sshamilov@fenwick.com
3  TODD R. GREGORIAN (CSB No. 236096)
   tgregorian@fenwick.com
4  RAVI R. RANGANATH (CSB No. 272981)
   rranganath@fenwick.com
5  SHANNON E. TURNER (CSB No. 310121)
   sturner@fenwick.com
6  CHIEH TUNG (CSB No. 318963)
   ctung@fenwick.com
7  FENWICK & WEST LLP
   Silicon Valley Center
8  801 California Street
   Mountain View, CA  94041
9  Telephone:    650.988.8500
   Facsimile:    650.938.5200
10
   Counsel for Defendant
11 TWITCH INTERACTIVE, INC.

12                    UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14 IN RE PERSONALWEB TECHNOLOGIES, LLC,          Case No. 5:18-md-02834-BLF
   ET AL., PATENT LITIGATION
15

16 PERSONALWEB TECHNOLOGIES, LLC and            Case No. 5:18-cv-05619-BLF
   LEVEL 3 COMMUNICATIONS, LLC,
17                                              **RESPONSES AND OBJECTIONS OF**
              Plaintiffs,                       **TWITCH INTERACTIVE, INC. TO**
18                                              **PERSONALWEB TECHNOLOGIES,**
         v.                                     **LLC'S THIRD SET OF REQUESTS**
19                                              **FOR PRODUCTION (NOS. 84–115)**
   TWITCH INTERACTIVE, INC.,
20
              Defendant.
21

22 PROPOUNDING PARTY:        PERSONALWEB TECHNOLOGIES, INC.

23 RESPONDING PARTY:         TWITCH INTERACTIVE, INC.

24 SET NUMBER:               THREE (84–115)

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Twitch Interactive,

2  Inc. (hereafter, "Twitch"), by and through their counsel, hereby responds to Plaintiffs, of

3  PersonalWeb Technologies, LLC ("PersonalWeb"), Third Set of Requests for Production (Nos. 84-

4  115) as follows:

5    **GENERAL OBJECTIONS**

6    The following general objections are stated with respect to each and every document request

7  whether or not specifically identified in response thereto.  To the extent any of these general

8  objections are not raised in any particular response, Twitch does not waive those objections.

9    1.    Twitch objects to each and every definition and request as overly broad, unduly

10  burdensome, and not proportional to the needs of the case because they are not limited to a specific

11  geographic area.  Twitch will only provide discovery with respect to the United States.

12    2.    Twitch objects to the definitions of "You," "Your," or "Twitch" because it seeks to

13  broaden the scope of allowable discovery and seeks information that is not within the possession,

14  custody, or control of Twitch, but is in the possession of third-parties and non-parties to this lawsuit.

15  Twitch further objects to the definition of these terms to the extent it includes Twitch's attorneys

16  and patent agents and seeks privileged and attorney-work product information.  Twitch will

17  interpret these terms as referring to Twitch Interactive, Inc. only.

18    3.    Twitch objects to the definition of "Accused Instrumentality" because it seeks to

19  broaden the scope of allowable discovery and seeks information relating to all of Twitch's web

20  servers, beyond the scope of the accused technology in this action.  Twitch will interpret this term

21  as referring to Twitch.tv only.

22    4.    Twitch objects to the definition of "Content-Based ETag" as vague and ambiguous,

23  overly broad, unduly burdensome, and not proportional to the needs of the case, as it does not

24  identify the item or feature with specificity.  Twitch will interpret this term as an ETag calculated

25  based on contents of a corresponding file.

26    5.    Twitch objects to the definition of "Fingerprint" as vague and ambiguous, overly

27  broad, unduly burdensome, and not proportional to the needs of the case, as it does not identify the

28  item or feature with specificity.  Twitch will interpret this term as a Ruby on Rails fingerprint or a

FENWICK & WEST LLP
ATTORNEYS AT LAW

similar value that is calculated via a hash algorithm and that renders the name of a file dependent on the contents of the file.

6.     Twitch objects to the definition of "Cache-Busting" as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case as it does not identify the item or feature with specificity, and PersonalWeb does not explain what is meant by "valid" content.

7.     Twitch objects to the definition of "Relevant Time Period" as overly broad, unduly burdensome, and not proportional to the needs of the case.  Twitch will interpret this phrase as meaning from September 14, 2012 to December 26, 2016.

8.     Twitch objects to the definition of "Meeting" as overly broad and unduly burdensome, vague and ambiguous, not proportional to the needs of this case, and failing to describe the information sought with reasonable particularity.

9.     Twitch objects to the definition of "Document" as overly broad and unduly burdensome, vague and ambiguous, not proportional to the needs of this case, and failing to describe the information sought with reasonable particularity.  Twitch will not search for documents that are not within its possession, custody, or control.

10.     Twitch objects to the definition of "Thing" as overly broad and unduly burdensome, vague and ambiguous, not proportional to the needs of this case, and failing to describe the information sought with reasonable particularity.

11.     Twitch objects to these requests and definitions to the extent that they seek to impose duties beyond those required by the Federal Rules of Civil Procedure and the Local Rules of this district.  Twitch's responses shall be made only in accordance with the applicable rule(s).

12.     Twitch objects to these requests to the extent that they seek information equally available to PersonalWeb in the public domain or that is already in the possession, custody, or control of PersonalWeb.

13.     Twitch objects to these requests to the extent that they seek information that is in the possession, custody, or control of parties over whom Twitch has no control.

14.     Twitch objects to each and every instruction, definition, and request to the extent

FENWICK & WEST LLP
ATTORNEYS AT LAW

that it seeks the disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, immunity, or protection, as provided by any applicable law.  Twitch does not intend to disclose such privileged or protected information. Twitch's inadvertent disclosure of any such information should not be deemed a waiver of any privilege, immunity, or protection, and Twitch expressly reserves the right to object to the introduction at trial or to any other use of such information that may be inadvertently disclosed. Twitch objects to discovery of attorney-client privileged communications after the filing of this lawsuit and to discovery of work-product materials generated after the filing of this lawsuit.

15.    Twitch objects to these requests to the extent they purport to include email.  Email production is not required in patent cases, and any request for email is unduly burdensome and not proportional to the needs of the case.  (*See, e.g.*, Court's [Model] Stipulation & Order Re: Discovery of Electronically Stored Information for Patent Litigation ("General ESI production requests . . . shall not include email or other forms of electronic correspondence.").)

16.    The responses given herein shall not be deemed to waive any claim of privilege or immunity Twitch may have as to any response, document, or thing, or any question or right of objection as to authenticity, competency, relevancy, materiality, admissibility, or any other objection Twitch may have as to a demand for further response to these or other requests, or to any objection to the use of such information, documents, or things in any other proceeding filed after the production of such information or documents.

17.    Nothing contained herein may be construed as an admission relative to the existence or non-existence of any document, and no response may be construed as an admission with respect to the relevancy or admissibility in evidence of any statement or characterization contained in these requests or respecting the authenticity, competency, relevancy, materiality, or admissibility of any document or thing referenced by these requests.

18.    Discovery in this matter is ongoing and Twitch reserves the right to revise or supplement any response herein.

19.    These General Objections are applicable to and are incorporated in each specific response herein without further reference.  The inclusion of specific objection(s) in response to any

FENWICK & WEST LLP
ATTORNEYS AT LAW

Requests for Production shall not be construed as a waiver of such objection(s), or any of these objections, in any other response.

### RESPONSES AND OBJECTIONS

Subject to the foregoing General Objections, which are incorporated by reference as if set forth fully in each and every response, Twitch also specifically responds and objects to the Document Request as follows:

**REQUEST FOR PRODUCTION NO. 84:**

All Documents reflecting any use of HTTP by the Accused Instrumentality to deny content requested by a Twitch customer or end user who has not paid for the content and/or does not have a subscription to access the content.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Twitch incorporates by reference its General Objections as if fully set forth herein.  Twitch objects to this request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection.  Twitch objects to this request to the extent it seeks to impose upon Twitch obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any applicable order of the Court.

Twitch objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party.  Twitch further objects to this request to the extent that it purports to require Twitch to disclose private or personally-identifiable information of its employees, customers, or users.  Twitch does not intend to provide such information without the consent of the relevant persons or a court order.

Twitch objects to the term "Accused Instrumentality" on the basis identified in the General Objections above and incorporates those bases herein.  Twitch will interpret "Accused Instrumentality" as Twitch.tv only.

Twitch objects to this request to the extent it seeks information that is neither relevant to

FENWICK & WEST LLP
ATTORNEYS AT LAW

1  any claim or defense in this action nor proportional to the needs of the case.  The accused

2  instrumentality is a website which necessarily uses HTTP, the required industry standard.  Thus,

3  this request seeks information that is not accused or related to any infringement theories.

4      Twitch objects to this request as overbroad and irrelevant because it is not limited to a

5  particular time period and/or geographic area relevant to the case.  Twitch objects to this request as

6  vague and ambiguous, overly broad, unduly burdensome, and unintelligible in that it seeks "[a]ll

7  Documents reflecting any use of HTTP by the Accused Instrumentality" without connection to any

8  accused functionality in the case.

9      Subject to and without waiving any objections, Twitch responds as follows:

10     Twitch will produce non-privileged, non-protected documents sufficient to show the

11 technical design, operation, and functionality of the accused features of Twitch.tv during the time

12 period of September 14, 2012 to December 26, 2016 for the United States, to the extent such

13 documents existed in Twitch's possession, custody, or control and can be identified upon a

14 reasonable search.

15     Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

16 amend, or modify its response to this request as additional facts are learned and as otherwise

17 appropriate.

18 **REQUEST FOR PRODUCTION NO. 85:**

19     All Documents reflecting any use of HTTP by the Accused Instrumentality showing that a

20 Twitch customer or end user is authorized to receive or use requested content or showing the

21 duration for which cached content is permitted to be used without obtaining reauthorization.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

23     Twitch incorporates by reference its General Objections as if fully set forth herein.  Twitch

24 objects to this request to the extent it seeks information protected by the attorney-client privilege,

25 attorney work-product doctrine, joint defense privilege, common interest exception, duty of

26 confidentiality, or any other applicable privilege, immunity, doctrine or protection.  Twitch objects

27 to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

28 or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

FENWICK & WEST LLP
ATTORNEYS AT LAW

TWITCH'S RESPONSES AND OBJECTIONS TO          5          CASE NO. 5:18-md-02834-BLF
THIRD SET OF REQUESTS FOR PRODUCTION                    CASE NO. 5:18-cv-05619-BLF

1    applicable order of the Court.

2        Twitch objects to this request to the extent it seeks information that is subject to any

3    protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

4    to any third party.  Twitch further objects to this request to the extent that it purports to require

5    Twitch to disclose private or personally-identifiable information of its employees, customers, or

6    users.  Twitch does not intend to provide such information without the consent of the relevant

7    persons or a court order.

8        Twitch objects to the term "Accused Instrumentality" on the basis identified in the General

9    Objections above and incorporates those bases herein.  Twitch will interpret "Accused

10   Instrumentality" as Twitch.tv only.

11       Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome,

12   and unintelligible.  For example, Twitch objects to the undefined terms "authorized" and

13   "reauthorization" and the use of those terms in this request.  To the extent PersonalWeb uses these

14   terms to imply its proposed claim constructions, Twitch objects to such use as PersonalWeb's

15   proposed constructions are not supported by the intrinsic and extrinsic evidence and have not been

16   adopted by the Court.

17       Twitch objects to this request as overbroad and irrelevant because it is not limited to a

18   particular time period and/or geographic area relevant to the case.  Twitch objects to this request as

19   vague and ambiguous, overly broad, unduly burdensome, and unintelligible in that it seeks "[a]ll

20   Documents reflecting any use of HTTP by the Accused Instrumentality" without connection to any

21   accused functionality in the case.

