UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PERSONALWEB TECHNOLOGIES, LLC ET AL. PATENT LITIGATION. | Case No. 18-md-02834-BLF<br><br>Case No. 5:18-cv-00767-BLF<br><br>Case No. 5:18-cv-05619-BLF |
| AMAZON.COM, INC. and AMAZON WEB SERVICES, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>PERSONALWEB TECHNOLOGIES, LLC and LEVEL 3 COMMUNICATIONS, LLC,<br><br>Defendants. | **ORDER ON (1) MOTION OF AMAZON.COM, INC., AMAZON WEB SERVICES, INC., AND TWITCH INTERACTIVE, INC. TO COMPEL COMPLIANCE WITH COURT ORDER AND (2) JOINT DISCOVERY LETTER BRIEF RE DISCOVERY IN AID OF EXECUTION OF JUDGMENT**<br><br>Re: Dkt. Nos. 687, 689 |
| PERSONALWEB TECHNOLOGIES, LLC and LEVEL 3 COMMUNICATIONS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>TWITCH INTERACTIVE, INC.,<br><br>Defendant. | |

Before the Court are: (1) the motion of Amazon.com, Inc., Amazon Web Services, Inc., and Twitch Interactive, Inc. (collectively, "Amazon") seeking to compel compliance with Judge Freeman's April 27, 2021 order requiring PersonalWeb Technologies, LLC to furnish information in connection with Amazon's attempt to enforce the judgment entered by the Court and requesting

leave to file a motion for sanctions (Dkt. 687 – the "Motion"); and (2) the Parties' joint discovery letter brief regarding PersonalWeb's failure to respond to interrogatories and requests for production served by Amazon in connection with enforcement of the judgment (Dkt. 689 – the "Letter Brief"). The Motion was referred to the undersigned by Judge Freeman. Dkt. 690. The Court held a hearing on the Motion and the Letter Brief on July 20, 2021. Todd Gregorian appeared as counsel on behalf of Amazon; Jeffrey Gersh and Michael Sherman appeared as counsel of record for PersonalWeb.

Having carefully reviewed the Motion, the Letter Brief, the case file, and relevant legal authorities, the Court finds that PersonalWeb has waived its objections to post-judgment discovery served by Amazon and **ORDERS** that within 10 days of the date of this order, PersonalWeb must comply with the April 27, 2021 Order, respond fully and without objection to Amazon's interrogatories and requests for production, and produce all requested documents.

## I. RELEVANT BACKGROUND

On October 28, 2020, the Court entered judgment against PersonalWeb. Dkt. 643. Following entry of judgment, the Court issued an order awarding Amazon attorney fees and costs for work pre-dating February 2020. Dkt. 648. The Court later awarded Amazon additional attorney fees and costs for expenses incurred between February 2020 and February 2021. Dkt. 656.[1]

On April 19, 2021, after both attorney fees awards were issued, Amazon served interrogatories and requests for production seeking information about PersonalWeb's assets in aid of enforcement of the judgment against PersonalWeb. Dkt. 661-1 ¶ 3. In the same timeframe, Amazon's counsel made informal requests asking PersonalWeb's counsel to identify bank and financial accounts for enforcement purposes. *Id.* On April 26, 2021, Amazon filed an *ex parte* application for an order requiring PersonalWeb to appear for a judgment debtor's examination. Dkt. 661-662.

On April 27, Judge Freeman issued an order on Amazon's *ex parte* application, which

---

[1] The Court has indicated an intention to enter an amended judgment that incorporates the attorney fees and costs award along with the terms of the original judgment. Dkt. 702.

stated as follows:

- PersonalWeb shall appear for a debtor's examination before this Court, located at 280 South 1st Street, San Jose, CA 95113 at the time and date specified in the Order to Appear for Examination;
- PersonalWeb shall provide Amazon bank or financial accounts within PersonalWeb's possession, including current balances, by May 7, 2021; and
- PersonalWeb shall produce documents responsive to Amazon's First Set of Requests for Production of Documents Pursuant to FRCP 69 and CCP § 708.030 no later than 30 days from the date of this Order.

Dkt. 664 (the "April 27 Order"). On the same date, Judge Freeman signed and issued an order on California Judicial Council Form AT-138/EJ-125 requiring PersonalWeb to appear for a judgment debtor's examination. Dkt. 665 (the "Form Order").

