# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE PERSONAL WEB TECHNOLOGIES, LLC ET AL., PATENT LITIGATION | Case No. 18-md-02834-BLF |
| AMAZON.COM, INC. and AMAZON WEB SERVICES, INC.,<br><br>Plaintiffs<br>v.<br><br>PERSONALWEB TECHNOLOGIES, LLC and LEVEL 3 COMMUNICATIONS, LLC,<br><br>Defendants. | **ORDER CONDITIONALLY GRANTING STUBBS ALDERTON & MARKILES, LLP'S MOTION TO WITHDRAW AS COUNSEL FOR PERSONALWEB TECHNOLOGIES, LLC**<br><br>Case No.: 5:18-cv-00767-BLF |
| PERSONALWEB TECHNOLOGIES, LLC and LEVEL 3 COMMUNICATIONS, LLC,<br><br>Plaintiffs<br>v.<br><br>TWITCH INTERACTIVE, INC.,<br><br>Defendant. | Case No.: 5:18-cv-05619-BLF |

Before the Court is Stubbs Alderton & Markiles, LLP's ("SAM") second motion to withdraw as counsel for PersonalWeb Technologies, LLC ("PersonalWeb") as to the post-judgment collection proceedings regarding PersonalWeb's patent infringement claims against Amazon.com, Inc.; Amazon Web Services, Inc.; and Twitch Interactive, Inc. (collectively, "Amazon"). *See* Motion, ECF No. 728.[1] In compliance with this Court's Order, ECF No. 752, Michael Weiss, as President

---

[1] All ECF numbers in this order pertain to *In re: PersonalWeb Techs., LLC*, No. 18–md–02834–BLF.

1   and Manager of PersonalWeb, appeared as a representative of PersonalWeb along with specially
2   appearing counsel Robert M. Charles, Jr. at the June 23, 2022 hearing on PersonalWeb's motion.
3   SAM previously filed a motion to withdraw, which the Court conditionally granted on June 25,
4   2021, holding that SAM could withdraw only if replacement counsel for PersonalWeb filed a notice
5   of appearance. *See* Order on First Motion to Withdraw, ECF No. 694. Since that order, no notice
6   of appearance for PersonalWeb's replacement counsel has been filed, so SAM remains as
7   PersonalWeb's counsel in this case. In its second motion to withdraw, SAM argues that
8   developments in the case since the Court's order on SAM's first motion to withdraw have put SAM
9   in danger of committing California ethical violations. *See* Motion, ECF No. 728; Reply,
10  ECF No. 748. Specifically, SAM points out that PersonalWeb has failed to comply with the Court's
11  discovery orders, creating potential conflict and competent representation issues on SAM's part.
12  *See* ECF Nos. 664, 704. Additionally, SAM points out that a Los Angeles County Superior Court
13  has issued a preliminary injunction in a PersonalWeb receivership action appointing a receiver (the
14  "Receiver") and enjoining PersonalWeb from interfering with the Receiver's duties. *See* Kehr
15  Decl., ECF No. 728-1, Ex. E. SAM argues that it would breach the preliminary injunction if it
16  continued to represent PersonalWeb in this case. Amazon opposes SAM's motion and makes
17  several requests for affirmative relief against SAM. *See* Opposition, ECF No. 742.
18       Based on the below reasoning, the Court CONDITIONALLY GRANTS SAM's second
19  motion to withdraw. As with the Court's order conditionally granting SAM's first motion to
20  withdraw, SAM may withdraw (1) once PersonalWeb has filed a notice of appearance for
21  replacement counsel or (2) upon satisfactory explanation of the Receiver's refusal to authorize
22  substitute counsel and submission of effective contact information for the Receiver and
23  PersonalWeb. Additionally, as outlined at the June 23, 2022 hearing on SAM's motion to withdraw,
24  the Court DIRECTS SAM to make several requests of the Receiver, as outlined below. Also, the
25  Court STRIKES Amazon's requests for affirmative relief against SAM and STAYS further motion
26  practice before the Magistrate Judge handling post-judgment discovery.
27  **I.  BACKGROUND**
28       On July 27, 2021, the Court issued an Amended Judgment in favor of Amazon for

$5.4 million in attorneys' fees, costs, and post-judgment interest. *See* Amended Judgment, ECF No. 708. The Court's judgment followed a finding on summary judgment that Amazon did not infringe PersonalWeb's asserted patents. *See* Summary Judgment Order, ECF No. 578.