22        Subject to and without waiving any objections, Twitch responds as follows:

23       Twitch will produce non-privileged, non-protected documents sufficient to show caching

24   parameters used by Twitch.tv during the time period of September 14, 2012 to December 26, 2016

25   for the United States, to the extent such documents exist in Twitch's possession, custody, or control

26   and can be identified upon a reasonable search.

27       Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

28   amend, or modify its response to this request as additional facts are learned and as otherwise

FENWICK & WEST LLP
ATTORNEYS AT LAW

1 appropriate.

2 **REQUEST FOR PRODUCTION NO. 86:**

3 All Documents showing the arrival or receipt of HTTP Conditional GET Requests at the

4 Accused Instrumentality server(s), including server logs showing such arrival and/or receipt, and

5 the date or time stamping of same.

6 **RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

7 Twitch incorporates by reference its General Objections as if fully set forth herein.  Twitch

8 objects to this request to the extent it seeks information protected by the attorney-client privilege,

9 attorney work-product doctrine, joint defense privilege, common interest exception, duty of

10 confidentiality, or any other applicable privilege, immunity, doctrine or protection.  Twitch objects

11 to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

12 or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

13 applicable order of the Court.

14 Twitch objects to this request to the extent it seeks information that is subject to any

15 protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

16 to any third party.  Twitch further objects to this request to the extent that it purports to require

17 Twitch to disclose private or personally-identifiable information of its employees, customers, or

18 users.  Twitch does not intend to provide such information without the consent of the relevant

19 persons or a court order.

20 Twitch objects to the term "Accused Instrumentality" on the basis identified in the General

21 Objections above and incorporates those bases herein.  Twitch will interpret "Accused

22 Instrumentality" as Twitch.tv only.

23 Twitch objects to this request as overbroad, unduly burdensome, vague, ambiguous,

24 exceeding the boundaries of discoverable information, failing to describe the information sought

25 with the required reasonable particularity, not proportional to the needs of the case, and/or seeking

26 information that is not relevant to any claim or defense in this action to the extent that it seeks

27 information about the aspects of the accused technology not specifically accused in PersonalWeb's

28 Infringement Contentions.  For example, Twitch objects to the undefined phrase "server logs" as

FENWICK & WEST LLP
ATTORNEYS AT LAW

1   vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the

2   case, as it does not identify the item or feature with specificity.

3       Twitch objects to this request as overbroad and irrelevant because it is not limited to a

4   particular time period and/or geographic area relevant to the case.  Twitch objects to this request as

5   vague and ambiguous, overly broad, unduly burdensome, and unintelligible in that it seeks "[a]ll

6   documents showing the arrival or receipt of HTTP Conditional GET Requests" as the request spans

7   several years and Twitch.tv processes numerous transactions daily.

8       Subject to and without waiving any objections, Twitch responds as follows:

9       Twitch will produce non-privileged, non-protected documents sufficient to show the receipt

10   of HTTP Conditional GET requests by Twitch.tv during the time period of September 14, 2012 to

11   December 26, 2016 for the United States, to the extent such documents exist in Twitch's possession,

12   custody, or control and can be identified upon a reasonable search.

13       Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

14   amend, or modify its response to this request as additional facts are learned and as otherwise

15   appropriate.

16   **REQUEST FOR PRODUCTION NO. 87:**

17       All Documents regarding the configuration of Your web server(s) of the Accused

18   Instrumentality during the Relevant Time Period, including, without limitation, all configuration

19   files and/or configuration parameters as well as any scripts or programs used to manage its

20   configuration and/or operation.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

22       Twitch incorporates by reference its General Objections as if fully set forth herein.  Twitch

23   objects to this request to the extent it seeks information protected by the attorney-client privilege,

24   attorney work-product doctrine, joint defense privilege, common interest exception, duty of

25   confidentiality, or any other applicable privilege, immunity, doctrine or protection.  Twitch objects

26   to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

27   or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

28   applicable order of the Court.

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    Twitch objects to this request to the extent it seeks information that is subject to any

2    protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

3    to any third party.  Twitch further objects to this request to the extent that it purports to require

4    Twitch to disclose private or personally-identifiable information of its employees, customers, or

5    users.  Twitch does not intend to provide such information without the consent of the relevant

6    persons or a court order.

7    Twitch objects to the term "Accused Instrumentality" on the basis identified in the General

8    Objections above and incorporates those bases herein.   Twitch will interpret "Accused

9    Instrumentality" as Twitch.tv only.

10    Twitch objects to this request as overbroad, unduly burdensome, vague, ambiguous,

11    exceeding the boundaries of discoverable information, failing to describe the information sought

12    with the required reasonable particularity, not proportional to the needs of the case, and/or seeking

13    information that is not relevant to any claim or defense in this action to the extent that it seeks

14    information about the aspects of the accused technology not specifically accused in PersonalWeb's

15    Infringement Contentions.

16    Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome,

17    and unintelligible.  For example, Twitch objects to the undefined phrases "configuration of Your

18    web server(s)," "configuration parameters," and "scripts or programs use to manage its

19    configuration and/or operation" as vague and ambiguous, overly broad, unduly burdensome, and

20    not proportional to the needs of the case, as they do not identify the items or features with

21    specificity.

22    Twitch objects to this request as overbroad and irrelevant because it is not limited to a

23    particular geographic area relevant to the case.  Twitch objects to this request as vague and

24    ambiguous, overly broad, unduly burdensome, and unintelligible in that it seeks "[a]ll Documents

25    regarding the configuration of Your web server(s)" without connection to any accused functionality

26    in the case.

27    Subject to and without waiving any objections, Twitch responds as follows:

28    Twitch has already made available for inspection, pursuant to the terms of the protective

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    order, source code reflecting the operation of the accused Twitch.tv website available in the United

2    States, including the revisions to that code that existed between September 14, 2012 through

3    December 26, 2016.

4          Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

5    amend, or modify its response to this request as additional facts are learned and as otherwise

6    appropriate.

7    **REQUEST FOR PRODUCTION NO. 88:**

8          All Documents identifying Your web server(s) of the Accused Instrumentality and/or their

9    location during the Relevant Time Period.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

11         Twitch incorporates by reference its General Objections as if fully set forth herein.  Twitch

12   objects to this request to the extent it seeks information protected by the attorney-client privilege,

13   attorney work-product doctrine, joint defense privilege, common interest exception, duty of

14   confidentiality, or any other applicable privilege, immunity, doctrine or protection.  Twitch objects

15   to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

16   or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

17   applicable order of the Court.

18         Twitch objects to this request to the extent it seeks information that is subject to any

19   protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

20   to any third party.  Twitch further objects to this request to the extent that it purports to require

21   Twitch to disclose private or personally-identifiable information of its employees, customers, or

22   users.  Twitch does not intend to provide such information without the consent of the relevant

23   persons or a court order.

24         Twitch objects to this request to the extent it seeks information equally available to

25   PersonalWeb in the public domain.

26         Twitch objects to the term "Accused Instrumentality" on the basis identified in the General

27   Objections above and incorporates those bases herein.  Twitch will interpret "Accused

28   Instrumentality" as Twitch.tv only.

FENWICK & WEST LLP
ATTORNEYS AT LAW

1  Twitch objects to this request because it is grossly overbroad and is not relevant to any issue

2  in this case.  For example, the request on its face seeks information relating to web servers that

3  Twitch relies on, including their location, even if servers are not directly related to provision of the

4  specific Twitch.tv services and features accused in this litigation.  Twitch's use of web server

5  networks, without specific limitations to Twitch.tv, is not relevant to this case.

6  Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome,

7  and unintelligible.  For example, Twitch objects to the undefined phrase "web server(s)" as vague

8  and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case, as

9  it does not identify the item or feature with specificity.

10  Twitch objects to this request as overbroad and irrelevant because it is not limited to a

11  particular geographic area relevant to the case.  Twitch objects to this request as vague and

12  ambiguous, overly broad, unduly burdensome, and unintelligible in that it seeks "[a]ll Documents

13  identifying Your web server(s)" without connection to any accused functionality in the case.  Twitch

14  objects to this request as unreasonably duplicative and/or redundant of Request Nos. 69 and 86.

15  Subject to and without waiving any objections, Twitch responds as follows:

16  Twitch has already made available for inspection, pursuant to the terms of the protective

17  order, source code reflecting the operation of the accused Twitch.tv website available in the United

18  States, including the revisions to that code that existed between September 14, 2012 through

19  December 26, 2016.

20  Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

21  amend, or modify its response to this request as additional facts are learned and as otherwise

22  appropriate.

23  **REQUEST FOR PRODUCTION NO. 89:**

24  All source code and documents regarding the use of Ruby on Rails as part of Your Accused

25  Instrumentality.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

27  Twitch incorporates by reference its General Objections as if fully set forth herein.  Twitch

28  objects to this request to the extent it seeks information protected by the attorney-client privilege,

FENWICK & WEST LLP
ATTORNEYS AT LAW

attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects to this request to the extent it seeks to impose upon Twitch obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any applicable order of the Court.

Twitch objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party. Twitch further objects to this request to the extent that it purports to require Twitch to disclose private or personally-identifiable information of its employees, customers, or users. Twitch does not intend to provide such information without the consent of the relevant persons or a court order.

Twitch objects to this request to the extent it seeks information not in Twitch's possession, custody or control.

Twitch objects to the term "Accused Instrumentality" on the basis identified in the General Objections above and incorporates those bases herein. Twitch will interpret "Accused Instrumentality" as Twitch.tv only.

Twitch objects to this request as overbroad, unduly burdensome, vague, ambiguous, exceeding the boundaries of discoverable information, failing to describe the information sought with the required reasonable particularity, not proportional to the needs of the case, and/or seeking information that is not relevant to any claim or defense in this action to the extent that it seeks information about the aspects of the accused technology not specifically accused in PersonalWeb's Infringement Contentions.

Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome, and unintelligible. For example, Twitch objects to the undefined phrase "the use of Ruby on Rails as part of" as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case, as it does not identify the item or feature with specificity.

Twitch objects to this request as overbroad and irrelevant because it is not limited to a particular time period and/or geographic area relevant to the case. Twitch objects to this request as

FENWICK & WEST LLP
ATTORNEYS AT LAW

vague and ambiguous, overly broad, unduly burdensome, and unintelligible in that it seeks "[a]ll source code and documents" without connection to any accused functionality in the case.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch has already made available for inspection, pursuant to the terms of the protective order, source code reflecting the operation of the accused Twitch.tv website in the United States, including the revisions to that code that existed between September 14, 2012 through December 26, 2016.

Investigation and discovery are ongoing, and Twitch reserves the right to supplement, amend, or modify its response to this request as additional facts are learned and as otherwise appropriate.

## REQUEST FOR PRODUCTION NO. 90:

All Documents regarding the adoption of Content-Based ETags or the ability to respond to HTTP Conditional GET Requests having Content-Based ETags by the web server of Your Accused Instrumentality during the Relevant Time Period.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 90:

Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch objects to this request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects to this request to the extent it seeks to impose upon Twitch obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any applicable order of the Court.

Twitch objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party. Twitch further objects to this request to the extent that it purports to require Twitch to disclose private or personally-identifiable information of its employees, customers, or users. Twitch does not intend to provide such information without the consent of the relevant persons or a court order.

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    Twitch objects to the term "Accused Instrumentality" on the basis identified in the General

2    Objections above and incorporates those bases herein.   Twitch will interpret "Accused

3    Instrumentality" as Twitch.tv only.

4    Twitch objects to the term "Content-Based ETags" on the basis identified in the General

5    Objections above and incorporates those bases herein.   Twitch will interpret "Content-Based

6    ETags" to mean ETags calculated based on contents of a corresponding file.

7    Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome,

8    and unintelligible.  For example, Twitch objects to the undefined phrase "adoption of Content-

9    Based ETags or the ability to respond to Conditional HTTP GET requests having Content-Based

10   ETags by the web server" as vague and ambiguous, overly broad, unduly burdensome, and not

11   proportional to the needs of the case, as it does not identify the item or feature with specificity.