On May 13, 2021, Judge Freeman held a Case Management Conference ("CMC"). Among the topics discussed at the CMC were whether PersonalWeb could be compelled to appear for a judgment debtor's examination in this District and whether the post-judgment written discovery had been properly served. Dkt. 686 (CMC Transcript) at 15-16, 18-19. Judge Freeman indicated that the post-judgment written discovery issues should be raised with the undersigned Magistrate Judge. *Id.* at 19. Following the Case Management Conference, Judge Freeman issued an order vacating the Form Order requiring a judgment debtor's examination at Dkt. 665. Dkt.675.

On May 21, 2021, Amazon filed the Motion now before the Court, which seeks to compel compliance with the April 27 Order and which Judge Freeman referred to the undersigned. Dkt. 687, 690. Specifically, the Motion seeks to compel PersonalWeb to provide the bank or financial account information informally requested by Amazon, which Judge Freeman ordered to be provided in the April 27 Order. Dkt. 687-1. The Motion also asks for leave to file a motion for sanctions. *Id.* PersonalWeb did not file an opposition to the Motion by the deadline or at any time thereafter. *See* Dkt. 692. On June 1, 2021, the Parties jointly filed the Letter Brief, in which Amazon asks the Court to compel PersonalWeb to respond to the interrogatories and document requests served on April 19, 2021. Dkt. 689; 689-3.

Beginning on or around April 22, 2021, attorneys at the law firm that represented PersonalWeb in this case, Stubbs Alderton & Markiles ("SAM"), informed Amazon that they do not represent PersonalWeb in post-judgment proceedings in this case. *See* Dkt. 659-1. According to SAM, PersonalWeb is represented in post-judgment proceedings by attorney Ronald Richards. *See* Dkt. 689 at 3. On June 25, 2021, Judge Freeman conditionally granted SAM's motion to withdraw, stating that "SAM may withdraw upon notice of appearance by Ronald Richards, PersonalWeb's counsel for post-judgment matters." Dkt. 694. Mr. Richards has not filed an appearance in this case, nor did he participate in the hearing. Accordingly, SAM remains counsel of record for PersonalWeb.

## II. DISCUSSION

### A. Motion

As discussed above, the April 27 Order requires PersonalWeb to (1) appear for a judgment debtor's exam; (2) provide financial and bank account information; and (3) produce documents responsive to Amazon's requests for production. Although Judge Freeman subsequently vacated the Form Order for a judgment debtor's examination, she did not vacate the portions of the April 27 Order that required PersonalWeb to provide information about its bank and financial accounts and to produce documents responsive to Amazon's requests for production. PersonalWeb has not opposed the motion to compel it to comply with those portions of the April 27 Order. Accordingly, the Court **GRANTS** Amazon's motion to compel PersonalWeb to comply with the April 27 Order.

### B. Letter Brief

In the Letter Brief, Amazon asks the Court to compel PersonalWeb to respond and produce documents in response to interrogatories and requests for production served on April 19, 2021. Dkt. 689. In its portion of the Letter Brief, SAM and PersonalWeb offer several reasons why PersonalWeb should not be compelled to respond to Amazon's written discovery.[2]

---

[2] Although SAM states in a portion of the Letter Brief entitled "SAM's Position" that it has been "discharged by its client PersonalWeb for purposes of handling post judgment collection proceedings," it also includes a section in the Letter Brief entitled "PersonalWeb's Position," stating that "SAM has been requested to inform the Court on behalf of PersonalWeb" of certain

4

1  First, SAM challenges the method by which the discovery was served—specifically, service of the discovery on SAM. SAM argues that Amazon's discovery was "improperly served based on California law which requires personal service of such discovery on the judgment debtor." Dkt. 689 at 3 (citing Cal. Code Civ. Proc. § 684.020 and *Taghizadeh v. Azadi*, 2003 WL 504121, at *5 (Cal. Ct. App. Feb. 26, 2003)). SAM's argument regarding the method of service ignores Federal Rule of Civil Procedure 69, which provides that, "[i]n aid of the judgment or execution, the judgment creditor … may obtain discovery from any person—including the judgment debtor—as provided in these rules *or* by the procedure of the state where the court is located." Fed. R. Civ. Proc. 69(a)(2) (emphasis added). Accordingly, Amazon was not required to comply with California's personal service rules; it could alternatively serve discovery as provided in the Federal Rules.

In the Letter Brief, Amazon states that it "served the document requests on SAM through ECF in compliance with Rule 5(b)(1)." Dkt. 689 at 2. The meaning of this statement is unclear; neither the document requests nor interrogatories were filed on ECF so PersonalWeb did not receive service of them by that mechanism. In any event, the certificates of service on the interrogatories and requests for production indicate they were served by email on SAM. Dkt. 689-1 and 689-2. Rule 5(b)(2)(E) states that service can be effected by "sending [a paper] by other electronic means that the person consented to in writing." Neither PersonalWeb nor SAM dispute that PersonalWeb gave consent to receive service electronically, and in fact SAM admits that it received the discovery requests and states that it sent them to PersonalWeb and Mr. Richards the same day SAM received it. Dkt. 689 at 4. Amazon states that it also served the discovery on Mr. Richards by certified mail and on PersonalWeb's registered agent by personal delivery. Dkt. 673 at 1; Dkt. 668; Dkt. 670. Therefore, the Court concludes that service of the discovery was proper.