On May 25, 2021, SAM moved to withdraw as counsel for PersonalWeb, arguing that withdrawal was appropriate because PersonalWeb had discharged SAM as its counsel and retained replacement counsel to represent it in the post-judgment collection proceedings. *See* ECF No. 688. On June 25, 2021, the Court conditionally granted SAM's motion to withdraw, allowing SAM to withdraw only upon notice of appearance by replacement counsel. *See* Order, ECF No. 694 at 4. The Court found that unless replacement counsel filed a notice of appearance, SAM's withdrawal would unduly prejudice Amazon by thwarting Amazon's efforts to collect its judgment. *See id.*

In the year since the Court's June 25, 2021 Order, no notice of appearance for PersonalWeb's replacement counsel has been filed in this case. SAM now moves to withdraw as counsel for PersonalWeb for a second time. *See* Motion, ECF No. 728. SAM argues that based on factual developments since the Court's order conditionally granting SAM's first motion to withdraw, the prejudice to SAM if it is not allowed to withdraw outweighs any prejudice to Amazon from SAM's withdrawal. *See* Motion, ECF No. 728. Specifically, SAM argues that if it is not allowed to withdraw, then it risks violating provisions of the California Business & Professions Code and the California Rules of Professional Conduct. *See id.* Amazon opposes, arguing that SAM has not identified grounds warranting reconsideration of the Court's denial of SAM's previous withdrawal motion. *See* Opposition, ECF No. 742.

SAM points to two main developments since the Court's order conditionally granting SAM's first motion to withdraw. First, SAM points to a state court receivership action involving PersonalWeb. On April 27, 2021, creditors filed a receivership action in Los Angeles County Superior Court against PersonalWeb ("Receivership Action"). The Los Angeles County Superior Court issued a preliminary injunction appointing Robb Evans & Associates LLC (the "Receiver") as receiver on June 1, 2021. *See* Kehr Decl., ECF No. 728-1, Ex. E. The stipulation enjoined PersonalWeb and its representatives, *inter alia*, from "[d]oing any act or thing whatsoever to interfere with the Receiver taking control or possession of, or managing the property subject to this

3

1  receivership; or in any way to interfere with the Receiver; or to harass or interfere with the duties of
2  the Receiver; or to interfere in any manner with the exclusive jurisdiction of this Court over the
3  property and assets of Defendant PersonalWeb, or its subsidiaries or affiliates." *See id.* at 5. Further,
4  the stipulation enjoined PersonalWeb and its representatives from "[c]ommencing, prosecuting,
5  continuing, or entering into any suit or proceeding in the name or on behalf of Defendant
6  PersonalWeb, or any of their subsidiaries or affiliates, except for any pending enforcement actions
7  by Defendant PersonalWeb concerning it [sic] intellectual property claims[.]" *See id.* at 4.

8  Second, SAM points to PersonalWeb's failure to comply with the Court's April 27 and
9  July 20, 2021 discovery orders. *See* ECF Nos. 664, 704. SAM also points to Amazon's threats of
10 sanctions and contempt motions against SAM and PersonalWeb if PersonalWeb continues to fail to
11 comply with the Court's discovery orders. *See* Motion, ECF No. 728 at 7–8 (citing Gersh Decl.,
12 ECF No. 728-6 ¶ 6, Ex. J; Parker Decl., ECF No. 728-2 ¶¶ 3–4; Sherman Decl., ECF No. 728-3
13 ¶ 6).

## II.     LEGAL STANDARD

Under Civil Local Rule 11-5, counsel may not withdraw from an action until relieved by order of the Court after written notice has been provided, reasonably in advance, to the client and to all other parties who have appeared in the case. Civ. L.R. 11-5(a). A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court. *See* Civ. L.R. 3-9(b); *see also United States v. High Country Broad Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993).

"In this district, the conduct of counsel, including withdrawal of counsel, is governed by the standards of professional conduct required of members of the State Bar of California." *Optics Inc. v. Barracuda Networks Inc.*, No. 17–cv–04977–RS, 2020 WL 1815690, at *2 (N.D. Cal. Feb. 28, 2020) (citation omitted). Before withdrawing for any reason, however, an attorney must take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules." Cal. R. Prof. Conduct 3-700(A)(2).