12   Twitch objects to this request as overbroad and irrelevant because it is not limited to a

13   particular time period and/or geographic area relevant to the case.  Twitch objects to this request as

14   vague and ambiguous, overly broad, unduly burdensome, and unintelligible in that it seeks "[a]ll

15   Documents regarding the adoption of Content-Based ETags or the ability to respond to HTTP

16   Conditional GET Requests having Content-Based ETags by the web server" without connection to

17   any accused functionality in the case.

18   Subject to and without waiving any objections, Twitch responds as follows:

19   Twitch will produce nonprivileged, non-protected documents sufficient to show the use of

20   ETags and Conditional HTTP GET requests on Twitch.tv during the time period of September 14,

21   2012 to December 26, 2016 for the United States, to the extent such documents exist in Twitch's

22   possession, custody, or control, can be identified upon a reasonable search, and have not yet been

23   produced.

24   Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

25   amend, or modify its response to this request as additional facts are learned and as otherwise

26   appropriate.

27   **REQUEST FOR PRODUCTION NO. 91:**

28   All Documents regarding the data structures that stored Content-Based ETags in Your

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    Accused Instrumentality during the Relevant Time Period.

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

3        Twitch incorporates by reference its General Objections as if fully set forth herein.  Twitch

4    objects to this request to the extent it seeks information protected by the attorney-client privilege,

5    attorney work-product doctrine, joint defense privilege, common interest exception, duty of

6    confidentiality, or any other applicable privilege, immunity, doctrine or protection.  Twitch objects

7    to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

8    or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

9    applicable order of the Court.

10       Twitch objects to this request to the extent it seeks information that is subject to any

11   protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

12   to any third party.  Twitch further objects to this request to the extent that it purports to require

13   Twitch to disclose private or personally-identifiable information of its employees, customers, or

14   users.  Twitch does not intend to provide such information without the consent of the relevant

15   persons or a court order.

16       Twitch objects to the term "Accused Instrumentality" on the basis identified in the General

17   Objections above and incorporates those bases herein.   Twitch will interpret "Accused

18   Instrumentality" as Twitch.tv only.

19       Twitch objects to this request as overbroad, unduly burdensome, vague, ambiguous,

20   exceeding the boundaries of discoverable information, failing to describe the information sought

21   with the required reasonable particularity, not proportional to the needs of the case, and/or seeking

22   information that is not relevant to any claim or defense in this action to the extent that it seeks

23   information about the aspects of the accused technology not specifically accused in PersonalWeb's

24   Infringement Contentions.

25       Twitch objects to the term "Content-Based ETags" on the basis identified in the General

26   Objections above and incorporates those bases herein.  Twitch will interpret "Content-Based

27   ETags" to mean ETags calculated based on contents of a corresponding file.

28       Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome,

FENWICK & WEST LLP
ATTORNEYS AT LAW

1   and unintelligible.  For example, Twitch objects to the undefined phrase "data structure" as vague

2   and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case, as

3   it does not identify the item or feature with specificity.

4      Twitch objects to this request as overbroad and irrelevant because it is not limited to a

5   particular geographic area relevant to the case.  Twitch objects to this request as vague and

6   ambiguous, overly broad, unduly burdensome, and unintelligible in that it seeks "[a]ll Documents

7   regarding the data structures that stored Content-Based ETags."

8      Subject to and without waiving any objections, Twitch responds as follows:

9      Twitch has already made available for inspection, pursuant to the terms of the protective

10  order, source code reflecting the operation of the accused Twitch.tv website in the United States,

11  including the revisions to that code that existed between September 14, 2012 through December

12  26, 2016.

13     Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

14  amend, or modify its response to this request as additional facts are learned and as otherwise

15  appropriate.

16  **REQUEST FOR PRODUCTION NO. 92:**

17     All Documents regarding the use of Content-Based ETags by Your Accused Instrumentality

18  during the Relevant Time Period, including controlling or enabling the use of the Content-Based

19  ETags by customers or end users.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

21     Twitch incorporates by reference its General Objections as if fully set forth herein.  Twitch

22  objects to this request to the extent it seeks information protected by the attorney-client privilege,

23  attorney work-product doctrine, joint defense privilege, common interest exception, duty of

24  confidentiality, or any other applicable privilege, immunity, doctrine or protection.  Twitch objects

25  to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

26  or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

27  applicable order of the Court.

28     Twitch objects to this request to the extent it seeks information that is subject to any

FENWICK & WEST LLP
ATTORNEYS AT LAW

protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party.  Twitch further objects to this request to the extent that it purports to require Twitch to disclose private or personally-identifiable information of its employees, customers, or users.  Twitch does not intend to provide such information without the consent of the relevant persons or a court order.

Twitch objects to the term "Content-Based ETags" on the basis identified in the General Objections above and incorporates those bases herein.  Twitch will interpret "Content-Based ETags" to mean ETags calculated based on contents of a corresponding file.

Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome, and unintelligible.  For example, Twitch objects to the undefined phrase "controlling or enabling" as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case, as it does not identify the item or feature with specificity.

Twitch objects to this request as overbroad and irrelevant because it is not limited to a particular geographic area relevant to the case.  Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome, and unintelligible in that it seeks "[a]ll Documents regarding the use of Content-Based ETags."

Twitch objects to this request as unreasonably duplicative and/or redundant of Request Nos. 1-2, and 5.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch will produce nonprivileged, non-protected documents sufficient to show the use of ETags by Twitch.tv during the time period of September 14, 2012 to December 26, 2016 for the United States, to the extent such documents exist in Twitch's possession, custody, or control, can be identified upon a reasonable search, and have not yet been produced.

Investigation and discovery are ongoing, and Twitch reserves the right to supplement, amend, or modify its response to this request as additional facts are learned and as otherwise appropriate.

**REQUEST FOR PRODUCTION NO. 93:**

All Documents regarding the transmission of HTTP Conditional GET Requests by

1   customers or end users of Your Accused Instrumentality during the Relevant Time Period.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

3       Twitch incorporates by reference its General Objections as if fully set forth herein.  Twitch

4   objects to this request to the extent it seeks information protected by the attorney-client privilege,

5   attorney work-product doctrine, joint defense privilege, common interest exception, duty of

6   confidentiality, or any other applicable privilege, immunity, doctrine or protection.  Twitch objects

7   to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

8   or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

9   applicable order of the Court.

10      Twitch objects to this request to the extent it seeks information that is subject to any

11  protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

12  to any third party.  Twitch further objects to this request to the extent that it purports to require

13  Twitch to disclose private or personally-identifiable information of its employees, customers, or

14  users.  Twitch does not intend to provide such information without the consent of the relevant

15  persons or a court order.

16      Twitch objects to the term "Accused Instrumentality" on the basis identified in the General

17  Objections above and incorporates those bases herein.   Twitch will interpret "Accused

18  Instrumentality" as Twitch.tv only.

19      Twitch objects to this request as overbroad and irrelevant because it is not limited to a

20  particular geographic area relevant to the case.  Twitch objects to this request as vague and

21  ambiguous, overly broad, unduly burdensome, and unintelligible in that it seeks "[a]ll Documents

22  regarding the transmission of HTTP Conditional GET Requests."

23      Subject to and without waiving any objections, Twitch responds as follows:

24      Twitch will produce nonprivileged, non-protected documents sufficient to show the

25  processing of HTTP Conditional GET Requests by Twitch.tv during the time period of September

26  14, 2012 to December 26, 2016 for the United States, to the extent such documents exist in Twitch's

27  possession, custody, or control, can be identified upon a reasonable search, and have not yet been

28  produced.

FENWICK & WEST LLP
ATTORNEYS AT LAW

1       Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

2   amend, or modify its response to this request as additional facts are learned and as otherwise

3   appropriate.

4   **REQUEST FOR PRODUCTION NO. 94:**

5       All web server source code used by Your Accused Instrumentality during the Relevant Time

6   Period, or other documents showing how server logs were generated during the Relevant Time

7   Period.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

9       Twitch incorporates by reference its General Objections as if fully set forth herein.  Twitch

10   objects to this request to the extent it seeks information protected by the attorney-client privilege,

11   attorney work-product doctrine, joint defense privilege, common interest exception, duty of

12   confidentiality, or any other applicable privilege, immunity, doctrine or protection.  Twitch objects

13   to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

14   or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

15   applicable order of the Court.

16       Twitch objects to this request to the extent it seeks information that is subject to any

17   protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

18   to any third party.  Twitch further objects to this request to the extent that it purports to require

19   Twitch to disclose private or personally-identifiable information of its employees, customers, or

20   users.  Twitch does not intend to provide such information without the consent of the relevant

21   persons or a court order.

22       Twitch objects to the term "Accused Instrumentality" on the basis identified in the General

23   Objections above and incorporates those bases herein.   Twitch will interpret "Accused

24   Instrumentality" as Twitch.tv only.

25       Twitch objects to this request because it is grossly overbroad and is not relevant to any issue

26   in this case.  For example, the request on its face seeks information relating to web servers that

27   Twitch relies on, including their location, even if servers are not directly related to provision of the

28   specific Twitch.tv services and features accused in this litigation.  Twitch's use of web server

FENWICK & WEST LLP
ATTORNEYS AT LAW

1  networks, without specific limitations to Twitch.tv, is not relevant to this case.

2  Twitch further objects that the manner in which server logs are generated is not relevant to

3  any issue in this case.

4  Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome,

5  and unintelligible.  For example, Twitch objects to the undefined phrases "web server" and "server

6  logs" as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs

7  of the case, as they do not identify the items or features with specificity.

8  Twitch objects to this request as overbroad and irrelevant because it is not limited to a

9  particular geographic area relevant to the case.  Twitch objects to this request as vague and

10  ambiguous, overly broad, unduly burdensome, and unintelligible in that it seeks "[a]ll Documents

11  web server source code" without connection to any accused functionality in the case.  Twitch objects

12  to this request as unreasonably duplicative and/or redundant of Request No. 86.

13  Subject to and without waiving any objections, Twitch responds as follows:

14  Twitch has already made available for inspection, pursuant to the terms of the protective

15  order, source code reflecting the operation of the accused Twitch.tv website in the United States,

16  including the revisions to that code that existed between September 14, 2012 through December

17  26, 2016.

18  Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

19  amend, or modify its response to this request as additional facts are learned and as otherwise

20  appropriate.

21  **REQUEST FOR PRODUCTION NO. 95:**

22  All Documents identifying the locations of the web server(s) used by Your Accused

23  Instrumentality during the Relevant Time Period.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

25  Twitch incorporates by reference its General Objections as if fully set forth herein.  Twitch

26  objects to this request to the extent it seeks information protected by the attorney-client privilege,

27  attorney work-product doctrine, joint defense privilege, common interest exception, duty of

28  confidentiality, or any other applicable privilege, immunity, doctrine or protection.  Twitch objects

FENWICK & WEST LLP
ATTORNEYS AT LAW

to this request to the extent it seeks to impose upon Twitch obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any applicable order of the Court.

Twitch objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party.  Twitch further objects to this request to the extent that it purports to require Twitch to disclose private or personally-identifiable information of its employees, customers, or users.  Twitch does not intend to provide such information without the consent of the relevant persons or a court order.

Twitch objects to this request to the extent it seeks information equally available to PersonalWeb in the public domain.

Twitch objects to the term "Accused Instrumentality" on the basis identified in the General Objections above and incorporates those bases herein.  Twitch will interpret "Accused Instrumentality" as Twitch.tv only.

Twitch objects to this request because it is grossly overbroad and is not relevant to any issue in this case. For example, the request on its face seeks information relating to the location of any web servers that Twitch relies on, even if servers are not directly related to provision of the specific Twitch.tv services and features accused in this litigation. Twitch's use of web server networks, without specific limitations to Twitch.tv, is not relevant to this case.

Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome, and unintelligible.  For example, Twitch objects to the undefined phrase "web server" as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case, as it does not identify the item or feature with specificity.