Second, SAM argues that it does not represent PersonalWeb on post-judgment matters, apparently in another effort to prove that service of the written discovery on SAM was ineffective. Dkt. 689 at 4. However, "[c]ounsel may not withdraw from an action until relieved by order of

---

matters. Dkt. 689 at 3, 5.

5

1  Court after written notice has been given reasonably in advance to the client and to all other
2  parties who have appeared in the case." Civil Local Rule 11-5(a).  Here, SAM's motion to
3  withdraw was granted on the condition that Mr. Richards make an appearance in this action on
4  behalf of PersonalWeb, which he has not done.  Moreover, this order conditionally granting the
5  motion to withdraw was not entered until after the discovery at issue was served on SAM.
6  Accordingly, Amazon properly served the written discovery on PersonalWeb by sending it to
7  SAM on April 19, 2021.  *See* Fed. R. Civ. Proc. 5(a)(1)(C) (requiring service of discovery papers
8  on every party); Fed. R. Civ. Proc. 5(b)(1) ("If a party is represented by an attorney, service under
9  this rule must be made on the attorney unless the court orders service on the party."); *see also*
10 *Wordtech Sys., Inc. v. Integrated Network Solutions, Inc.*, No. CIV S-04-1971 MCE EFB, 2009
11 WL 3126409, at *2 (E.D. Cal. Sep. 24, 2009) ("Because [the attorney who was served with post-
12 judgment discovery] was attorney of record for [the judgment debtor] at the time the discovery
13 was served on him, such service was proper and effective as to the defendant.").  This outcome is
14 consistent with the principle that the record of representation must be clear for the benefit of both
15 the Court and the litigants, and "[a] party represented by counsel includes a party who has counsel
16 of record whether or not that counsel was in fact authorized to act for the party." *Wordtech*, 2009
17 WL 3126409, at *2 (internal quotation marks and citations omitted).  Moreover, both Amazon and
18 SAM state that they sent the discovery to Mr. Richards. Dkt. 668; Dkt. 673 at 1; Dkt. 689 at 4.

19  Third, PersonalWeb argues that "at the time of the service of the document demand at
20 issue, the case was already dismissed and closed" and thus "[t]he proper enforcement mechanisms
21 against an out of state judgment debtor are controlled by California law." Dkt. 689 at 5.
22 PersonalWeb offers no citation to legal authority for this proposition, which in any event is
23 without merit.  Rule 69(a)(2) expressly contemplates post-judgment discovery proceedings.
24 Moreover, "[a]fter entering a judgment, a district court retains ancillary jurisdiction to ensure the
25 judgment's execution." *First Tech. Capital, Inc. v. Airborne, Inc.*, 380 F. Supp. 3d 217, 220
26 (W.D.N.Y. 2019) (citations omitted).  "Put simply, the fact that a case has been closed or
27 terminated is not an obstacle to postjudgment discovery." *Id.* (internal quotation marks and
28 citation omitted).

1   Accordingly, the Court finds that the interrogatories and requests for production were
2   properly served on PersonalWeb. PersonalWeb failed to respond by the deadline and therefore
3   has waived its objections. *See* Fed. R. Civ. Proc. 33(b)(4); *Richmark Corp. v. Timber Falling*
4   *Consultants,* 959 F.3d 1468, 1473 (9th Cir. 1992); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.
5   1981). The Court therefore **ORDERS** PersonalWeb to respond without objection to the
6   interrogatories and requests for production and to produce documents in response to the requests
7   for production.

### C. SANCTIONS

Amazon's request for sanctions is **DENIED WITHOUT PREJUDICE**. Amazon may file a motion for sanctions if PersonalWeb does not provide the information, documents, and discovery responses as required under this order.

### III. CONCLUSION

For the reasons discussed, the Court **ORDERS** that within 10 days of the date of this order, PersonalWeb must (1) provide the bank and financial account information and documents required under the April 27 Order,(2) respond without objection to the interrogatories and requests for production served on April 19, 2021, and (3) produce all documents requested in the requests for production.

**SO ORDERED.**

Dated: July 20, 2021

_____
SUSAN VAN KEULEN
United States Magistrate Judge