The decision to permit counsel to withdraw is within the sound discretion of the trial court.

*United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). Courts consider several factors when deciding a motion for withdrawal, including: "(1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal might cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." *Deal v. Countrywide Home Loans*, No. 09-CV-01643-SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010) (citations omitted).

**III.     DISCUSSION**

   **A.     SAM's Motion to Withdraw**

SAM argues that withdrawal is warranted because if SAM continues to represent PersonalWeb in this action, SAM will violate the California Business & Professions Code and the California Rules of Professional Conduct. *See* Motion, ECF No. 728. First, SAM argues that California Business & Professions Code § 6103 precludes SAM from continuing to represent PersonalWeb because doing so would constitute "willful disobedience or violation" of the preliminary injunction in the Receivership Action. *See* Motion, ECF No. 728 at 5–6 (citing Kehr Decl., ECF No. 728-1, Ex. E). Second, SAM argues that California Rule of Professional Conduct 1.1 precludes SAM from representing PersonalWeb, because SAM cannot do so "with competence" because of PersonalWeb's lack of communication regarding the Court's outstanding discovery orders. *See id.* at 6 (citing ECF Nos. 664, 704). Third, SAM argues that it cannot continue to represent PersonalWeb under California Rule of Professional Conduct 1.7(b), because Amazon may file a contempt motion or motion for sanctions related to PersonalWeb's discovery obligations that could create a conflict between SAM and the uncooperative PersonalWeb. *See id.* at 7–8. Accordingly, SAM asserts that any prejudice to Amazon from SAM's withdrawal is outweighed by the prejudice to SAM in remaining as PersonalWeb's counsel. *See id.* at 8–9. SAM argues that courts have granted motions to withdraw even where they leave corporate parties unrepresented, leaving the party unrepresented and putting "extreme pressure" on it to find new counsel. *See* Reply, ECF No. 748 at 3–4 (citing *Thomas G. Ferruzzo, Inc. v. Sup. Ct.*, 104 Cal.App.3d 501, 504 (1980); *Gamet v. Blanchard*, 91 Cal.App.4th 1276, 1284 (2001)). In response, Amazon argues that SAM has not identified a material change to warrant reconsideration; any ethical violations result from

1  SAM improperly taking direction from PersonalWeb, rather than the Receiver; and allowing SAM
2  to withdraw would prejudice Amazon, just as the Court previously held.  *See* Opposition,
3  ECF No. 742 at 6–9.

4        The Court finds that SAM has failed to show that circumstances have changed sufficiently
5  to warrant modifying the Court's prior order conditionally granting SAM's motion to withdraw.
6  *See* Order on First Motion to Withdraw, ECF No. 694.  In that order, the Court found that "SAM's
7  withdrawal presents undue prejudice to [Amazon]," because "newly retained counsel has refused to
8  appear" and "[i]t appears that PersonalWeb is manipulating the situation by claiming that SAM is
9  not authorized to represent it in post-judgment proceedings while stalling on having its new attorney
10 file an appearance."  *See id.* at 3.  Accordingly, the Court granted SAM's motion to withdraw on the
11 condition that PersonalWeb filed a notice of appearance for replacement counsel.  *See id.* at 4.  A
12 year has passed, and PersonalWeb has still failed to file a notice of appearance for replacement
13 counsel.

14       SAM's arguments are insufficient to make the Court reconsider its prior order without
15 obtaining certain information from the Receiver.  As to SAM's arguments related to the California
16 Rules of Professional Conduct and PersonalWeb's discovery obligations, if counsel could move to
17 withdraw every time its client failed to meet its discovery obligations, the flood of unrepresented
18 parties would inundate the courts.  To minimize any prejudice to SAM while the Court works out
19 the issue of PersonalWeb's representation in this case, the Court hereby STAYS further motion
20 practice before the Magistrate Judge handling post-judgment discovery.