Twitch objects to this request as overbroad and irrelevant because it is not limited to a particular geographic area relevant to the case.  Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome, and unintelligible in that it seeks "[a]ll Documents identifying the locations of the web server(s)" without connection to any accused functionality in the case.  Twitch objects to this request as unreasonably duplicative and/or redundant of Request

1   Nos. 69 and 86.

2         Subject to and without waiving any objections, Twitch responds as follows:

3         Twitch will produce non-privileged, non-protected documents sufficient to show the

4   location of web servers used by www.twitch.tv during the time period of September 14, 2012 to

5   December 26, 2016 for the United States to the extent such documents exist in Twitch's possession,

6   custody, or control and can be identified upon a reasonable search, and have not yet been produced.

7         Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

8   amend, or modify its response to this request as additional facts are learned and as otherwise

9   appropriate.

10  **REQUEST FOR PRODUCTION NO. 96:**

11        All Documents regarding any lump sum settlement, license fee or other payment that You

12  have made to settle or otherwise resolve any accusation of patent infringement by a third party.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

14        Twitch incorporates by reference its General Objections as if fully set forth herein.  Twitch

15  objects to this request to the extent it seeks information protected by the attorney-client privilege,

16  attorney work-product doctrine, joint defense privilege, common interest exception, duty of

17  confidentiality, or any other applicable privilege, immunity, doctrine or protection.  Twitch objects

18  to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

19  or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

20  applicable order of the Court.

21        Twitch objects to this request to the extent it seeks information that is subject to any

22  protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

23  to any third party.  Twitch further objects to this request to the extent that it purports to require

24  Twitch to disclose private or personally-identifiable information of its employees, customers, or

25  users.  Twitch does not intend to provide such information without the consent of the relevant

26  persons or a court order.

27        Twitch objects to this request as overbroad, unduly burdensome, vague, ambiguous,

28  exceeding the boundaries of discoverable information, failing to describe the information sought

FENWICK & WEST LLP
ATTORNEYS AT LAW

1   with the required reasonable particularity, not proportional to the needs of the case, and/or seeking

2   information that is not relevant to any claim or defense in this action to the extent that it seeks

3   information about licenses which have no connection to the technology at issue here.

4        Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome,

5   and unintelligible in that it seeks "[a]ll Documents regarding any lump sum settlement, license fee

6   or other payment that You have made to settle or otherwise resolve any accusation of patent

7   infringement" without connection to any accused functionality in the case.  Twitch objects to this

8   request as unreasonably duplicative and/or redundant of Request No. 29.

9        Subject to and without waiving any objections, Twitch responds as follows:

10       Twitch has already agreed to produce non-privileged, non-protected documents sufficient

11   to show licenses related to the technology at issue during the time period of September 14, 2012 to

12   December 26, 2016 for the United States in response to Request for Production No. 29.

13       Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

14   amend, or modify its response to this request as additional facts are learned and as otherwise

15   appropriate.

16   **REQUEST FOR PRODUCTION NO. 97:**

17       All Documents regarding the importance of Cache-Busting by using Content-Based ETags

18   or Fingerprints in connection with the Accused Instrumentality.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

20       Twitch incorporates by reference its General Objections as if fully set forth herein.  Twitch

21   objects to this request to the extent it seeks information protected by the attorney-client privilege,

22   attorney work-product doctrine, joint defense privilege, common interest exception, duty of

23   confidentiality, or any other applicable privilege, immunity, doctrine or protection.  Twitch objects

24   to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

25   or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

26   applicable order of the Court.

27       Twitch objects to this request to the extent it seeks information that is subject to any

28   protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

FENWICK & WEST LLP
ATTORNEYS AT LAW

to any third party.  Twitch further objects to this request to the extent that it purports to require Twitch to disclose private or personally-identifiable information of its employees, customers, or users.  Twitch does not intend to provide such information without the consent of the relevant persons or a court order.

Twitch objects to the term "Accused Instrumentality" on the basis identified in the General Objections above and incorporates those bases herein.  Twitch will interpret "Accused Instrumentality" as Twitch.tv only.

Twitch objects to the term "Content-Based ETags" on the basis identified in the General Objections above and incorporates those bases herein.  Twitch will interpret "Content-Based ETags" to mean ETags calculated based on contents of a corresponding file.

Twitch objects to the terms "Cache-Busting" and "Fingerprint" on the basis identified in the General Objections above and incorporates those bases herein.  Twitch will interpret "Fingerprint" to mean a Ruby on Rails fingerprint or a similar value that is calculated via a hash algorithm and that renders the name of a file dependent on the contents of the file.

Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome, and unintelligible.  For example, Twitch objects to the undefined phrase "the importance of Cache-Busting" as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case, as it does not identify the item or feature with specificity.

Twitch objects to this request as overbroad and irrelevant because it is not limited to a particular time period and/or geographic area relevant to the case.  Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome, and unintelligible in that it seeks "[a]ll Documents identifying Your web server(s)" without connection to any accused functionality in the case.  Twitch objects to this request as unreasonably duplicative and/or redundant of Request Nos. 9, 14, 17-18, 43, 45, and 78.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch will produce non-privileged, non-protected documents sufficient to show any value of caching to Twitch.tv during the time period of September 14, 2012 to December 26, 2016 for the United States, to the extent such documents exist in Twitch's possession, custody, or control

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    and can be identified upon a reasonable search, and have not yet been produced.

2         Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

3    amend, or modify its response to this request as additional facts are learned and as otherwise

4    appropriate.

5    **REQUEST FOR PRODUCTION NO. 98:**

6         All Documents regarding any comparison You made between Cache-Busting by using

7    Content-Based ETags or Fingerprints, as compared to other forms of Cache-Busting.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

9         Twitch incorporates by reference its General Objections as if fully set forth herein.  Twitch

10   objects to this request to the extent it seeks information protected by the attorney-client privilege,

11   attorney work-product doctrine, joint defense privilege, common interest exception, duty of

12   confidentiality, or any other applicable privilege, immunity, doctrine or protection.  Twitch objects

13   to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

14   or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

15   applicable order of the Court.

16        Twitch objects to this request to the extent it seeks information that is subject to any

17   protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

18   to any third party.  Twitch further objects to this request to the extent that it purports to require

19   Twitch to disclose private or personally-identifiable information of its employees, customers, or

20   users.  Twitch does not intend to provide such information without the consent of the relevant

21   persons or a court order.

22        Twitch objects to the term "Accused Instrumentality" on the basis identified in the General

23   Objections above and incorporates those bases herein.   Twitch will interpret "Accused

24   Instrumentality" as Twitch.tv only.

25         Twitch objects to this request as overbroad, unduly burdensome, vague, ambiguous,

26   exceeding the boundaries of discoverable information, failing to describe the information sought

27   with the required reasonable particularity, not proportional to the needs of the case, and/or seeking

28   information that is not relevant to any claim or defense in this action to the extent that it seeks

FENWICK & WEST LLP
ATTORNEYS AT LAW

1   information about the aspects of the accused technology not specifically accused in PersonalWeb's

2   Infringement Contentions.

3       Twitch objects to the term "Content-Based ETags" on the basis identified in the General

4   Objections above and incorporates those bases herein.   Twitch will interpret "Content-Based

5   ETags" to mean ETags calculated based on contents of a corresponding file.

6       Twitch objects to the terms "Cache-Busting" and "Fingerprint" on the basis identified in

7   the General Objections above and incorporates those bases herein.   Twitch will interpret

8   "Fingerprint" to mean a Ruby on Rails fingerprint or a similar value that is calculated via a hash

9   algorithm and that renders the name of a file dependent on the contents of the file.

10      Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome,

11  and unintelligible.  For example, Twitch objects to the undefined phrase "between Cache-Busting

12  by using Content-Based ETags or Fingerprints, as compared to other forms of Cache-Busting" as

13  vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the

14  case, as it does not identify the item or feature with specificity.

15      Twitch objects to this request as overbroad and irrelevant because it is not limited to a

16  particular time period and/or geographic area relevant to the case.  Twitch objects to this request as

17  vague and ambiguous, overly broad, unduly burdensome, and unintelligible in that it seeks "[a]ll

18  Documents identifying Your web server(s)" without connection to any accused functionality in the

19  case.  Twitch objects to this request as unreasonably duplicative and/or redundant of Request Nos.

20  9, 14, 17-18, 43, 45, 78, and 97.

21      Subject to and without waiving any objections, Twitch responds as follows:

22      Twitch will produce non-privileged, non-protected documents sufficient to show any value

23  of caching to Twitch.tv during the time period of September 14, 2012 to December 26, 2016 for

24  the United States, to the extent such documents exist in Twitch's possession, custody, or control

25  and can be identified upon a reasonable search, and have not yet been produced.

26      Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

27  amend, or modify its response to this request as additional facts are learned and as otherwise

28  appropriate.

FENWICK & WEST LLP
ATTORNEYS AT LAW

**REQUEST FOR PRODUCTION NO. 99:**

All Documents regarding the history or evolution of Cache-Busting in connection with web serving and the Internet, and/or the importance of Cache-Busting in the development of the Internet.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch objects to this request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects to this request to the extent it seeks to impose upon Twitch obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any applicable order of the Court.

Twitch objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party. Twitch further objects to this request to the extent that it purports to require Twitch to disclose private or personally-identifiable information of its employees, customers, or users. Twitch does not intend to provide such information without the consent of the relevant persons or a court order.

Twitch objects to this request to the extent it seeks information equally available to PersonalWeb in the public domain. Twitch objects to this request to the extent it seeks information not in Twitch's possession, custody or control.

Twitch objects to this request as overbroad, unduly burdensome, vague, ambiguous, exceeding the boundaries of discoverable information, failing to describe the information sought with the required reasonable particularity, not proportional to the needs of the case, and/or seeking information that is not relevant to any claim or defense in this action to the extent that it seeks information about the aspects of the accused technology not specifically accused in PersonalWeb's Infringement Contentions.

Twitch objects to the term "Cache-Busting" on the basis identified in the General Objections above and incorporates those bases herein.

FENWICK & WEST LLP
ATTORNEYS AT LAW

1  Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome,

2  and unintelligible in that it seeks "[a]ll Documents regarding the history or evolution of Cache-

3  Busting" without connection to any accused functionality in the case. Twitch objects to this request

4  as unreasonably duplicative and/or redundant of Request Nos. 9, 14, and 17-18.

5  **REQUEST FOR PRODUCTION NO. 100:**

6  All Documents comparing Cache-Busting using content-based identifiers with Content-

7  Based ETags or Fingerprints to other forms of Cache-Busting, including the advantages of Cache-

8  Busting using content-based identifiers with ETags or Fingerprints.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

10  Twitch incorporates by reference its General Objections as if fully set forth herein.  Twitch

11  objects to this request to the extent it seeks information protected by the attorney-client privilege,

12  attorney work-product doctrine, joint defense privilege, common interest exception, duty of

13  confidentiality, or any other applicable privilege, immunity, doctrine or protection.  Twitch objects

14  to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

15  or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

16  applicable order of the Court.

17  Twitch objects to this request to the extent it seeks information that is subject to any

18  protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

19  to any third party.  Twitch further objects to this request to the extent that it purports to require

20  Twitch to disclose private or personally-identifiable information of its employees, customers, or

21  users.  Twitch does not intend to provide such information without the consent of the relevant

22  persons or a court order.

23  Twitch objects to this request to the extent it seeks information equally available to

24  PersonalWeb in the public domain.  Twitch objects to this request to the extent it seeks information

25  not in Twitch's possession, custody or control.

26  Twitch objects to this request as overbroad, unduly burdensome, vague, ambiguous,

27  exceeding the boundaries of discoverable information, failing to describe the information sought

28  with the required reasonable particularity, not proportional to the needs of the case, and/or seeking

FENWICK & WEST LLP
ATTORNEYS AT LAW

information that is not relevant to any claim or defense in this action to the extent that it seeks information about the aspects of the accused technology not specifically accused in PersonalWeb's Infringement Contentions.