21       As to SAM's argument regarding the California Business & Professions Code § 6103 and
22 the preliminary injunction in the Receiver Action, the Court notes that the preliminary injunction in
23 the Receivership Action explicitly carves out PersonalWeb's intellectual property litigation.  *See*
24 Kehr Decl., ECF No. 728-1, Ex. E at 4.  However, the reach of that provision is unclear as is the
25 division of authority vested in the Receiver versus the authority retained by PersonalWeb to fulfill
26 its obligations in these post-judgment proceedings under the jurisdiction of the federal court.

27       It is not this Court's intention to force SAM to violate the state court preliminary injunction
28 or its ethical obligations.  But the Court has serious concerns that PersonalWeb is making a mockery

1  of these judicial proceedings. After all, it was PersonalWeb that invoked the jurisdiction of this
2  Court by filing over 60 patent infringement cases against various Amazon customers. PersonalWeb
3  lost all of those cases and is now left with a judgment against it for over $5 million. Performing a
4  possum act by playing dead before this Court is not acceptable conduct. Thus, before SAM may
5  withdraw from the case, the Court must receive communication from the Receiver on certain issues
6  that will advise the Court on the necessity of allowing PersonalWeb to proceed as an unrepresented
7  party or to order appearance of substitute counsel before SAM may withdraw.

To this end, the Court orders PersonalWeb to request that the Receiver provide written responses to the three questions set forth below to be transmitted by PersonalWeb to this Court.

### B. Amazon's Requests

In its Opposition, Amazon makes several requests. *See* Opposition, ECF No. 742 at 9–10. First, Amazon requests that the Court direct SAM to comply with certain post-judgment discovery orders. *See id.* Second, Amazon requests that the Court order the Receiver to appear and show cause why he has failed to cause PersonalWeb to comply with the Court's orders and why he has not retained substitute counsel in this action. *See id.* at 10. Third, Amazon requests that the Court retain jurisdiction over SAM regarding potential sanctions. *See id.*

The Court STRIKES Amazon's requests as improper attempts to seek affirmative relief in its Opposition. See *Finjan, Inc. v. Blue Coat Sys., Inc.*, No. 13–cv–03999–BLF, 2015 WL 3630000, at *13 n.8 (N.D. Cal. June 2, 2015). Moreover, this Court will not interfere with the judicial acts of the Magistrate Judge handling these issues.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**IV. ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. SAM's second motion to withdraw is CONDITIONALLY GRANTED. SAM may withdraw (1) upon notice of appearance by replacement counsel for PersonalWeb; or (2) upon receipt of the Receiver's responses to the inquiries listed in No. 2 and submission of effective contact information for PersonalWeb and its assurance that it will be responsive to these judicial proceedings. Satisfaction of No. 2 is not self-executing and will require express approval of the Court;

2. within seven days of this Order, PersonalWeb SHALL do the following:

   a. PersonalWeb SHALL provide a copy of this Order to the Receiver;

   b. PersonalWeb SHALL request in writing that the Receiver answer the following questions in writing within 30 days and submit those answers to this Court immediately upon receipt:

      i. Based on the ongoing proceedings before the Northern District of California in *In re PersonalWeb Technologies, LLC Patent Litigation*, No. 18–md–02834–BLF, will the Receiver retain counsel to appear in this federal court case?

      ii. If the Receiver is not willing to retain counsel for the Receiver, will the Receiver authorize PersonalWeb to do so and to reasonably compensate that attorney?

      iii. If the Receiver is not willing to retain counsel, or authorize PersonalWeb to do so, will the Receiver confirm that there are no restrictions under the receivership proceedings barring PersonalWeb from complying with orders issued by the federal court, appearing before the Court, and making statements binding on PersonalWeb?

   c. PersonalWeb SHALL transmit to the Receiver a copy of this Order within seven days and submit a cover letter requesting a written response within 30 days thereafter;

3. within 30 days of this Order, PersonalWeb SHALL file a status update with the Court indicating whether it has received a written response from the Receiver regarding the requests listed above;

4. if the Receiver chooses not to respond to PersonalWeb's requests listed above, the Court will communicate with the Los Angeles County Superior Court directly;

5. Amazon's requests for affirmative relief in its Opposition (ECF No. 742 at 9–10) are STRICKEN; and

6. Further motion practice before the Magistrate Judge handling post-judgment discovery is stayed for 45 days.

Dated:  June 24, 2022

BETH LABSON FREEMAN
United States District Judge