Twitch objects to the term "Content-Based ETags" on the basis identified in the General Objections above and incorporates those bases herein. Twitch will interpret "Content-Based ETags" to mean ETags calculated based on contents of a corresponding file.

Twitch objects to the terms "Cache-Busting" and "Fingerprint" on the basis identified in the General Objections above and incorporates those bases herein. Twitch will interpret "Fingerprint" to mean a Ruby on Rails fingerprint or a similar value that is calculated via a hash algorithm and that renders the name of a file dependent on the contents of the file.

Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome, and unintelligible. For example, Twitch objects to the undefined phrases "content-based identifiers" and "advantages of Cache-Busting using content-based identifiers" as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case, as they do not identify the items or features with specificity.

Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome, and unintelligible in that it seeks "[a]ll Documents comparing Cache-Busting using content-based identifiers with Content-Based ETags or Fingerprints to other forms of Cache-Busting." Twitch objects to this request as unreasonably duplicative and/or redundant of Request Nos. 9, 14, 17-18, and 98.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch will produce non-privileged, non-protected documents sufficient to show any value of caching to Twitch.tv during the time period of September 14, 2012 to December 26, 2016 for the United States, to the extent such documents exist in Twitch's possession, custody, or control and can be identified upon a reasonable search, and have not yet been produced.

Investigation and discovery are ongoing, and Twitch reserves the right to supplement, amend, or modify its response to this request as additional facts are learned and as otherwise appropriate.

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    **REQUEST FOR PRODUCTION NO. 101:**

2        All Documents regarding Your choice of Cache-Busting using content-based identifiers

3    with ETags or Fingerprints used with the Accused Instrumentality, instead of some other form of

4    Cache-Busting.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

6        Twitch incorporates by reference its General Objections as if fully set forth herein.  Twitch

7    objects to this request to the extent it seeks information protected by the attorney-client privilege,

8    attorney work-product doctrine, joint defense privilege, common interest exception, duty of

9    confidentiality, or any other applicable privilege, immunity, doctrine or protection.  Twitch objects

10   to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

11   or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

12   applicable order of the Court.

13       Twitch objects to this request to the extent it seeks information that is subject to any

14   protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

15   to any third party.  Twitch further objects to this request to the extent that it purports to require

16   Twitch to disclose private or personally-identifiable information of its employees, customers, or

17   users.  Twitch does not intend to provide such information without the consent of the relevant

18   persons or a court order.

19       Twitch objects to the term "Accused Instrumentality" on the basis identified in the General

20   Objections above and incorporates those bases herein.   Twitch will interpret "Accused

21   Instrumentality" as Twitch.tv only.

22        Twitch objects to this request as overbroad, unduly burdensome, vague, ambiguous,

23   exceeding the boundaries of discoverable information, failing to describe the information sought

24   with the required reasonable particularity, not proportional to the needs of the case, and/or seeking

25   information that is not relevant to any claim or defense in this action to the extent that it seeks

26   information about the aspects of the accused technology not specifically accused in PersonalWeb's

27   Infringement Contentions.

28       Twitch objects to the term "ETags" on the basis identified in the General Objections above

Fenwick & West LLP
Attorneys at Law

Twitch's Responses and Objections to
Third Set of Requests for Production                30                    Case No. 5:18-md-02834-BLF
Case No. 5:18-cv-05619-BLF

1   and incorporates those bases herein.  Twitch will interpret "ETags" to mean ETags calculated based

2   on contents of a corresponding file.

3       Twitch objects to the terms "Cache-Busting" and "Fingerprint" on the basis identified in

4   the General Objections above and incorporates those bases herein.   Twitch will interpret

5   "Fingerprint" to mean a Ruby on Rails fingerprint or a similar value that is calculated via a hash

6   algorithm and that renders the name of a file dependent on the contents of the file.

7       Twitch objects to the undefined phrase "form of Cache-Busting" as vague and ambiguous,

8   overly broad, unduly burdensome, and not proportional to the needs of the case, as it does not

9   identify the item or feature with specificity.

10       Twitch objects to this request as overbroad and irrelevant because it is not limited to a

11   particular time period and/or geographic area relevant to the case.  Twitch objects to this request as

12   vague and ambiguous, overly broad, unduly burdensome, and unintelligible in that it seeks "[a]ll

13   Documents regarding Your choice of Cache-Busting using content-based identifiers." Twitch objects

14   to this request as unreasonably duplicative and/or redundant of Request Nos. 9, 14, 17-18, 43, 45,

15   78, and 97.

16       Subject to and without waiving any objections, Twitch responds as follows:

17       Twitch will produce non-privileged, non-protected documents sufficient to show any value

18   of caching to Twitch.tv during the time period of September 14, 2012 to December 26, 2016 for

19   the United States, to the extent such documents exist in Twitch's possession, custody, or control

20   and can be identified upon a reasonable search, and have not yet been produced.

21       Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

22   amend, or modify its response to this request as additional facts are learned and as otherwise

23   appropriate.

24   **REQUEST FOR PRODUCTION NO. 102:**

25       All Documents regarding the ease or difficulty of switching from Cache-Busting using

26   content-based identifiers with ETags or Fingerprints, to some other form of Cache-Busting.

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

28       Twitch incorporates by reference its General Objections as if fully set forth herein.  Twitch

FENWICK & WEST LLP
ATTORNEYS AT LAW

TWITCH'S RESPONSES AND OBJECTIONS TO
THIRD SET OF REQUESTS FOR PRODUCTION

31

CASE NO. 5:18-md-02834-BLF
CASE NO. 5:18-cv-05619-BLF

objects to this request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection.  Twitch objects to this request to the extent it seeks to impose upon Twitch obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any applicable order of the Court.

Twitch objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party.  Twitch further objects to this request to the extent that it purports to require Twitch to disclose private or personally-identifiable information of its employees, customers, or users.  Twitch does not intend to provide such information without the consent of the relevant persons or a court order.

Twitch objects to this request to the extent it seeks information equally available to PersonalWeb in the public domain.  Twitch objects to this request to the extent it seeks information not in Twitch's possession, custody or control.

Twitch objects to the term "ETags" on the basis identified in the General Objections above and incorporates those bases herein.  Twitch will interpret "ETags" to mean ETags calculated based on contents of a corresponding file.

Twitch objects to the terms "Cache-Busting" and "Fingerprint" on the basis identified in the General Objections above and incorporates those bases herein.  Twitch will interpret "Fingerprint" to mean a Ruby on Rails fingerprint or a similar value that is calculated via a hash algorithm and that renders the name of a file dependent on the contents of the file.

Twitch further objects to this request as prematurely seeking expert testimony before the time called for by the Local Rules and the Court's case schedule.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch will produce non-privileged, non-protected documents sufficient to show any value of caching to Twitch.tv during the time period of September 14, 2012 to December 26, 2016 for the United States, to the extent such documents exist in Twitch's possession, custody, or control

FENWICK & WEST LLP
ATTORNEYS AT LAW

TWITCH'S RESPONSES AND OBJECTIONS TO
THIRD SET OF REQUESTS FOR PRODUCTION

32

CASE NO. 5:18-md-02834-BLF
CASE NO. 5:18-cv-05619-BLF

1   and can be identified upon a reasonable search, and have not yet been produced.

2       Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

3   amend, or modify its response to this request as additional facts are learned and as otherwise

4   appropriate.

5   **REQUEST FOR PRODUCTION NO. 103:**

6       All Documents regarding the costs associated with switching from Cache-Busting using

7   content-based identifiers with ETags or Fingerprints, to some other form of Cache-Busting.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

9       Twitch incorporates by reference its General Objections as if fully set forth herein.  Twitch

10  objects to this request to the extent it seeks information protected by the attorney-client privilege,

11  attorney work-product doctrine, joint defense privilege, common interest exception, duty of

12  confidentiality, or any other applicable privilege, immunity, doctrine or protection.  Twitch objects

13  to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

14  or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

15  applicable order of the Court.

16      Twitch objects to this request to the extent it seeks information that is subject to any

17  protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

18  to any third party.  Twitch further objects to this request to the extent that it purports to require

19  Twitch to disclose private or personally-identifiable information of its employees, customers, or

20  users.  Twitch does not intend to provide such information without the consent of the relevant

21  persons or a court order.

22      Twitch objects to this request to the extent it seeks information equally available to

23  PersonalWeb in the public domain.  Twitch objects to this request to the extent it seeks information

24  not in Twitch's possession, custody or control.

25      Twitch objects to this request as overbroad, unduly burdensome, vague, ambiguous,

26  exceeding the boundaries of discoverable information, failing to describe the information sought

27  with the required reasonable particularity, not proportional to the needs of the case, and/or seeking

28  information that is not relevant to any claim or defense in this action to the extent that it seeks

FENWICK & WEST LLP
ATTORNEYS AT LAW

1   information about the aspects of the accused technology not specifically accused in PersonalWeb's

2   Infringement Contentions.

3       Twitch objects to the term "ETags" on the basis identified in the General Objections above

4   and incorporates those bases herein.  Twitch will interpret "ETags" to mean ETags calculated based

5   on contents of a corresponding file.

6       Twitch objects to the terms "Cache-Busting" and "Fingerprint" on the basis identified in

7   the General Objections above and incorporates those bases herein.  Twitch will interpret

8   "Fingerprint" to mean a Ruby on Rails fingerprint or a similar value that is calculated via a hash

9   algorithm and that renders the name of a file dependent on the contents of the file.

10      Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome,

11  and unintelligible.  For example, Twitch objects to the undefined phrase "costs associated with

12  switching from Cache-Busting using content-based identifiers with Content-Based ETags or

13  Fingerprints" as vague and ambiguous, overly broad, unduly burdensome, and not proportional to

14  the needs of the case, as it does not identify the item or feature with specificity.

15      Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome,

16  and unintelligible in that it seeks "[a]ll Documents regarding the costs associated with switching from

17  Cache-Busting using content-based identifiers."  Twitch objects to this request as unreasonably

18  duplicative and/or redundant of Request Nos. 9, 14, 17-18, 98, and 100.

19      Twitch further objects to this request as prematurely seeking expert testimony before the

20  time called for by the Local Rules and the Court's case schedule.

21      Subject to and without waiving any objections, Twitch responds as follows:

22      Twitch will produce non-privileged, non-protected documents sufficient to show any value

23  of caching to Twitch.tv during the time period of September 14, 2012 to December 26, 2016 for

24  the United States, to the extent such documents exist in Twitch's possession, custody, or control

25  and can be identified upon a reasonable search, and have not yet been produced.

26      Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

27  amend, or modify its response to this request as additional facts are learned and as otherwise

28  appropriate.

FENWICK & WEST LLP
ATTORNEYS AT LAW

**REQUEST FOR PRODUCTION NO. 104:**

All Documents showing the relative cost of Cache-Busting using content-based identifiers with ETags or Fingerprints, as compared to other forms of Cache-Busting.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

Twitch incorporates by reference its General Objections as if fully set forth herein.  Twitch objects to this request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection.  Twitch objects to this request to the extent it seeks to impose upon Twitch obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any applicable order of the Court.

Twitch objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party.  Twitch further objects to this request to the extent that it purports to require Twitch to disclose private or personally-identifiable information of its employees, customers, or users.  Twitch does not intend to provide such information without the consent of the relevant persons or a court order.

Twitch objects to this request to the extent it seeks information equally available to PersonalWeb in the public domain.  Twitch objects to this request to the extent it seeks information not in Twitch's possession, custody or control.

Twitch objects to this request as overbroad, unduly burdensome, vague, ambiguous, exceeding the boundaries of discoverable information, failing to describe the information sought with the required reasonable particularity, not proportional to the needs of the case, and/or seeking information that is not relevant to any claim or defense in this action to the extent that it seeks information about the aspects of the accused technology not specifically accused in PersonalWeb's Infringement Contentions.

Twitch objects to the term "ETags" on the basis identified in the General Objections above and incorporates those bases herein.  Twitch will interpret "ETags" to mean ETags calculated based

FENWICK & WEST LLP
ATTORNEYS AT LAW

on contents of a corresponding file.

Twitch objects to the terms "Cache-Busting" and "Fingerprint" on the basis identified in the General Objections above and incorporates those bases herein. Twitch will interpret "Fingerprint" to mean a Ruby on Rails fingerprint or a similar value that is calculated via a hash algorithm and that renders the name of a file dependent on the contents of the file.

Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome, and unintelligible. For example, Twitch objects to the undefined phrase "relative cost of Cache-Busting using content-based identifiers" as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case, as it does not identify the item or feature with specificity.

Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome, and unintelligible in that it seeks "[a]ll Documents showing the relative cost of Cache-Busting using content-based identifiers." Twitch objects to this request as unreasonably duplicative and/or redundant of Request Nos. 9, 14, 17-18, 98, 100, and 103.

Twitch further objects to this request as prematurely seeking expert testimony before the time called for by the Local Rules and the Court's case schedule.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch will produce non-privileged, non-protected documents sufficient to show any value of caching to Twitch.tv during the time period of September 14, 2012 to December 26, 2016 for the United States, to the extent such documents exist in Twitch's possession, custody, or control and can be identified upon a reasonable search, and have not yet been produced.

Investigation and discovery are ongoing, and Twitch reserves the right to supplement, amend, or modify its response to this request as additional facts are learned and as otherwise appropriate.

**REQUEST FOR PRODUCTION NO. 105:**

All Documents showing whether forms of Cache-Busting other than using content-based identifiers with ETags or Fingerprints, can be used with online advertising.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

FENWICK & WEST LLP
ATTORNEYS AT LAW

TWITCH'S RESPONSES AND OBJECTIONS TO
THIRD SET OF REQUESTS FOR PRODUCTION

36

CASE NO. 5:18-md-02834-BLF
CASE NO. 5:18-cv-05619-BLF

1    Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch

2    objects to this request to the extent it seeks information protected by the attorney-client privilege,

3    attorney work-product doctrine, joint defense privilege, common interest exception, duty of

4    confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects

5    to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

6    or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

7    applicable order of the Court.

8    Twitch objects to this request to the extent it seeks information that is subject to any

9    protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

10   to any third party. Twitch further objects to this request to the extent that it purports to require

11   Twitch to disclose private or personally-identifiable information of its employees, customers, or

12   users. Twitch does not intend to provide such information without the consent of the relevant

13   persons or a court order.

14   Twitch objects to this request to the extent it seeks information equally available to

15   PersonalWeb in the public domain. Twitch objects to this request to the extent it seeks information

16   not in Twitch's possession, custody or control.

17   Twitch objects to this request as overbroad, unduly burdensome, vague, ambiguous,

18   exceeding the boundaries of discoverable information, failing to describe the information sought

19   with the required reasonable particularity, not proportional to the needs of the case, and/or seeking

20   information that is not relevant to any claim or defense in this action to the extent that it seeks

21   information about the aspects of the accused technology not specifically accused in PersonalWeb's

22   Infringement Contentions.

23   Twitch objects to the term "ETags" on the basis identified in the General Objections above

24   and incorporates those bases herein. Twitch will interpret "ETags" to mean ETags calculated based

25   on contents of a corresponding file.

26   Twitch objects to the terms "Cache-Busting" and "Fingerprint" on the basis identified in

27   the General Objections above and incorporates those bases herein. Twitch will interpret

28   "Fingerprint" to mean a Ruby on Rails fingerprint or a similar value that is calculated via a hash

FENWICK & WEST LLP
ATTORNEYS AT LAW

1   algorithm and that renders the name of a file dependent on the contents of the file.

2      Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome,

3   and unintelligible.  For example, Twitch objects to the undefined phrases "forms of Cache-Busting

4   other than using content-based identifiers with ETags or Fingerprints" and "online advertising" as

5   vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the

6   case, as they do not identify the items or features with specificity.

7      Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome,

8   and unintelligible in that it seeks "[a]ll Documents showing whether forms of Cache-Busting other

9   than using content-based identifiers with ETags or Fingerprints, can be used with online advertising"

10  without connection to any accused functionality in the case.  Twitch objects to this request as

11  unreasonably duplicative and/or redundant of Request Nos. 9, 14, 17-18, 98, 100, 103 and 104.

12     Twitch further objects to this request as prematurely seeking expert testimony before the

13  time called for by the Local Rules and the Court's case schedule.

14     Subject to and without waiving any objections, Twitch responds as follows:

15     Twitch will produce non-privileged, non-protected documents sufficient to show any value

16  of caching to Twitch.tv during the time period of September 14, 2012 to December 26, 2016 for

17  the United States, to the extent such documents exist in Twitch's possession, custody, or control

18  and can be identified upon a reasonable search, and have not yet been produced.

19     Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

20  amend, or modify its response to this request as additional facts are learned and as otherwise

21  appropriate.

22  **REQUEST FOR PRODUCTION NO. 106:**

23     All Documents showing the manner in which the Accused Instrumentality employs Cache-

24  Busting.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

26     Twitch incorporates by reference its General Objections as if fully set forth herein.  Twitch

27  objects to this request to the extent it seeks information protected by the attorney-client privilege,

28  attorney work-product doctrine, joint defense privilege, common interest exception, duty of

confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects to this request to the extent it seeks to impose upon Twitch obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any applicable order of the Court.

Twitch objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party. Twitch further objects to this request to the extent that it purports to require Twitch to disclose private or personally-identifiable information of its employees, customers, or users. Twitch does not intend to provide such information without the consent of the relevant persons or a court order.

Twitch objects to this request to the extent it seeks information equally available to PersonalWeb in the public domain. Twitch objects to this request to the extent it seeks information not in Twitch's possession, custody or control.

Twitch objects to the term "Accused Instrumentality" on the basis identified in the General Objections above and incorporates those bases herein. Twitch will interpret "Accused Instrumentality" as Twitch.tv only.

Twitch objects to the term "Cache-Busting" on the basis identified in the General Objections above and incorporates those bases herein.

Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome, and unintelligible. For example, Twitch objects to the undefined phrase "employs Cache-Busting" as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case, as it does not identify the item or feature with specificity.

Twitch objects to this request as overbroad and irrelevant because it is not limited to a particular time period and/or geographic area relevant to the case. Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome, and unintelligible in that it seeks "[a]ll Documents showing the manner in which the Accused Instrumentality employs Cache-Busting" without connection to any accused functionality in the case. Twitch objects to this request as unreasonably duplicative and/or redundant of Request Nos. 9, 14, 17-18, 43, 45, 78, and 97.

1   Twitch further objects to this request as prematurely seeking expert testimony before the

2   time called for by the Local Rules and the Court's case schedule.

3   Subject to and without waiving any objections, Twitch responds as follows:

4   Twitch will produce non-privileged, non-protected documents sufficient to show the

5   technical design, operation, and functionality of the accused features of Twitch.tv during the time

6   period of September 14, 2012 to December 26, 2016 for the United States, to the extent such

7   documents existed in Twitch's possession, custody, or control and can be identified upon a

8   reasonable search.

9   Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

10   amend, or modify its response to this request as additional facts are learned and as otherwise

11   appropriate.

12   **REQUEST FOR PRODUCTION NO. 107:**

13   All Documents that compare Your revenues with the revenues of Microsoft Azure.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

15   Twitch incorporates by reference its General Objections as if fully set forth herein.  Twitch

16   objects to this request to the extent it seeks information protected by the attorney-client privilege,

17   attorney work-product doctrine, joint defense privilege, common interest exception, duty of

18   confidentiality, or any other applicable privilege, immunity, doctrine or protection.  Twitch objects

19   to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

20   or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

21   applicable order of the Court.

22   Twitch objects to this request to the extent it seeks information that is subject to any

23   protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

24   to any third party.  Twitch further objects to this request to the extent that it purports to require

25   Twitch to disclose private or personally-identifiable information of its employees, customers, or

26   users.  Twitch does not intend to provide such information without the consent of the relevant

27   persons or a court order.

28   Twitch objects to this request to the extent it seeks information not in Twitch's possession,

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    custody or control.

2          Twitch objects to this request as overbroad, nonsensical unduly burdensome, vague,

3    ambiguous, exceeding the boundaries of discoverable information, failing to describe the

4    information sought with the required reasonable particularity, not proportional to the needs of the

5    case, and/or seeking information that is not relevant to any claim or defense in this action to the

6    extent that it seeks information regarding comparisons with a cloud services provider, which Twitch

7    and Twitch.tv do not provide.

8          Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome,

9    and unintelligible.  For example, Twitch objects to the undefined phrase "Microsoft Azure" as

10   vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the

11   case, as it does not identify the item or feature with specificity.

12         Twitch objects to this request as overbroad and irrelevant because it is not limited to a

13   particular time period and/or geographic area relevant to the case.  Twitch objects to this request as

14   vague and ambiguous, overly broad, unduly burdensome, and unintelligible in that it seeks "[a]ll

15   Documents that compare Your revenues with the revenues of Microsoft Azure" without connection

16   to any accused functionality in the case.

17   **REQUEST FOR PRODUCTION NO. 108:**

18         All Documents regarding the success of Your Accused Instrumentality because it involves

19   Cache-Busting using content-based identifiers with Content-Based ETags or Fingerprints.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

21         Twitch incorporates by reference its General Objections as if fully set forth herein.  Twitch

22   objects to this request to the extent it seeks information protected by the attorney-client privilege,

23   attorney work-product doctrine, joint defense privilege, common interest exception, duty of

24   confidentiality, or any other applicable privilege, immunity, doctrine or protection.  Twitch objects

25   to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

26   or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

27   applicable order of the Court.

28         Twitch objects to this request to the extent it seeks information that is subject to any

FENWICK & WEST LLP
ATTORNEYS AT LAW

protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party.  Twitch further objects to this request to the extent that it purports to require Twitch to disclose private or personally-identifiable information of its employees, customers, or users.  Twitch does not intend to provide such information without the consent of the relevant persons or a court order.

Twitch objects to the term "Content-Based ETags" on the basis identified in the General Objections above and incorporates those bases herein.  Twitch will interpret "Content-Based ETags" to mean ETags calculated based on contents of a corresponding file.

Twitch objects to the terms "Cache-Busting" and "Fingerprint" on the basis identified in the General Objections above and incorporates those bases herein.  Twitch will interpret "Fingerprint" to mean a Ruby on Rails fingerprint or a similar value that is calculated via a hash algorithm and that renders the name of a file dependent on the contents of the file.

Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome, and unintelligible.  For example, Twitch objects to the undefined phrase "involves Cache-Busting using content-based identifiers with ETags or Fingerprints" as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case, as it does not identify the item or feature with specificity.

Twitch objects to this request as overbroad and irrelevant because it is not limited to a particular time period and/or geographic area relevant to the case.  Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome, and unintelligible in that it seeks "[a]ll Documents regarding the success of Your Accused Instrumentality because it involves Cache-Busting." Twitch objects to this request as unreasonably duplicative and/or redundant of Request Nos. 9, 14, 17-18, 43, 45, 78, and 97.

Twitch further objects to this request as prematurely seeking expert testimony before the time called for by the Local Rules and the Court's case schedule.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch will produce non-privileged, non-protected documents sufficient to show any value of caching to Twitch.tv during the time period of September 14, 2012 to December 26, 2016 for

FENWICK & WEST LLP
ATTORNEYS AT LAW

the United States, to the extent such documents exist in Twitch's possession, custody, or control and can be identified upon a reasonable search, and have not yet been produced.

Investigation and discovery are ongoing, and Twitch reserves the right to supplement, amend, or modify its response to this request as additional facts are learned and as otherwise appropriate.

**REQUEST FOR PRODUCTION NO. 109:**

All Documents regarding alternative forms of Cache-Busting other than Cache-Busting using content-based identifiers with Content-Based ETags or Fingerprints.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

Twitch incorporates by reference its General Objections as if fully set forth herein. Twitch objects to this request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Twitch objects to this request to the extent it seeks to impose upon Twitch obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any applicable order of the Court.

Twitch objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party. Twitch further objects to this request to the extent that it purports to require Twitch to disclose private or personally-identifiable information of its employees, customers, or users. Twitch does not intend to provide such information without the consent of the relevant persons or a court order.

Twitch objects to this request to the extent it seeks information equally available to PersonalWeb in the public domain. Twitch objects to this request to the extent it seeks information not in Twitch's possession, custody or control.

Twitch objects to this request as overbroad, unduly burdensome, vague, ambiguous, exceeding the boundaries of discoverable information, failing to describe the information sought with the required reasonable particularity, not proportional to the needs of the case, and/or seeking

FENWICK & WEST LLP
ATTORNEYS AT LAW

information that is not relevant to any claim or defense in this action to the extent that it seeks information about the aspects of the accused technology not specifically accused in PersonalWeb's Infringement Contentions.

Twitch objects to the term "Content-Based ETags" on the basis identified in the General Objections above and incorporates those bases herein. Twitch will interpret "Content-Based ETags" to mean ETags calculated based on contents of a corresponding file.

Twitch objects to the terms "Cache-Busting" and "Fingerprint" on the basis identified in the General Objections above and incorporates those bases herein. Twitch will interpret "Fingerprint" to mean a Ruby on Rails fingerprint or a similar value that is calculated via a hash algorithm and that renders the name of a file dependent on the contents of the file.

Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome, and unintelligible. For example, Twitch objects to the undefined phrase "alternative forms of Cache-Busting other than Cache-Busting using content-based identifiers with ETags or Fingerprints" as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case, as it does not identify the item or feature with specificity.

Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome, and unintelligible in that it seeks "[a]ll Documents regarding alternative forms of Cache-Busting other than Cache-Busting using content-based identifiers" without connection to any accused functionality in the case. Twitch objects to this request as unreasonably duplicative and/or redundant of Request Nos. 9, 14, 17-18, 98, 100, 103, and 104.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch has already agreed to produce non-privileged, non-protected documents sufficient to show the value of caching to Twitch.tv during the time period of September 14, 2012 to December 26, 2016 for the United States in response to Request for Production Nos. 9, 14, 17-18, 98, 100, 103, and 104.

Investigation and discovery are ongoing, and Twitch reserves the right to supplement, amend, or modify its response to this request as additional facts are learned and as otherwise appropriate.

FENWICK & WEST LLP
ATTORNEYS AT LAW

TWITCH'S RESPONSES AND OBJECTIONS TO
THIRD SET OF REQUESTS FOR PRODUCTION

44

CASE NO. 5:18-md-02834-BLF
CASE NO. 5:18-cv-05619-BLF

1   **REQUEST FOR PRODUCTION NO. 110:**

2       All Documents showing Your use of Cache-Busting using content-based identifiers with

3   Content-Based ETags or Fingerprints on the home page of Your website.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

5       Twitch incorporates by reference its General Objections as if fully set forth herein.  Twitch

6   objects to this request to the extent it seeks information protected by the attorney-client privilege,

7   attorney work-product doctrine, joint defense privilege, common interest exception, duty of

8   confidentiality, or any other applicable privilege, immunity, doctrine or protection.  Twitch objects

9   to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

10  or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

11  applicable order of the Court.

12      Twitch objects to this request to the extent it seeks information that is subject to any

13  protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

14  to any third party.  Twitch further objects to this request to the extent that it purports to require

15  Twitch to disclose private or personally-identifiable information of its employees, customers, or

16  users.  Twitch does not intend to provide such information without the consent of the relevant

17  persons or a court order.

18      Twitch objects to this request to the extent it seeks information equally available to

19  PersonalWeb in the public domain.

20      Twitch objects to this request as overbroad, unduly burdensome, vague, ambiguous,

21  exceeding the boundaries of discoverable information, failing to describe the information sought

22  with the required reasonable particularity, not proportional to the needs of the case, and/or seeking

23  information that is not relevant to any claim or defense in this action to the extent that it seeks

24  information about the aspects of the accused technology not specifically accused in PersonalWeb's

25  Infringement Contentions.

26      Twitch objects to the term Your on the bases identified in the General Objections above and

27  incorporates those bases herein.  Twitch will interpret this term to refer to Twitch Interactive, Inc.

28  only.

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    Twitch objects to the term "Content-Based ETags" on the basis identified in the General

2  Objections above and incorporates those bases herein.  Twitch will interpret "Content-Based

3  ETags" to mean ETags calculated based on contents of a corresponding file.

4    Twitch objects to the terms "Cache-Busting" and "Fingerprint" on the basis identified in

5  the General Objections above and incorporates those bases herein.  Twitch will interpret

6  "Fingerprint" to mean a Ruby on Rails fingerprint or a similar value that is calculated via a hash

7  algorithm and that renders the name of a file dependent on the contents of the file.

8    Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome,

9  and unintelligible.  For example, Twitch objects to the undefined phrases "use of Cache-Busting

10  using content-based identifiers with Content-Based ETags or Fingerprints" and "Your website" as

11  vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the

12  case, as they do not identify the items or features with specificity.

13    Twitch objects to this request as overbroad and irrelevant because it is not limited to a

14  particular time period and/or geographic area relevant to the case.  Twitch objects to this request as

15  vague and ambiguous, overly broad, unduly burdensome, and unintelligible in that it seeks "[a]ll

16  Documents showing Your use of Cache-Busting using content-based identifiers with Content-

17  Based ETags or Fingerprints on the home page of Your website" without connection to any accused

18  functionality in the case.  Twitch objects to this request as unreasonably duplicative and/or

19  redundant of Request Nos. 9, 14, 17-18, 43, 45, 78, 97, and 108.

20    Subject to and without waiving any objections, Twitch responds as follows:

21    Twitch will produce non-privileged, non-protected documents sufficient to show the costs

22  and benefits of using a Ruby on Rails fingerprint or a similar value that is calculated via a hash

23  algorithm and that renders the name of a file dependent on the contents of the file or ETags

24  calculated based on contents of a corresponding file during the time period of September 14, 2012

25  to December 26, 2016 for the United States, to the extent such documents exist in Twitch's

26  possession, custody, or control and can be identified upon a reasonable search, and have not already

27  been produced in response to prior requests.

28    Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    amend, or modify its response to this request as additional facts are learned and as otherwise

2    appropriate.

3    **REQUEST FOR PRODUCTION NO. 111:**

4        All Documents showing Your use of Cache-Busting using content-based identifiers with

5    Content-Based ETags or Fingerprints in connection with streaming video on Your website.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

7        Twitch incorporates by reference its General Objections as if fully set forth herein.  Twitch

8    objects to this request to the extent it seeks information protected by the attorney-client privilege,

9    attorney work-product doctrine, joint defense privilege, common interest exception, duty of

10   confidentiality, or any other applicable privilege, immunity, doctrine or protection.  Twitch objects

11   to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

12   or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

13   applicable order of the Court.

14       Twitch objects to this request to the extent it seeks information that is subject to any

15   protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

16   to any third party.  Twitch further objects to this request to the extent that it purports to require

17   Twitch to disclose private or personally-identifiable information of its employees, customers, or

18   users.  Twitch does not intend to provide such information without the consent of the relevant

19   persons or a court order.

20       Twitch objects to this request to the extent it seeks information equally available to

21   PersonalWeb in the public domain.

22       Twitch objects to this request as overbroad, unduly burdensome, vague, ambiguous,

23   exceeding the boundaries of discoverable information, failing to describe the information sought

24   with the required reasonable particularity, not proportional to the needs of the case, and/or seeking

25   information that is not relevant to any claim or defense in this action to the extent that it seeks

26   information about the aspects of the accused technology not specifically accused in PersonalWeb's

27   Infringement Contentions.

28       Twitch objects to the term Your on the bases identified in the General Objections above and

FENWICK & WEST LLP
ATTORNEYS AT LAW

incorporates those bases herein.  Twitch will interpret this term to refer to Twitch Interactive, Inc. only.

Twitch objects to the term "Content-Based ETags" on the basis identified in the General Objections above and incorporates those bases herein.  Twitch will interpret "Content-Based ETags" to mean ETags calculated based on contents of a corresponding file.

Twitch objects to the terms "Cache-Busting" and "Fingerprint" on the basis identified in the General Objections above and incorporates those bases herein.  Twitch will interpret "Fingerprint" to mean a Ruby on Rails fingerprint or a similar value that is calculated via a hash algorithm and that renders the name of a file dependent on the contents of the file.

Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome, and unintelligible.  For example, Twitch objects to the undefined phrases "the use by AWS of Cache-Busting using content-based identifiers with ETags or Fingerprints" and "Your website" as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case, as they do not identify the items or features with specificity.

Twitch objects to this request as overbroad and irrelevant because it is not limited to a particular time period and/or geographic area relevant to the case.  Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome, and unintelligible in that it seeks "[a]ll Documents showing Your use of Cache-Busting using content-based identifiers with Content-Based ETags or Fingerprints on the home page of Your website" without connection to any accused functionality in the case.  Twitch objects to this request as unreasonably duplicative and/or redundant of Request Nos. 9, 14, 17-18, 43, 45, 78, 97, 108 and 110.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch will produce non-privileged, non-protected documents sufficient to show the costs and benefits of using a Ruby on Rails fingerprint or a similar value that is calculated via a hash algorithm and that renders the name of a file dependent on the contents of the file or ETags calculated based on contents of a corresponding file during the time period of September 14, 2012 to December 26, 2016 for the United States, to the extent such documents exist in Twitch's possession, custody, or control and can be identified upon a reasonable search, and have not already

FENWICK & WEST LLP
ATTORNEYS AT LAW

1   been produced in response to prior requests.

2          Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

3   amend, or modify its response to this request as additional facts are learned and as otherwise

4   appropriate.

5   **REQUEST FOR PRODUCTION NO. 112:**

6          All Documents showing Your costs and the amount of money You spent on bandwidth to

7   serve content during the Relevant Time Period.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

9          Twitch incorporates by reference its General Objections as if fully set forth herein.  Twitch

10  objects to this request to the extent it seeks information protected by the attorney-client privilege,

11  attorney work-product doctrine, joint defense privilege, common interest exception, duty of

12  confidentiality, or any other applicable privilege, immunity, doctrine or protection.  Twitch objects

13  to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

14  or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

15  applicable order of the Court.

16         Twitch objects to this request to the extent it seeks information that is subject to any

17  protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

18  to any third party.  Twitch further objects to this request to the extent that it purports to require

19  Twitch to disclose private or personally-identifiable information of its employees, customers, or

20  users.  Twitch does not intend to provide such information without the consent of the relevant

21  persons or a court order.

22          Twitch objects to this request as it seeks information that is neither relevant to any claim

23  or defense in this action nor proportional to the needs of the case.  "All Documents showing Your

24  costs and the amount of money You spent on bandwidth to serve content" is not limited to the

25  accused technology and thus is not relevant to any claims or defenses in this dispute.

26         Twitch objects to the terms Your and You on the bases identified in the General Objections

27  above and incorporates those bases herein.  Twitch will interpret these terms to refer to Twitch

28  Interactive, Inc. only.

FENWICK & WEST LLP
ATTORNEYS AT LAW

1   Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome,

2   and unintelligible.  For example, Twitch objects to the undefined phrases "bandwidth" and "serve

3   content" as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the

4   needs of the case, as they do not identify the items or features with specificity.

5   Twitch objects to this request as overbroad and irrelevant because it is not limited to a

6   particular geographic area relevant to the case.  Twitch objects to this request as vague and

7   ambiguous, overly broad, unduly burdensome, and unintelligible in that it seeks "[a]ll Documents

8   showing Your costs and the amount of money You spent on bandwidth to serve content" without

9   connection to any accused functionality in the case.

10   Subject to and without waiving any objections, Twitch responds as follows:

11   Twitch has already produced non-privileged, non-protected documents sufficient to show

12   Twitch's revenue, costs, and pricing for Twitch.tv during the time period of September 14, 2012 to

13   December 26, 2016 for the United States.

14   Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

15   amend, or modify its response to this request as additional facts are learned and as otherwise

16   appropriate.

17   **REQUEST FOR PRODUCTION NO. 113:**

18   All Documents showing Your options to acquire bandwidth to serve content from Your

19   website during the Relevant Time Period, including documents identifying those options and costs

20   associated therewith.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

22   Twitch incorporates by reference its General Objections as if fully set forth herein.  Twitch

23   objects to this request to the extent it seeks information protected by the attorney-client privilege,

24   attorney work-product doctrine, joint defense privilege, common interest exception, duty of

25   confidentiality, or any other applicable privilege, immunity, doctrine or protection.  Twitch objects

26   to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

27   or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

28   applicable order of the Court.

FENWICK & WEST LLP
ATTORNEYS AT LAW

Twitch objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party.  Twitch further objects to this request to the extent that it purports to require Twitch to disclose private or personally-identifiable information of its employees, customers, or users.  Twitch does not intend to provide such information without the consent of the relevant persons or a court order.

Twitch objects to this request as it seeks information that is neither relevant to any claim or defense in this action nor proportional to the needs of the case.  "All Documents showing Your options to acquire bandwidth to serve content from Your website" is not limited to the accused technology and this is not relevant to any claims or defenses in this dispute.

Twitch objects to the terms Your and You on the bases identified in the General Objections above and incorporates those bases herein.  Twitch will interpret these terms to refer to Twitch Interactive, Inc. only.

Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome, and unintelligible.  For example, Twitch objects to the undefined phrases "acquire bandwidth," "serve content," and "Your website" as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case, as they do not identify the items or features with specificity.

Twitch objects to this request as overbroad and irrelevant because it is not limited to a particular geographic area relevant to the case.  Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome, and unintelligible in that it seeks "[a]ll Documents showing Your options to acquire bandwidth to serve content from Your website" without connection to any accused functionality in the case.

Subject to and without waiving any objections, Twitch responds as follows:

Twitch has already produced non-privileged, non-protected documents sufficient to show the cost of operation of the www.twitch.tv website during the time period of September 14, 2012 to December 26, 2016 for the United States, to the extent such documents exist in Twitch's possession, custody, or control and can be identified upon a reasonable search.

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

2   amend, or modify its response to this request as additional facts are learned and as otherwise

3   appropriate.

4   **REQUEST FOR PRODUCTION NO. 114:**

5    All Documents regarding the data structure that stored URIs in Your Accused

6   Instrumentality during the Relevant Time Period.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

8    Twitch incorporates by reference its General Objections as if fully set forth herein.  Twitch

9   objects to this request to the extent it seeks information protected by the attorney-client privilege,

10  attorney work-product doctrine, joint defense privilege, common interest exception, duty of

11  confidentiality, or any other applicable privilege, immunity, doctrine or protection.  Twitch objects

12  to this request to the extent it seeks to impose upon Twitch obligations broader than, different from,

13  or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any

14  applicable order of the Court.

15   Twitch objects to this request to the extent it seeks information that is subject to any

16  protective order, privacy interest, contractual obligation, or other confidentiality obligation owed

17  to any third party.  Twitch further objects to this request to the extent that it purports to require

18  Twitch to disclose private or personally-identifiable information of its employees, customers, or

19  users.  Twitch does not intend to provide such information without the consent of the relevant

20  persons or a court order.

21   Twitch objects to this request to the extent it seeks information equally available to

22  PersonalWeb in the public domain.

23   Twitch objects to the term "Accused Instrumentality" on the basis identified in the

24  General Objections above and incorporates those bases herein.  Twitch will interpret "Accused

25  Instrumentality" as Twitch.tv only.

26   Twitch objects to this request as overbroad, unduly burdensome, vague, ambiguous,

27  exceeding the boundaries of discoverable information, failing to describe the information sought

28  with the required reasonable particularity, not proportional to the needs of the case, and/or seeking

FENWICK & WEST LLP
ATTORNEYS AT LAW

1   information that is not relevant to any claim or defense in this action to the extent that it seeks

2   information about the aspects of the accused technology not specifically accused in PersonalWeb's

3   Infringement Contentions.

4       Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome,

5   and unintelligible.  For example, Twitch objects to the undefined phrase "data structure" as vague

6   and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case, as

7   it does not identify the item or feature with specificity.

8       Twitch objects to this request as overbroad and irrelevant because it is not limited to a

9   particular geographic area relevant to the case.  Twitch objects to this request as vague and

10  ambiguous, overly broad, unduly burdensome, and unintelligible in that it seeks "[a]ll Documents

11  regarding the data structure that stored URIs in Your Accused Instrumentality" without connection to

12  any accused functionality in the case.

13      Subject to and without waiving any objections, Twitch responds as follows:

14      Twitch has already made available for inspection, pursuant to the terms of the protective

15  order, source code reflecting the operation of the accused Twitch.tv website available in the United

16  States, including the revisions to that code that existed between September 14, 2012 through

17  December 26, 2016.

18      Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

19  amend, or modify its response to this request as additional facts are learned and as otherwise

20  appropriate.

21  **REQUEST FOR PRODUCTION NO. 115:**

22      All Documents regarding the transmission of HTTP 200 or HTTP 304 messages in response

23  to HTTP Conditional GET Requests by Your Accused Instrumentality during the Relevant Time

24  Period, including server logs showing the date or time stamping of the same.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

26      Twitch incorporates by reference its General Objections as if fully set forth herein.  Twitch

27  objects to this request to the extent it seeks information protected by the attorney-client privilege,

28  attorney work-product doctrine, joint defense privilege, common interest exception, duty of

FENWICK & WEST LLP
ATTORNEYS AT LAW

confidentiality, or any other applicable privilege, immunity, doctrine or protection.  Twitch objects to this request to the extent it seeks to impose upon Twitch obligations broader than, different from, or in addition to those obligations imposed by the Federal Rules, the Local Rules, case law, or any applicable order of the Court.

Twitch objects to this request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party.  Twitch further objects to this request to the extent that it purports to require Twitch to disclose private or personally-identifiable information of its employees, customers, or users.  Twitch does not intend to provide such information without the consent of the relevant persons or a court order.

Twitch objects to the term "Accused Instrumentality" on the basis identified in the General Objections above and incorporates those bases herein.  Twitch will interpret "Accused Instrumentality" as Twitch.tv only.

Twitch objects to this request because it is grossly overbroad and is not relevant to any issue in this case.  For example, the request on its face seeks information relating to web servers that Twitch relies on, including their location, even if servers are not directly related to provision of the specific Twitch.tv services and features accused in this litigation.  Twitch's use of web server networks, without specific limitations to Twitch.tv, is not relevant to this case.

Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome, and unintelligible.  For example, Twitch objects to the undefined phrase "server logs" as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case, as it does not identify the item or feature with specificity.

Twitch objects to this request as overbroad and irrelevant because it is not limited to a particular geographic area relevant to the case.  Twitch objects to this request as vague and ambiguous, overly broad, unduly burdensome, and unintelligible in that it seeks "[a]ll Documents regarding the data structure that stored URIs in Your Accused Instrumentality" without connection to any accused functionality in the case.

Subject to and without waiving any objections, Twitch responds as follows:

FENWICK & WEST LLP
ATTORNEYS AT LAW

1      Twitch will produce non-privileged, non-protected documents sufficient to show the

2 processing of HTTP 200 or HTTP 304 messages supported by Twitch.tv during the time period of

3 September 14, 2012 to December 26, 2016 for the United States, to the extent such documents exist

4 in Twitch's possession, custody, or control, can be identified upon a reasonable search, and have

5 not yet been produced.

6      Investigation and discovery are ongoing, and Twitch reserves the right to supplement,

7 amend, or modify its response to this request as additional facts are learned and as otherwise

8 appropriate.

9

10                         Respectfully submitted,

11 Dated:   July 31, 2019             FENWICK & WEST LLP

12

13                    By: */s/ Saina Shamilov*
                           J. David Hadden (CSB No. 176148)

14                        Saina S. Shamilov (CSB No. 215636)
                        Todd R. Gregorian (CSB No. 236096)

15                        Ravi R. Ranganath (CSB No. 272981)
                        Shannon E. Turner (CSB No. 310121)

16                        Chieh Tung (CSB No. 318963)

17

18                    Counsel for
                    TWITCH INTERACTIVE, INC.

19

20

21

22

23

24

25

26

27

28

1

## **<u>CERTIFICATE OF SERVICE</u>**

2

The undersigned declares as follows:

3

I am a citizen of the United States and employed in Santa Clara County, State of

4

California.  I am over the age of eighteen years and not a party to the within-entitled action.  My

5

business address is Fenwick & West LLP, 801 California Street, Mountain View, CA 94041.  On

6

the date set forth below, I served a copy of the following document(s):

7
8

**RESPONSES AND OBJECTIONS OF TWITCH INTERACTIVE, INC.
TO PERSONALWEB TECHNOLOGIES, LLC'S THIRD SET OF
REQUESTS FOR PRODUCTION (NOS. 84–115)**

9
10

on the interested parties in the subject action by placing a true copy thereof as indicated below,

addressed as follows:

11
12
13
14
15
16
17
18
19

Michael A. Sherman
Jeffrey F. Gersh
Sandeep Seth
Wesley W. Monroe
Stanley H. Thompson, Jr.
Viviana Boero Hedrick
STUBBS, ALDERTON & MARKLES, LLP
15260 Ventura Blvd., 20th Floor
Sherman Oaks, CA  91403
Email:   masherman@stubbsalderton.com
             jgersh@stubbsalderton.com
             sseth@stubbsalderton.com
             wmonroe@stubbsalderton.com
             sthompson@stubbsalderton.com
             vhedrick@stubbsalderton.com

Jose L. Patino
Christopher C. Bolten
FOLEY & LARDNER LLP
3579 Valley Center Drive, Suite 300
San Diego, CA  92130
Email:   jpatino@foley.com
             cbolten@foley.com

20
21
22

Theodore Stephen Maceiko
MACEIKO IP
420 2nd Street
Manhattan Beach, CA  90266
Email:   ted@maceikoip.com

23
24
25

☐     **BY US MAIL:**  by placing the document(s) listed above in a sealed envelope for collection and mailing following our ordinary business practices.  I am readily familiar with our ordinary business practices for collecting and processing mail for the United States Postal Service, and mail that I place for collection and processing is regularly deposited with the United States Postal Service that same day with postage prepaid.

26
27
28

FENWICK & WEST LLP
ATTORNEYS AT LAW

1

☐    **BY OVERNIGHT COURIER:**  by placing the document(s) listed above in a sealed envelope with a prepaid shipping label for express delivery and causing such envelope to be transmitted to an overnight delivery service for delivery by the next business day in the ordinary course of business.

2

3

☐    **BY FACSIMILE:**  by causing to be transmitted via facsimile the document(s) listed above to the addressee(s) at the facsimile number(s) set forth above.

4

☑    **BY E-MAIL:**  by causing to be transmitted via e-mail the document(s) listed above to the addressee(s) at the e-mail address(es) listed above.

5

☐    **BY PERSONAL DELIVERY:**  by causing to be personally delivered the document(s) listed above to the addressee(s) at the address(es) set forth above.

6

7

8

     I declare under penalty of perjury under the laws of the State of California and the United

9

States that the above is true and correct.

10

Date: July 31, 2019

11

12

                      */s/ Crystal Nwaneri*
                      Crystal Nwaneri

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Fenwick & West LLP
Attorneys at Law

Twitch's Responses and Objections to
Third Set of Requests for Production      57      Case No. 5:18-md-02834-BLF
Case No. 5:18-cv-05619-BLF